UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| CHESWELL, INC., <br>            Plaintiff <br> v. <br><br> JAMES F. KENNEY, SUSAN M. KENNEY, <br> MITCHELL R. DZWONKOWSKI, PAUL <br> COSMAN, JR., CHERYL COSMAN, <br> MARY ANN MITCHELL, <br> MARGARET C. LAMITIE, TRUSTEE OF <br> THE LAMITIE REVOCABLE TRUST, <br> J. F. KENNEY CORPORATION, <br>            Defendants | ) <br> ) <br> ) <br> )   VERIFIED COMPLAINT <br> )   (Jury Trial Demanded) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NATURE OF CLAIM,
## JURISDICTION, AND VENUE

1. This is an action for injunctive and other equitable relief and to recover damages and the costs of suit, including reasonable attorneys' fees, sustained by Cheswell, Inc., because of the conduct of James F. Kenney, Susan M. Kenney, and J. F. Kenney Corporation consisting of fraud, fraudulent transfer and violation of Massachusetts General Laws Chapter 93A in connection with fraudulent transfers. Mitchell Dzwonkowski, Paul Cosman, Jr., and Cheryl Cosman are transferees of Mr. and Mrs. Kenney in connection with transfers made to defraud, delay or hinder Cheswell in recovery of certain debts owed by Mr. Kenney or corporations controlled by him. Susan M. Kenney, Mary Ann Mitchell and Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust hold title to certain real estate purchased directly or indirectly by Mr. Kenney. Title is vested in Mrs. Kenney, Ms. Mitchell and Mrs. Lamitie to defeat, delay or defraud Cheswell, Inc. in the recovery of debts Mr. Kenney or his corporations owes it.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, and 15 U.S.C. § 1 et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Local Rule 40.1(D)(2).

## PARTIES

4. Cheswell is a corporation having its principal place of business at 283 Poocham Road, West Chesterfield, New Hampshire.

5. J. F. Kenney Corporation is a Massachusetts corporation with a principal place of business at 1269 Federal Street, Belchertown, Massachusetts.

6. James F. Kenney is a natural person who resides at 72 Oakridge Drive, Belchertown, Massachusetts.

7. On information and belief, Susan M. Kenney is a natural person who resides at 72 Oakridge Drive, Belchertown, Massachusetts and is the wife of James F. Kenney.

8. On information and belief, Mitchell R. Dzwonkowski is a natural person who resides at 825 East Pleasant Street, Amherst, Massachusetts.

9. On information and belief, Paul Cosman, Jr. is a natural person who resides at 30 Stoneybrook Road, North Grafton, Massachusetts.

10. On information and belief, Cheryl Cosman is a natural person who resides at 30 Stoneybrook Road, North Grafton, Massachusetts and is the wife of Paul Cosman, Jr.

11. On information and belief, Mary Ann Mitchell is a natural person who resides at 19 Andersen Road, Chicopee, Massachusetts.

12. On information and belief, Margaret C. Lamitie is the trustee of the Lamitie Revocable Trust and she resides at 1204 Mt. Elbert Drive, Leadville, Colorado.

## FACTS

### The Premier Action

13. Cheswell is a plaintiff in an action in this district known and styled as <u>Cheswell, Inc., et al. v. Premier Homes and Land Corporation, et al.</u>, Civil Action No. 02-30115-KPN (the "Premier Action"). The defendants in that matter include, among others, Mr. Kenney and Premier Homes and Land Corporation ("Premier").

14. Premier is a Massachusetts corporation that is owned and controlled by Mr. Kenney.

15. The claims in the Premier Action include the following claims:

   a. default under a promissory note that Premier gave Richard P. Harrington and James H. Loney that was subsequently assigned to Cheswell;

   b. breach of contract;

   c. fraud; and

   d. violation of Mass. Gen. Laws c. 93A.

16. The damages incurred by Cheswell as a result of the default by Premier under the promissory note are at least $71,000, exclusive of attorneys' fees.

17. The damages incurred by Cheswell as a result of the breach of contract by Premier are at least $25,000, exclusive of attorneys' fees.

18. In a companion case to the Premier Action, namely <u>Premier Homes and Land Corporation vs. Cheswell, Inc.</u>, Civil Action No. 02-30118-KPN, the court has entered judgment against Premier in the amount of $24,845.99 as a sanction for perpetrating a fraud on the court.

19. The court in the Premier Action has ordered Mr. Kenney to pay personally the sanction amount of $24,845.99.

20. Mr. Kenney has failed to pay the sanction amount as ordered by the court.

21. Since the commencement of the Premier Action, Mr. Kenney has been engaged in a systematic effort to transfer and conceal assets owned or controlled by himself or Premier or both so that they will be unavailable to satisfy the debt owed to Cheswell.

### The Federal Street Property

22. On October 29, 2002, in the Premier Action, Cheswell filed a motion for real estate attachment on all property owned by Premier in Hampshire County, Massachusetts. The matter was scheduled for a hearing on December 11, 2002, at 10:00 a.m.

23. Less than one hour before the hearing on the motion for real estate attachment in the Premier Action, Premier conveyed property it owned at 311 Warren Wright Road, Belchertown, Massachusetts to a third party.

24. Approximately forty five minutes later, at the same time that counsel for the parties were before the court on the abovementioned hearing, Mitchell R. Dzwonkowski conveyed property on the west side of Federal Street and the east side of Old Amherst Road, Belchertown, Massachusetts (the "Federal Street Property") to Susan M. Kenney. The stated purchase price was $200,000.

25. Mrs. Kenney immediately granted a mortgage back to Mr. Dzwonkowski in the amount of $180,000.

26. Prior to the transfer of the real estate to Mrs. Kenney, Mr. Kenney wrote to the Conservation Commission of the Town of Belchertown describing the Federal Street property as "[his] land."

4

27. On information and belief, the reason that title to the Federal Street Property was vested in Mrs. Kenney was to delay, defraud or hinder Cheswell with respect to the debts Premier and Mr. Kenney owe Cheswell.

### The Wilfin Road Property

28. On February 20, 2002, Margaret W. Kenney and Theresa A. Rousseau conveyed to Mr. and Mrs. Kenney as trustees of the J.W.K. Nominee Trust property located at 23 Wilfin Road, South Yarmouth, Massachusetts (the "Wilfin Road Property").

29. On April 26, 2002, Mr. and Mrs. Kenney, as trustees of the J.W.K. Nominee Trust conveyed the Wilfin Road Property to themselves as tenants by the entireties.

30. On January 17, 2003, Mr. and Mrs. Kenney jointly conveyed the Wilfin Road Property to Mrs. Kenney.

31. Two weeks later, on February 3, 2003, Mrs. Kenney conveyed the Wilfin Road Property to Paul Cosman, Jr. and Cheryl Cosman.

32. On information and belief, the reason that the Wilfin Road Property was conveyed first to Mrs. Kenney and then to Mr. and Mrs. Cosman was to delay, defraud or hinder Cheswell with respect to the debts Premier and Mr. Kenney owe Cheswell.

### The Filing of Bankruptcy

33. On March 6, 2003, Premier filed for protection under chapter 11 of the Bankruptcy Code. The automatic stay provided by the Bankruptcy Code prevents Cheswell from pursuing its claims against Premier in the Premier Action or bringing additional legal actions against Premier.

34. According to an affidavit filed with the United States Bankruptcy Court for the District of Massachusetts, Premier provided a retainer in the amount of $10,700 to bankruptcy counsel. The

5

affidavit also states that Mary Ann Mitchell loaned Mr. Kenney $8,200 for the retainer for bankruptcy counsel.

35. On information and belief, it does not appear that the assets of the Premier bankruptcy estate will be sufficient to compensate Cheswell for its damages.

### The State Street Property

36. On December 9, 2003, J. F. Kenney Corporation filed an Application for Approval of a Preliminary Plan of Subdivision for property located on State Street and Summit Street, Belchertown, Massachusetts (the "State Street Property").

37. On information and belief, J. F. Kenney Corporation is managed and controlled by Mr. Kenney. Mrs. Kenney is the president and treasurer of the corporation.

38. According to the records of the Town of Belchertown, the State Street Property consists of two parcels of land.

39. One parcel of the State Street Property, consisting of 33 acres of undeveloped land, is identified by the Belchertown assessors as being located on Assessors' Map 251, Parcel 70 and is owned by Mary Ann Mitchell (the "Mitchell Parcel").

40. The second parcel of the State Street Property, consisting of 47 acres of undeveloped land, is identified by the Belchertown assessors as being located on Assessors' Map 254, Parcel 59. The records of the Belchertown assessors identify the owner of the parcel as Robert E. Lamitie and Margaret C. Lamitie, Trustees of the Lamitie Revocable Trust (the "Lamitie Parcel").

41. On information and belief, Robert E. Lamitie died on January 26, 2003.

42. On information and belief, the Mitchell Parcel and the Lamitie Parcel are contiguous.

6

43. According to the Application for Approval of Subdivision Plan, J. F. Kenney Corporation proposes to develop 49 lots out of the State Street Property.

44. On information and belief, the reason that the title to the State Street Property remains vested in Mary Ann Mitchell and Margaret C. Lamitie as trustee of the Lamitie Revocable Trust is to delay, defraud or hinder Cheswell with respect to the debts Premier and Mr. Kenney owe Cheswell.

## COUNT ONE
(Action to Reach and Apply Federal Street Property)

45. Plaintiffs hereby adopt by reference and incorporate herein the allegations in paragraphs 1 through 44 of this Verified Complaint, above.

46. Mr. Kenney owes a debt to Cheswell.

47. The Federal Street Property was fraudulently transferred to Mrs. Kenney by Mitchell Dzwonkowski with the intent to defeat, delay or defraud Cheswell.

48. Mrs. Kenney fraudulently granted mortgages to Mr. Dzwonkowski with the intent to defeat, delay or defraud Cheswell.

49. Cheswell is entitled to recover under Mass. Gen. Laws c. 214, § 3(8).

## COUNT TWO
(Action for Fraudulent Transfer of Wilfin Road Property)

50. Plaintiffs hereby adopt by reference and incorporate herein the allegations contained in paragraphs 1 through 49 of this Verified Complaint, above.

51. Mr. Kenney fraudulently transferred to Mrs. Kenney his interest in the Wilfin Road Property with the intent to defeat, delay or defraud Cheswell.

7

52. Mrs. Kenney subsequently fraudulent transferred the Wilfin Road Property to Mr. and Mrs. Cosman with the intent to defeat, delay or defraud Cheswell.

53. The debt Mr. Kenney and Premier owed Cheswell was antecedent to Mr. Kenney's transfer of his interest to Mrs. Kenney and her subsequent transfer to Mr. and Mrs. Cosman.

54. Mr. Kenney did not receive reasonably equivalent value when he transferred his interest in the Wilfin Road Property to Mrs. Kenney.

55. On information and belief, Mrs. Kenney did not receive reasonably equivalent value when she transferred the Wilfin Road Property to Mr. and Mrs. Cosman.

56. The transfers of the Wilfin Road Property are voidable under the Uniform Fraudulent Transfer Act, Mass. Gen. Laws c. 109A. Cheswell is entitled to injunctive and monetary relief and the Court should void the transfers or grant such other relief as is available under Mass. Gen. Laws c. 109A.

## COUNT THREE
(Action to Reach and Apply State Street Property)

57. Plaintiffs hereby adopt by reference and incorporate herein the allegations contained in paragraphs 1 through 56 of this Verified Complaint, above.

58. Mr. Kenney or J. F. Kenney Corporation has purchased, directly or indirectly, the State Street Property from Mary Ann Mitchell and Margaret Lamitie as Trustee of the Lamitie Revocable Trust.

59. Title to the State Street Property has been retained in Ms. Mitchell and Mrs. Lamitie with the intent to defeat, delay or defraud Cheswell.

60. Cheswell is entitled to recover under Mass. Gen. Laws c. 214, § 3(8).

8

## COUNT FOUR
(Violation of Massachusetts General Laws Chapter 93A)

61. Plaintiffs hereby adopt by reference and incorporate herein the allegations contained in paragraphs 1 through 60 of this Verified Complaint, above.

62. Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation are engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

63. Cheswell is engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

64. The conduct of Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation described above constitutes unfair and deceptive acts or practices.

65. The conduct of Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation described above occurred in Massachusetts and was knowing and willful.

66. As a result of the unfair and deceptive acts and practices of Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation, Cheswell has suffered and will suffer damages.

WHEREFORE, the Plaintiff Cheswell demands that judgment enter against the defendants as follows:

    a.    Enter Judgment in favor of Cheswell and award monetary damages, including but not limited to actual, incidental and consequential damages, multiple damages, attorney's fees, interests and costs.

    b.    Enter Judgment in favor of Cheswell and order preliminary and permanent injunctive relief to prevent Mrs. Kenney, Paul Cosman, Jr. and Cheryl Cosman, and Mary Ann Mitchell and Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust

from selling, transferring, assigning, encumbering or otherwise disposing of the Federal Street Property, the Wilfin Road Property and the State Street Property, pending further order of this Court;

c.  Enter Judgment that permits Cheswell to reach and apply any sums due or to become due to Mr. Kenney, Mrs. Kenney or J. F. Kenney Corporation from Susan M. Kenney, Mitchell Dzwonkowski, Mary Ann Mitchell and Margaret C. Lamitie as trustee of the Lamitie Revocable Trust to any pending judgment and any judgment to be entered hereafter against Mr. Kenney, Premier or J. F. Kenney Corporation;

d.  Award Cheswell such other relief as this Court deems just, proper and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as to all issues so triable.

> The Plaintiff
> CHESWELL, INC.
> By Its Attorneys:
>
> *Felicity Hardee* (signature)
> Felicity Hardee
> BBO No. 221230
> Bulkley, Richardson and Gelinas, LLP
> 1500 Main Street, Suite 2700
> Springfield, MA 01115
> Tel: (413) 272-6283
> Fax: (413) 272-6805

Dated: March 24, 2004

10

## VERIFICATION

I, Suzanne Harrington, state that I am treasurer of Cheswell, Inc. Except where allegations are based upon information and belief, I have personal knowledge of the matters set forth in the foregoing Verified Complaint. The allegations contained in the Verified Complaint are true to the best of my knowledge, information, and belief. I certify under the penalties of perjury on behalf of Cheswell, Inc. that the foregoing is true and correct. Executed this 9th day of March, 2004.

*Suzanne W Harrington*
Suzanne Harrington, Treasurer
Cheswell, Inc.

11