UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESWELL, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JAMES F. KENNEY, et al., )<br>)<br>Defendant )<br>) | Civil Action No. 04-30060 |

### ANSWER OF MARY ANN MITCHELL

1. Concerning the first sentence of this paragraph, this sentence is introductory and makes conclusory averments that do not require any response; to the extent that this sentence requires an allegation of fact (or otherwise) that requires a response, the Defendant Mary Ann Mitchell denies all such allegations.

   Concerning the balance of this paragraph, Defendant Mary Ann Mitchell denies all allegations concerning her, particularly any allegations that the Defendant Mary Ann Mitchell holds any title to property in name only, and she has acted in any way whatsoever to defeat, delay or defraud creditors. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to all other allegations, and therefore denies them.

2. Admitted.

3. Admitted.

4. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

5. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

6. Admitted.

7. Admitted.

8. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

9. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

10. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

11. Admitted.

12. Although the Defendant Mary Ann Mitchell admits the residence of Margaret C. Lamitie, but the Defendant Mary Ann Mitchell has insufficient information and knowledge as to the other allegations set forth in this paragraph, and therefore denies them.

13. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

14. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

15. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

16. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

17. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

18. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

19. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

20. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

21. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

22. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

23. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

24. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

25. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

26. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

27. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

28. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

29. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

30. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

31. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

32. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

33. Admitted.

34. Admitted.

35. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

36. Admitted.

37. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

38. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them. Further, the Defendant Mary Ann Mitchell understands that there are more than one parcel that comprises the State Street Property.

39. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them. Further responding to the allegations of this paragraph, the Defendant Mary Ann Mitchell does state that she owns property in Belchertown of, what she understands, is approximately 40 acres of property without buildings located on it.

40. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them. Further responding to the allegations of this paragraph, the Defendant Mary Ann Mitchell does understand that there is property adjacent to the Defendant Mary Ann Mitchell's property which has acreage that may be 47 acres, more or less. The Defendant Mary Ann Mitchell also understands that Margaret C. Lamitie has an ownership interest in this property, either individually or through some other entity in which she solely controls it.

41. The Defendant Mary Ann Mitchell admits that Robert E. Lamitie died, but she has insufficient information and knowledge as to the exact date of death (although the asserted date is the approximate, if not exact, date).

42. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them. Further answering the allegations set forth in this paragraph, the Defendant Mary Ann Mitchell does state that she owns property that is contiguous with property that is owned by Margaret C. Lamitie or which Margaret C. Lamitie solely controls.

43. Denied, as the document speaks for itself. Additionally, the application to which this paragraph refers is not an "Application for Approval of Subdivision Plan," but is rather an Application for Approval of a Preliminary Plan." Further, the Application only states that "[t]he undersigned submits the accompanying Preliminary Plan . . . ." The Defendant Mary Ann Mitchell, together with Margaret C. Lamitie (both listed as the owners on the Application) are the parties that would

"develop" the property at issue.

44. Denied.

45. The Defendant Mary Ann Mitchell Defendant repeats and reasserts the responses to the allegations in paragraphs 1 through 44.

46. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

47. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

48. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

49. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

50. The Defendant Mary Ann Mitchell Defendant repeats and reasserts the responses to the allegations in paragraphs 1 through 49.

51. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

52. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

53. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

54. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

55. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

56. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

57. The Defendant Mary Ann Mitchell Defendant repeats and reasserts the responses to the allegations in paragraphs 1 through 44.

58. Denied.

59. Denied.

60. Denied.

61. The Defendant Mary Ann Mitchell Defendant repeats and reasserts the responses to the allegations in paragraphs 1 through 60.

62. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

63. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

64. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

65. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

66. The Defendant Mary Ann Mitchell has insufficient information and knowledge as to the allegations set forth in this paragraph, and therefore denies them.

## AFFIRMATIVE DEFENSE(S)

The Complaint fails to set forth a claim against the Defendant Mary Ann Mitchell. Further, the Complaint fails to allege specific facts and makes conclusory statements without requisite allegations of fact.

## COUNTERCLAIM(S)

The Plaintiff Cheswell, Inc., has alleged made statements and taken actions, by this Complaint and related pleadings, alleging that Mary Ann Mitchell is not the owner of real estate in Belchertown, Massachusetts. These statements were false, known to the Plaintiff as false and/or without requisite investigation, and made maliciously for the purposes of preventing any sale by Mary Ann Mitchell of her real property. These actions have caused her injury, including the legal fees incurred to establish title.

**WHEREFORE**, Mary Ann Mitchell requests the entry of the following Findings and Orders:

1. A dismissal of all counts and claims against Mary Ann Mitchell;

2. Judgment against Cheswell, Inc., for all damages incurred for the cost of clearing title and any other damages incurred by Mary Ann Mitchell, in an amount to be determined by the Court;

3. An order granting such other and further relief as this Court finds just and proper.

MARY ANN MITCHELL

Dated: April 14, 2004

_____
Louis S. Robin (BBO 545578)
Fitzgerald, O'Brien & Robin
1200 Converse Street
Longmeadow, Massachusetts  01106
Tel. No. (413) 567-3131
Fax. No. (413) 565-3131

## CERTIFICATE OF SERVICE

I, Louis S. Robin, Esq., hereby certify that on April 14, 2004, I served a copy of the foregoing pleading by hand delivery of a copy of it to Felicity Hardee, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Springfield, MA  01115-5507.

_____
Louis S. Robin, Esq.