UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No,: 04-30060-KPN

CHESWELL, INC.,
        Plaintiff    )
v.    )
    )
James F. Kenney, et al.,    )
        Defendant    )

## ANSWER OF DEFENDANT JAMES F. KENNEY

Now comes James F. Kenney, individually, to response to plaintiff's attorney's serious and defamatory allegations.

**Response to statement of facts;**
**A. The Parties:**

It is agreed that James F. Kenney is the President of Premier Homes & Land Corp. which is a company that has been out of business since the Chapter 7 filing. The company is owned by Susan M. Kenney and was established in June 1, 2000, for the benefit of and for the wife and children of James F. Kenney. James F. Kenney is an unpaid advisor at this time and since it's inception. *(see attachment 1)*

Defendant has never met and does not know personally or otherwise Paul and Cheryl Cosman, except as purchasers of a property that James and Susan Kenney sold in an attempt to pay debt. The property was listed through a real estate agent and was sold through the same agent.

Mitchell Dzwonkowski sold a parcel to College Self Storage and subsequently another parcel to Susan Kenney. Due to the property having limited viability for development, seller agreed to take back a mortgage.

Mary Ann Mitchell and Margaret Lamitie are property owners that James Kenney has previously work for as a real estate agent. J.F. Kenney Corp. is not the developer of this property. J.F. Kenney Corp. is working for no compensation as the project's advisor and land use planner. This is being done out of friendship and past working relationships. In return, Mitchell/Lamitie had allowed J.F. Kenney to advertise it's services in the hope of generating new business clients.

**B. Procedural History:**

No response other than what is documented in Mr. Loney's deposition, which clearly states he and Attorney Burgoyne drafted the lease. *( see attachment 2)*

1

C. **Transfer of the Federal Street Property:**
The 311 Warren Wright Rd. property was sold to help pay off outstanding debts. This property was scheduled to close approximately five (5) months prior to the December 11, 2002 hearing. Due to the property failing a Title 5 inspection, a new septic system was required before the closing could take place.

The Federal Street property, across from the storage property, was originally under agreement by James F. Kenney. In order for James F. Kenney's wife Susan to agree to sell the family property at 23 Wilfin Road, Susan required a majority stake in KEEP SAFE- Self Storage, Inc. and 100% control of future investments. The Federal Street property agreement with James Kenney expired and due to the property not having the capability to support septic systems and town sewer no available, the property was unable to be financed through a bank lender.
Susan M. Kenney negotiated an 80% owner financed mortgage.

D. **Transfer of the Wilfin Road Property:**
This property had been in the Kenney family since 1974. For estate planning purposes it was transferred to the JWK Trust for the benefit of Jacob William Kenney. Due to Premier not receiving the expected $300,000 payment from Wesfield Construction a number of financial problems arose. Mr. James Kenney had expanded his RE/MAX company based on the expected payment from Wesfield. When that payment never came, legal action was taken. In an attempt to pay the bills of RE/MAX and Premier, Mr. Kenney borrowed against the equity in this property. Finally, after no other choice and to pay his attorney, at that time David Noonan, the property was put up for sale. As state previously, the property was under agreement to sell on or around June of 2002, however due to a failed septic system, a new one was required to be installed before the closing. *( see attachment 3)*

E. **The State Street Development:**
It is my opinion that Attorney Hardee has confused the actions of James Loney with the alleged actions of James Kenney *(see attachment 4)*

The forced action of Bankruptcy was only after James Kenney attempted to pay debts by selling assets, due to Wesfield's ability to get James Kenney as President of Premier, to sign a fraudulent lease and not pay the promised monies for the old post office amounting to $300,000.

James Kenney et al., has never discussed nor offered to purchase the Mitchell/Lamitie properties with Mitchell/Lamitie. Any actions of James Kenney relating to this proposed development has been as an advisor to J.F. Kenney Corp which is the project manager of this property to get a definitively approved plan for the owners. These owners are elderly ladies of high ethics and integrity and are unfamiliar with the development process. James Kenney and or J.F. Kenney Corp. has never taken any actions without the permission and under the review of the property owners. When and if a definitive plan is approved by the town, the property will be put up for sale to the highest and best bidder.



## ANSWER OF DEFENDANT JAMES F. KENNEY TO CLAIM

1) I have not offered, nor have I discussed the purchase of the Lamitie/Mitchell properties. My role as an advisor with J.F. Kenney is to work under their direction to obtain all necessary definitive approvals for a single family subdivision. The original verbal agreement was that I would invest my time and expertise to get them the approvals, then as their real estate agent, I would get them a buyer for the highest value possible and receive a commission. Since I no longer am a real estate agent, I am following through with my commitment to them out of friendship and for no predetermined compensation.

2) I have no response
3) I have no response
4) I believe that to be correct
5) That is accurate
6) That is accurate
7) That is accurate
8) That is accurate
9) No knowledge to respond
10) No knowledge to respond
11) I believe that to be accurate
12) I believe that to be accurate
13) I have no response
14) That is accurate
15) I have no response
16) I have no response
17) I have no response
18) I have no response
19) I have no response
20) I have no response
21) FALSE.
22) I do not recall at this moment.
23) I do not recall the exact time. As I recall that sale was pending for approximately five months, due to delays caused by Premier being required to replace the septic system because of a failed Title 5 inspection. If the septic system had passed that transaction would have closed many months prior to the December date.
24) I do not recall the exact time. The closing as I recall was pending for some time due to Susan Kenney needed time to come up with the second $10,000 deposit to total $20,000 to seller before he would close. I believe that sale would have closed sooner if Susan Kenney had not needed an extension for time to come up with the second $10,000 deposit.
25) I believe that was part of the negotiated agreement.

(3)



26) I do not recall. I was previously under agreement to purchase the property, but that agreement expired, as I recall.
27) FALSE.
28) I believe that is accurate
29) I believe that is accurate
30) I believe that is accurate
31) I believe that is accurate
32) FALSE. The property was sold to pay debts incurred as a result of Premier not receiving the expected monies from Wesfield Construction and associated legal fees and loans as a result of Premier not receiving payment for the old post office building from Wesfield.
33) I would refer to my attorney for a response to this.
34) I believe that is accurate
35) I have no response
36) Previously addressed and answered
37) FALSE. Due to the sales of marital assets in an attempt to offset debts incurred as a result of Premier not receiving the expended compensation from Wesfield Construction, Susan Kenney required full control of any business and James Kenney would work under her direction.
38) I believe that it is three parcels, not two.
39) I have no response.
40) I have no response
41) Sadly, I believe that is accurate.
42) I have no response.
43) FALSE. J.F. Kenney Corp. is in the business of building, and land use planning. J.F. Kenney Corp. is working under the direction and for the benefit of the land owners.
44) FALSE.

## ANSWER TO COUNT ONE
45) I have no response.
46) I have no response.
47) FALSE
48) FALSE
49) I have no response.

## ANSWER TO COUNT TWO
50) Previously answered
51) FALSE.
52) FALSE. The Wilfin Road property was listed for sale with a real estate company for months prior to an executed Purchase and Sale agreement, as I recall. As stated previously, the property was sold to pay debts incurred as a direct result of Wesfield fraudulent actions against Premier.
53) FALSE
54) FALSE
55) FALSE
56) I have no response.

## ANSWER TO COUNT THREE

57) I have no response
58) FALSE
59) FALSE
60) I have no response.

## ANSWER TO COUNT FOUR

61) I have no response.
62) I have no response.
63) I have no response.
64) FALSE. I find these allegations to be absurd and while very inventive of plaintiff's attorney's imagination, they are completely false.
65) FALSE. If Premier had received the promised compensation as expected from Wesfield, there would not have been a need to sell Wilfin or Warren Wright properties.
66) I have no response.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint should be dismissed as they fail to provide an accurate history and facts to support their claim.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's complaint should be dismissed as they have presented information before this court in an inaccurate, false and deceptive presentation of events.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff' complaint should be dismissed as they are slandering and defaming people of high ethics and moral integrity in order to justify this false series of complaints.

WHEREFORE, the Defendant James F. Kenney et al., requests that a judgment against the plaintiff as follows;

a. Dismissal of all of the complaints against all named parties in this action.
b. All reasonable attorney fees generated by any and all parties required to answer the Cheswell complaint be paid by plaintiff.
c. Award Defendants any such relief as this court deems just, proper and equitable.

Respectfully;

James F. Kenney, Individual