UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Civil Action No. 04-30060-KPN

| | |
|---|---|
| CHESWELL, INC.,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| JAMES F. KENNEY, SUSAN M. KENNEY,<br>MITCHELL R. DZWONKOWSKI,<br>PAUL COSMAN, JR., CHERYL COSMAN,<br>MARY ANN MITCHELL,<br>MARGARET C. LAMITIE, TRUSTEE OF<br>THE LAMITIE REVOCABLE TRUST,<br>J.F. KENNEY CORPORATION<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF THE DEFENDANT MARGARET C. LAMITIE, TRUSTEE OF
THE LAMITIE REVOCABLE TRUST, TO THE PLAINTIFF'S COMPLAINT,
WITH COUNTERCLAIMS AND CROSS-CLAIMS**

Now comes the Defendant, MARGARET C. LAMITIE, TRUSTEE OF THE LAMITIE REVOCABLE TRUST (hereinafter "Defendant Trust"), in the above-entitled action and answers the Plaintiff's Complaint, paragraph by paragraph, as follows:

1. The Defendant Trust denies that "[T]itle is vested in Mrs. Kenney, Ms. Mitchell and Mrs. Lamitie to defeat, delay or defraud Cheswell, Inc. in the recovery of debts Mr. Kenney or his corporations owes it." Defendant Trust is without sufficient knowledge or information to either admit or deny the remainder of the allegations set forth in Paragraph 1. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

1

2. Paragraph 2. of the Plaintiff's Complaint asserts a statement of law to be determined by the trial court; as such, the Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

3. Paragraph 3. of the Plaintiff's Complaint asserts a statement of law to be determined by the trial court; as such, the Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

4. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 4. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

5. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 5. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

6. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 6. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

7. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 7. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

8. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 8. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

9. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 9. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

10. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 10 of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

11. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 11. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

12. The Defendant Trust admits the allegations as set forth in Paragraph 12. of the Plaintiff's Complaint.

13. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 13. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

14. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 14. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

15. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 15. (a), (b), (c) and (d) of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

16. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 16. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

17. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 17. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

18. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 18. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

19. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 19. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

20. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 20. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

21. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 21. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

22. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 22. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

23. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 14. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

24. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 24. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

25. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 25. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

26. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 26. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

27. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 27. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

28. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 28. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

29. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 29. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

30. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 30. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

31. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 31. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

32. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 32. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

33. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 33. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

34. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 34. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

35. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 35. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

36. The Defendant Trust admits the allegations as set forth in Paragraph 36. of the Plaintiff's Complaint, excepting that J.F. Kenney Corp. did not list itself as the Owner of said land on said preliminary subdivision plan, and identified itself as only the Applicant.

37. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 37. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

38. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 38. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

39. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 39. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

40. The Defendant Trust admits that the Belchertown assessors' records indicate that the second parcel of the State Street Property consists of 47 acres of undeveloped land located on Assessors' Map 254, Parcel 59, and that the owner of the parcel is Robert E. Lamitie and Margaret C. Lamitie, Trustees of the Lamitie Revocable Trust.

41. The Defendant Trust admits the allegations contained in Paragraph 41. of the Plaintiff's Complaint.

42. The Defendant Trust admits the allegations as set forth in Paragraph 42. of the Plaintiff's Complaint to the extent that portions of said properties are contiguous.

43. The Defendant Trust denies the allegations as set forth in Paragraph 43. of the Plaintiff's Complaint, in that the Application for Approval of a Preliminary Plan does not indicate that J.F. Kenney Corporation proposes to develop 49 lots out of the State Street Property. It does, however, indicate that the Owners propose to

develop 49 lots out of the State Street Property and that J.F. Kenney Corporation is the "Applicant."

44. The Defendant Trust denies the allegations as set forth in Paragraph 44. of the Plaintiff's Complaint.

45. The Defendant Trust hereby adopts by reference and incorporates herein its Answers to the allegations contained in Paragraphs 1. through 45. of the Plaintiff's Verified Complaint.

46. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 46. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

47. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 47. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

48. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 48. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

49. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 49. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

50. The Defendant Trust hereby adopts by reference and incorporates herein its Answers to the allegations contained in Paragraphs 1. through 49. of the Plaintiff's Verified Complaint.

51. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 51. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

52. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 52. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

53. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 53. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

54. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 54. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

55. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 55. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

56. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 56. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

57. The Defendant Trust hereby adopts by reference and incorporates herein its Answers to the allegations contained in Paragraphs 1. through 56. of the Plaintiff's Verified Complaint.

58. The Defendant Trust denies the allegations as to any purchase, directly or indirectly, of the "State Street Property" from the Defendant Trust. The

Defendant Trust is without sufficient knowledge or information to either admit or deny the remaining allegations made in Paragraph 58. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

59. The Defendant Trust denies the allegations contained in Paragraph 59. of the Plaintiff's Complaint that title to the "State Street Property" has been retained in the Defendant Trust with the intent to defeat, delay or defraud the Plaintiff. The Defendant Trust is without sufficient knowledge or information to either admit or deny the remaining allegations made in Paragraph 59. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

60. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 60. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

61. The Defendant Trust hereby adopts by reference and incorporates herein its Answers to the allegations contained in Paragraphs 1. through 60. of the Plaintiff's Verified Complaint.

62. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 62. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

63. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 63. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

64. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 64. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

65. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 65. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

66. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 66. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

67. The Defendant Trust is without sufficient knowledge or information to either admit or deny the allegations made in Paragraph 67. of the Plaintiff's Complaint and therefore leaves the Plaintiff to its proof as to same.

### FIRST AFFIRMATIVE DEFENSE
**Failure to State Claim, Pursuant to Fed. R.Civ.P. 12(b)(6)**

**FURTHER ANSWERING**, the Plaintiff has failed to state a claim against the Defendant Trust upon which relief may be granted. The Defendant Trust hereby reserves the right to later proceed by motion against the Plaintiff as to this ground and other grounds made available under Rule 12 of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE
**Statute of Limitations**

**FURTHER ANSWERING**, the Defendant Trust states that this action was not commenced within the time period required by law.

### THIRD AFFIRMATIVE DEFENSE

**Estoppel**

**FURTHER ANSWERING,** the Plaintiff, through its own conduct prior to the commencement of this action, is estopped to assert its claims against the Defendant Trust.

### FOURTH AFFIRMATIVE DEFENSE

**Frivolous Claim**

**FURTHER ANSWERING,** the Defendant Trust states that all or portions of the Plaintiff's claims are frivolous, not made in good faith, and therefore, the Defendant Trust should be granted its costs and attorney's fees incurred in the defense of the Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

**Failure to Mitigate Damages**

**FURTHER ANSWERING,** the Defendant Trust states that the Plaintiff failed to mitigate damages, and therefore, the Plaintiff has waived any and all damages it may claim due.

**WHEREFORE,** the Defendant Trust prays that this Honorable Court dismiss the Plaintiff's Complaint as against the Defendant Trust, award the Defendant Trust its costs and attorney's fees, and grant the Defendant Trust such other and further relief as the Court may deem just and equitable.

## SIXTH AFFIRMATIVE DEFENSE

### Statute of Frauds

**FURTHER ANSWERING,** the Defendant Trust states that the Plaintiff, its agents, servants, or employees, made certain representations and statements intending that the Court rely thereon, which the Court did, and the statements and representations were false and, in some respects, fraudulent, all to the Plaintiff's knowledge.

## SEVENTH AFFIRMATIVE DEFENSE

### Insufficient Service

**FURTHER ANSWERING,** the Defendant Trust says that the service of process was insufficient.

THE DEFENDANT TRUST HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES FOR WHICH THE LAW ALLOWS TRIAL BY JURY.

## COUNTERCLAIMS AND CROSS CLAIMS

### NATURE OF CLAIM, JURISDICTION AND VENUE

1. This is an action to quiet title to certain real property located in Belchertown, Massachusetts required as a result of certain claims and allegations made in the above-captioned lawsuit brought by Cheswell, Inc. against James F. Kenney, et. al. This action further seeks monetary damages against Cheswell, Inc. for its negligent slander of the Plaintiff-in-Counterclaim's title.

2. These claims are properly before the court, pursuant to 28 U.S.C. § 1332, and Fed.R.Civ.P. 13.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391 and Local Rule 40.1(D)(2).

### PARTIES

4. Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust, is a natural person who resides at 1204 Mt. Elbert Drive, Leadville, Colorado.

5. Cheswell, Inc. is a corporation having its principal place of business at 283 Poocham Road, West Chesterfield, New Hampshire.

6. J. F. Kenney Corporation is a Massachusetts corporation with a principal place of business at 1269 Federal Street, Belchertown, Hampshire County, Massachusetts.

7. Upon information and belief, James F. Kenney is a natural person who resides at 72 Oakridge Drive, Belchertown, Hampshire County, Massachusetts.

8. Upon information and belief, Susan M. Kenney is a natural person who resides at 72 Oakridge Drive, Belchertown, Hampshire County, Massachusetts.

## FACTS

9. On or about March 9, 2004 Cheswell, Inc. filed an action in the Federal District Court for the Western District of Massachusetts, naming, among other Defendants, James F. Kenney, J.F. Kenney Corporation, Susan M. Kenney, and Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust as Defendants.

10. In said lawsuit, Cheswell, Inc. averred that James F. Kenney (individually) or the J.F. Kenney Corporation owned a fee interest in the real property owned by Margaret C. Lamitie, as Trustee of the Lamitie Revocable Trust, the deed to said real property being recorded in Book 6312 Page 0232 of the Hampshire County, Massachusetts Registry of Deeds.

11. In said lawsuit, Cheswell, Inc. indirectly averred that James F. Kenney (individually) or the J.F. Kenney Corporation possessed development or other legal or equitable rights in the real property owned by Margaret C. Lamitie, as Trustee of the Lamitie Revocable Trust, the deed to said real property being recorded in Book 6312 Page 0232 of the Hampshire County, Massachusetts Registry of Deeds (hereinafter "Belchertown Property").

12. Based upon information and belief, a search at the Hampshire County Registry of Deeds produced no document transferring or purporting to transfer any interest in the Belchertown Property to James F. Kenney or the J.F. Kenney Corporation or evidencing that any such document is on record.

13. On or about March 9, 2004 this Honorable Court issued *ex parte* a real estate attachment against the real property owned by Margaret C. Lamitie, as Trustee of the Lamitie Revocable Trust.

14. Based upon information and belief, said *ex parte* real estate attachment was issued based, in part, upon false or misleading statements published to this Honorable Court by Cheswell, Inc., the Plaintiff in the above-entitled action.

15. Based upon the false or misleading representations negligently or intentionally made by Cheswell, Inc. and Counsel for Cheswell, Inc., Margaret C. Lamitie, as Trustee of the Lamitie Revocable Trust, if it wished, could not readily transfer its interest in the Belchertown Property and as a result, has suffered damages.

16. Cheswell, Inc. and Counsel for Cheswell, Inc. offered this Court no document sufficient to satisfy the statute of frauds with respect to any alleged transfer of the Belchertown Property by Margaret C. Lamitie, as Trustee of the Lamitie Revocable Trust (hereinafter "Plaintiff-in-Counterclaim/Cross-Claim" or "Trust").

### Count 1 (As to All Defendants-In-Counterclaim/Cross-Claim)

**Petition to Compel Adverse Claimant to Try Title**
**Mass Gen. Laws c. 240 §§ 1-5**

17. The Trust repeats and re-alleges Paragraphs . through 16. above, as though fully set forth herein.

18. The Defendant-in-Counterclaim Cheswell, Inc., Defendant-in-Cross-Claim James F. Kenney, Defendant-in-Cross-Claim Susan M. Kenney, and Defendant-in-Cross-Claim J. F. Kenney Corporation have clouded the title to the Trust's land by an adverse claim.

19. The Plaintiff-in-Counterclaim/Cross-Claim has been damaged thereby.

**WHEREFORE**, the Trust prays that this Honorable Court:

(a) adjudicate the adverse claims to the disputed land and title thereto;

16

(b) award the Plaintiff-in-Counterclaim/Cross-Claim the costs of this action; and

(c) grant such other and further relief to the Plaintiff-in-Counterclaim/Cross-Claim as the Court deems just.

### Count 2 (As to All Defendants-In-Counterclaim/Cross-Claim)
### Suit in Equity to Quiet Title
### Mass Gen. Laws. c. 250 §§ 6-10

20. The Trust repeats and re-alleges Paragraphs 1. through 19. above, as though fully set forth herein.

21. The Defendant-in-Counterclaim Cheswell, Inc. has clouded the Trust's title to the real property located in Belchertown, Massachusetts.

22. The Defendant-in-Cross-Claim James F. Kenney has clouded the Trust's title to the real property located in Belchertown, Massachusetts.

23. The Defendant-in-Cross-Claim Susan M. Kenney has clouded the Trust's title to the real property located in Belchertown, Massachusetts.

24. The Defendant-in-Cross-Claim J. F. Kenney Corporation has clouded the Trust's title to the real property located in Belchertown, Massachusetts.

25. The Plaintiff-in-Counterclaim/Cross-Claim has been damaged thereby.

**WHEREFORE**, the Plaintiff-in-Counterclaim/Cross Claim prays that this Honorable Court:

(a) adjudicate the adverse claims to the disputed land and title thereto;

(b) award the Plaintiff-in-Counterclaim/Cross-Claim the costs of this action; and

(c) grant such other and further relief to the Plaintiff-in-Counterclaim/Cross-Claim as the Court deems just.

### Count 3 (As to All Defendants-In-Counterclaim/Cross-Claim)
### Declaratory Judgment

26. The Trust repeats and re-alleges Paragraphs 1. through 25. above, as though fully set forth herein.

27. There exists between the parties to this action an actual justiciable controversy within the jurisdiction of this Court concerning the ownership interests (if any) of the Parties to this action in the property located in Belchertown, Massachusetts.

**WHEREFORE**, the Trust prays that this Honorable Court:

(a) Adjudicate the adverse claims to the disputed land and title thereto;

(b) Declare that the Trust is the owner of the Belchertown Property in Fee Simple Absolute;

(c) Declare that said property is unencumbered by the claims of the Defendant-in-Counterclaim Creswell, Inc., the Defendant-in-Cross-Claim J. F. Kenney Corporation, or the Defendant-in-Cross-Claim James F. Kenney;

(d) Award the Plaintiff-in-Counterclaim/Cross-Claim the costs incurred in bringing this action; and

(e) Grant such other and further relief to the Plaintiff-in-Counterclaim/Cross-Claim as this Honorable Court may determine is just and proper.

### Count 4 (As to Defendant-In-Counterclaim Cheswell, Inc.)
### Slander of Title

28. The Plaintiff-in-Counterclaim repeats and re-alleges Paragraphs 1. through 27. above, as though fully set forth herein.

29. The actions of the Defendant-in-Counterclaim Cheswell, Inc. have slandered the Trust's title to the real property located in Belchertown, Massachusetts.

30. The Trust has been damaged thereby.

**WHEREFORE**, the Plaintiff-in-Counterclaim/Cross-Claim prays that this Honorable Court:

    a.    Adjudicate the slander of the Trust's title by the Defendant-in-Counterclaim Cheswell, Inc.;

    b.    Award the Trust damages based upon the actions of the Defendant-in-Counterclaim Cheswell, Inc.;

    c.    Award the Trust the costs incurred in bringing this action; and

    d.    Grant such other and further relief to the Trust as this Honorable Court may determine is just and proper.

Respectfully Submitted,
The Plaintiff-in-Counterclaim/Cross-Claim,
**MARGARET C. LAMITIE, AS TRUSTEE OF THE LAMITIE REVOCABLE TRUST**
By her/its Attorney,

Dated: 4/20/04

John M. McLaughlin
BBO No. 556328
MORSE & SACKS
31 Trumbull Road
Northampton, MA 01060
(413) 584-1287