UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Civil Action No. 04-30060-KPN

| | |
|---|---|
| CHESWELL, INC., <br> **Plaintiff** <br><br> v. <br><br> JAMES F. KENNEY, SUSAN M. KENNEY, <br> MITCHELL R. DZWONKOWSKI, <br> PAUL COSMAN, JR., CHERYL COSMAN, <br> MARY ANN MITCHELL, <br> MARGARET C. LAMITIE, TRUSTEE OF <br> THE LAMITIE REVOCABLE TRUST, <br> J.F. KENNEY CORPORATION <br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) MEMORANDUM OF LAW <br> ) IN SUPPORT OF DEFENDANT <br> ) MARGARET C. LAMITIE, <br> ) TRUSTEE OF THE LAMITIE <br> ) REVOCABLE TRUST'S <br> ) MOTION FOR RELIEF <br> ) FROM REAL ESTATE <br> ) ATTACHMENT <br> ) <br> ) |

## INTRODUCTION

The Plaintiff has brought an action for injunctive and other equitable relief and recovery of damages allegedly sustained by the Plaintiff because of the conduct of James F. Kenney, Susan M. Kenney, and J. F. Kenney Corporation in connection with alleged fraudulent transfers. The Plaintiff alleges that title to certain real estate is vested in Mrs. Kenney, Ms. Mitchell (another named Defendant), and Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust, to defeat, delay or defraud the Plaintiff in the recovery of debts Mr. Kenney or his corporations owes the Plaintiff.

The Defendant, Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust, has filed counterclaims herein against the Plaintiff, James F. Kenney, Susan M. Kenney, and J. F. Kenney Corporation, purporting that the *ex parte* real estate attachment issued against the land of the Defendant, Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust (hereafter the "Defendant Trust"), was based, in part, upon false or misleading

1

statements published to this Honorable Court by the Plaintiff. The Defendant Trust has also filed a motion herein for relief from the real estate attachment placed upon its property.

**Attachment.**

Fed.R.Civ.P. 64 provides, in part:

> ". . .all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the District Court is held, existing at the time the remedy is sought. . "

Rule 4.1 of the Massachusetts Rules of Civil Procedure sets forth the requirements for the attachment of property to satisfy a judgment for damages and costs which the Plaintiff may recover. Under said rule, which is incorporated into Fed. R.Civ.P. 64 as set forth above, to be entitled to attach the Defendant's liquor license, the Plaintiff must show:

1. A reasonable likelihood that the Plaintiff will recover judgment; and that
2. The value of the ultimate judgment will be equal to or greater than the amount of the attachment and the value would be over and above any available liability insurance.

In this case, while the Plaintiff may be able to demonstrate that it will recover a judgment against James F. Kenney (individually) or the J.F. Kenney Corporation, it cannot demonstrate that James F. Kenney, Susan M. Kenney, the J.F. Kenney Corporation, or any other individual or entity other than Margaret C. Lamitie, as Trustee of the Lamitie Revocable "or" Family Trust, owns an interest of any nature whatsoever in

the real property whose deed is recorded in Book 2425 Page 195 in the Hampshire County, Massachusetts Registry of Deeds (hereinafter "Belchertown Property").

**Mass.R.Civ.P. 4**

Massachusetts Rule of Civil Procedure 4.1(f) requires a finding that "there is a clear danger that the defendant, if notified in advance of attachment of property, will convey it." This rule further provides that the "motion, in the filing of which the plaintiff's attorney shall be subject to the obligations of Rule 11, shall be supported by affidavit or affidavits meeting the requirements set forth in subdivision (h) of this rule." Subdivision (h) provides that "[a]ffidavits required by this rule shall set forth specific facts sufficient to warrant the required findings . . . "

In its moving papers, the Plaintiff has either failed to allege completely or has failed to demonstrate via sworn affidavits that there is any imminent sale of the real property in question. Given the requirements for publication, public hearings and appeals under the laws of the Commonwealth regarding the subdivision of land, it is unlikely that Defendant Trust could sell or otherwise transfer the Belchertown property unless it did so as a single lot, a theory which the Plaintiff does not allege.

In sum, the Plaintiff's moving papers are insufficient as a matter of law to meet the stringent requirements of the Massachusetts rules regarding the attachment of real property. As such, this Court should as a matter of law dissolve the real estate attachment issued against the Defendant's property and award the fees, costs, and expenses of bringing this motion against the Plaintiff.

**Statute of Frauds**

Assuming *arguendo* this Honorable Court finds the Plaintiff's moving papers sufficient to meet the stringent requirements of Mass.R.Civ.P. 4, the Plaintiff cannot and does not demonstrate that James F. Kenney (individually), Susan M. Kenney or the J.F. Kenney Corporation owns any interest in the Belchertown property which would be subject to real estate attachment, and as such the real estate attachment against the Defendant Trust must be dissolved.

In this case, the Plaintiff, through an action to reach and apply under Mass. Gen. Laws. c. 214 § 3(8), not only insinuates that the Defendant Trust pledged or transferred an interest in the "Belchertown Property" to Defendant James F. Kenney (individually), Defendant Susan M. Kenney, or Defendant J. F. Kenney Corporation (hereinafter collectively "Kenney") but that the parties, including two elderly defendants, conspired with Kenney, and withheld the deed or other writing evidencing such transfer in order to defraud Kenney's creditors.

In order for the Plaintiff to be successful in its action under Mass. Gen. Laws. 214 § 2(8), it must prove by a preponderance of the evidence that the individual or entity liable for the debt has some tangible ownership interest in property held by another. See General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc., 188 F.Supp.2d 73, 76 (D. Mass. 2001). In support of this proposition, counsel for the Plaintiff asserts that:

(1) J.F. Kenney Corporation signed an Application submitted to the Belchertown Planning Board, listing itself as "Applicant" and Defendant Trust as "Owner."

(2) J.F. Kenney Corp. submitted documents to the Belchertown Conservation Commission for property, which included the Belchertown Property, listing itself as "Applicant" and clearly listing a "third party" as owner.

(3) The Affidavit of Counsel for the Plaintiff and Memorandum of law indicating that:

> "[t]here is at least one other real estate transaction in which Premier was engaged in which Mr. Kenney arranged for the development of property where title remained in a third party until Premier was ready to sell the real estate. On March 29, 2002, the owners of land on Underwood Street in Belchertown executed a deed to Premier for 24 acres of undeveloped land. Hardee Aff. ¶ 11, Ex. 10. However, the deed was not immediately recorded. Four months later, on July 24, 2002, the deed to Premier for the Underwood Street Property was recorded with the Hampshire County Registry of Deeds. Within minutes, Premier conveyed out the first of the building lots. Hardee Aff. ¶¶ 11, 12, Exs. 10 and 11. Over the course of the next month, five additional transfers were made to complete the sale of the Underwood Street Property. Hardee Aff. ¶ 12, Exhibit 11.[1]"

See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Real Estate Attachment p. 6 fn. 3.

---

[1] It is interesting to note that the Plaintiff claims only one of multiple lots was quickly transferred out of Premier's possession. In its moving papers the Plaintiff indicates that over the next month five additional transfers took place. Under this circumstance, common sense would indicate that had the Plaintiff been diligent in its asset search, it would have noticed the initial transfer and sought protection from the court with regard to the remaining property which occurred over the next month. Given that all properties were not immediately transferred out, or that the unrecorded deed was not assigned to some third party prior to being recorded, it is hard for a reasonable person to imagine a conspiracy of the magnitude alleged by the Plaintiff.

5

The failure of the Plaintiff to produce any writing sufficient to comply with the Statute of Frauds demonstrates that Kenney holds no interest in the real property owned by the Defendant Trust. It is a well accepted principle in Massachusetts that the Statute of Frauds bars enforcement of a contract for the sale or transfer of land unless it is in writing and signed by the parties to be charged. Mass. Gen. Laws. c. 259 § 1; Bibi v. Courville, 357 Mass. 782, 260 N.E.2d 156 (1970). The Statute of Frauds has likewise been applied to an option to purchase land. See, Geo. W. Wilcox, Inc. v. Shell E. Petroleum Prod., Inc., 283 Mass. 383, 390, 186 N.E. 562 (indicating that an option is a contract and that all the essential terms . . . must be definite and certain so that the intention of the parties may be discovered, the nature and extent of their obligations ascertained, and their rights determined), as well as an agreement to enter into a lease of land. See also, First Nat. Bank of Boston v. Fairhaven Amuse. Co., 347 Mass. 243, 197 N.E.2d 607 (1964). In sum, because of the existence of the Statute of Frauds, a court will not make for the parties a contract which they did not make for themselves. See, Read v. McKeague, 252 Mass. 162, 164, 147 N.E. 585, 586.

In this case, the Defendant Trust and the Defendant Kenney did not make a contract for the sale or transfer of the Belchertown Property. The Plaintiff, in support of its case in chief or its motion for real estate attachment, offers no writing sufficient to satisfy the Statute of Frauds, instead offering speculation as to a broader conspiracy based upon applications signed by J.F. Kenney Corporation as applicant[2]. In direct opposition to the Plaintiff's speculation, the Affidavit of Margaret Lamitie, Trustee of the Lamitie Revocable Trust, attached to Defendant Trust's moving papers, states that

---

[2] Based upon information and belief, if this court were to conduct a review of the applications on record at the various community boards, it would find that applicants are frequently realtors, attorneys, engineers or other individuals with knowledge of the board's procedures.

the Defendant Trust has not transferred any recorded, "unrecorded," or other interest whatsoever in the Belchertown Property to any person or entity, including Mr. Kenney. Mrs. Lamitie, as Trustee, does agree with the Plaintiff's assertion that she has had dealings with Mr. Kenney, and further agrees that the Trust may owe Mr. Kenney some compensation for work performed to date. Mrs. Lamitie as Trustee, however, denies that she has agreed to pay such compensation from an interest in, or the sale of the Belchertown Property.

In further support of the assertion that Mr. Kenney owns some interest in Trust's land, the Plaintiff offers two applications to Municipal Boards, listing J.F. Kenney as "applicant." The Plaintiff, however, cites no authority that applications transfer an interest in land or that the "applicant" possesses a property interest in the land which is the subject of the application. Based upon information and belief, the Plaintiff fails to cite any such authority because there is no such authority sufficient to support the Plaintiff's claim. In direct contrast to the Plaintiff's mere speculation, Margaret Lamitie, Trustee states under oath that she and an abutting land owner (Defendant Mary Ann Mitchell) paid all fees and costs associated with filing applications with the municipal boards, and that she never intended to transfer, or in fact, did transfer, any interest in the Belchertown Property to Mr. Kenney.

The Defendant Kenney also offers a sworn affidavit, also attached to the Defendant Trust's papers, in direct opposition to the Plaintiff's statements that . . ."title is vested in . . .Mrs. Lamitie to defeat, delay or defraud Cheswell, Inc." The Defendant Kenney states, under oath, that he does not own, nor has ever owned, any interest in the property owned by the Defendant Trust. The Plaintiff cannot offer a written document

sufficient to satisfy the Statute of Frauds, nor can the Plaintiff offer a sworn affidavit that the Belchertown Property or any interest in the Belchertown Property has been transferred to Mr. Kenney or any third party. All the Plaintiff can do, and does, is offer speculation as to a conspiracy perpetrated by two elderly landowners in order to defraud a Plaintiff who they did not even know existed. Given the above, the Plaintiff cannot demonstrate that the Defendant Kenney has an ownership interest in the Belchertown Property, and therefore the Plaintiff could not effectuate a judgment under its "reach and apply" claim to the Defendant Trust's land. As such, the real estate attachment against the Defendant Trust should be dissolved with all costs, fees and expenses associated with the bringing of this motion to the Plaintiff.

Respectfully Submitted,
The Defendant,
**MARGARET C. LAMITIE, AS TRUSTEE OF THE LAMITIE REVOCABLE TRUST**
By her/its Attorney,

Dated: 4/20/04

John M. McLaughlin
MORSE & SACKS
31 Trumbull Road
Northampton, MA 01060
(413) 584-1287
BBO No. 556328