Doc: 992119414 OR /6312/0202    08/02/2001 15:20

**b.  Purchase of Assets and Loans**

The Trustee is authorized to purchase (at fair market value) and retain in the form received, as an addition to our trust, any property which is a part of the Deceased Grantor's probate estate. In addition, the Trustee may make loans to the Deceased Grantor's probate estate. The Trustee shall not be liable for any loss suffered by our trust as a result of the exercise of the powers granted in this paragraph.

**c.  Distributions from the Personal Representative**

The Trustee is authorized to accept distributions from the personal representative of the Deceased Grantor's probate estate without audit and the Trustee shall be under no obligation to examine the records or accounts of the personal representative of the Deceased Grantor's probate estate.

## Section 4.          Treatment of Exempt Property

In making any payments pursuant to this Article, the Trustee shall not use any property to the extent it is not included in the Deceased Grantor's gross estate for federal estate tax purposes.

However, if the Trustee makes the determination, in its sole and absolute discretion, that other nonexempt property is not available for payments pursuant to this Article, or that it is not economically prudent to use nonexempt property for the payment of such expenses, it may then use such exempt property.

## Section 5.          Death Taxes

We direct that all estate, inheritance, and succession taxes, together with interest and penalties thereon, payable by reason of our death shall be apportioned as provided under the law of Colorado in effect at the date of death. In so doing, our personal representative or trustee shall charge each such tax against the property generating the tax, whether or not such property passes pursuant to the provisions of this trust. To the extent practicable, it shall recover from the beneficiaries of property passing other than pursuant to the provisions of this trust their allocable share of such tax, unless our personal representative or trustee in its discretion determines that the cost of recovery is greater than such recovery warrants. In no event shall any of such taxes be allocated to or paid from property which is not included in our gross estate for federal estate tax purposes or which qualifies for the federal estate tax marital or charitable deductions nor to any charitable remainder trust or charitable lead trust.

**a.  Protection of Marital Trust**

Notwithstanding anything to the contrary in our trust, no death taxes payable as a result of the death of the first Grantor to die shall be allocated to or paid from the Marital Trust or from any assets passing to the surviving Grantor and qualifying for the federal estate tax marital deduction or from any distribution qualifying as a charitable deduction.

LAMITIE REVOCABLE TRUST

Doc: 9921194414 OR /6312/0203     08/02/2001 15:20

**Section 6.          The Trustee's Authority to Make Tax Elections**

The Trustee may exercise any available elections with regard to state or federal income, inheritance, estate, succession, or gift tax law. The Trustee may also sign joint tax returns, pay any taxes, interest, or penalties with regard to taxes, and/or apply for and collect tax refunds and interest thereon.

LAMITIE REVOCABLE TRUST

Doc: 9921194114 OR /6312/0204    08/02/2001 15:20

# Article Six
## Distribution of Our Tangible Personal Property and Specific Distributions

**Section 1.**        **Purpose**

The purpose of this Article is to provide a mechanism whereby we may conveniently indicated who will receive what specific items of our non-titled personal property upon each of our deaths. We also will list any specific distributions, should we chose to make them, to persons other than our immediate heirs.

**Section 2.**        **Tangible Personal Property**

On the death of each of us, the Trustee shall distribute the tangible personal property belonging to that Grantor as follows. This instruction shall also be binding upon all trustees of all trusts created under this trust.

**a.    Use of Memorandum**

The Trustee shall distribute the jewelry, clothing, household furniture, furnishings and fixtures, chinaware, silver, photographs, works of art, books, boats, automobiles, sporting goods, artifacts relating to the hobbies of the Deceased Grantor, and all other tangible articles of household or personal use in accordance with any written, signed, and dated memorandum left by the Deceased Grantor directing the distribution of such property.

Any memorandum written, dated, and signed by the Deceased Grantor disposing of nonbusiness tangible personal property shall be incorporated by reference into this agreement. Should the Deceased Grantor leave multiple written memoranda which conflict as to the disposition of any item of nonbusiness tangible personal property, that memorandum which is last dated shall control as to those items which are in conflict.

**b.    Distribution of Property Not Distributed by Memorandum**

If state law does not allow the use of a memorandum to distribute tangible personal property or, to the extent that a Grantor's tangible personal property which is or becomes trust property is not disposed of by memorandum for any reason, then that tangible personal property shall be distributed to the Surviving Grantor.

If both Grantors are deceased, the Trustee shall distribute the tangible personal property to the Grantor's children in substantially equal shares to be divided among them as they see fit.

LAMITIE REVOCABLE TRUST
ARTICLE 6   PAGE 1

Doc: 9921194I4 OR /6312/0205    08/02/2001 15:20

c.    Distribution on the Death of a Child

If a child   should die before the complete distribution of the tangible personal
property, the Trustee shall distribute the property to the deceased child's issue per
capita at each generation, or if none, to our surviving children in substantially equal
shares.

LAMITIE REVOCABLE TRUST

Doc: 9921194414 OR /6312/0206    08/02/2001 15:20

# Article Seven
## Creation of Trusts for the Deceased Grantor and the Surviving Grantor

### Section 1.    Purpose

The purpose of this Article is to divide the trust assets into two portions on the death of the first of us to die. Each portion will be the amount of assets which each of us would have owned if the assets would have been in our name at the death of the first of us instead of in a trust. This will allow the maximum tax advantages while preserving that ability of each of us to direct the final disposition of our assets.

### Section 2.    Division of Trust Property

Upon the death of the first Grantor to die, the Trustee shall allocate the trust property between one trust for the Deceased Grantor and one for the Surviving Grantor. Each shall be held, administered an distributed by the our Trustee as a separate trust according to the terms and conditions provided for each trust.

### Section 3.    Trust for the Deceased Grantor

The trust for the deceased Grantor shall be referred to as the Family Trust and shall consist of :
   The deceased Grantor's separate property,
   The deceased Grantor's share of any common property,
   All property transferred to the trust by reason of the Deceased Grantor's death, except to the extent that the surviving Grantor has any valid and legal claim thereon.
The trust shall be administered as provided the article entitled Administration of the Family Trust.

### Section 4.    Trust for the Surviving Grantor

The trust for the surviving Grantor shall be referred to as the Surviving Grantor's trust and shall consist of the balance of the trust property and shall continue to operated and administered according to the terms and conditions of this revocable trust instrument. The surviving Grantor specifically retains the right to alter, amend, or revoke, in whole or in part, the Surviving Grantor's Trust.

LAMITIE REVOCABLE TRUST
ARTICLE 7 - PAGE 1

Doc: 9921194414 OR /6312/0207    08/02/2001 15:20

## Section 5.    Division in the Event of a Common Disaster

In the event both Grantors die in a common disaster, or if the order of their deaths cannot be reasonably ascertained, then our Trustee shall divide the trust assets as if each Grantor predeceased the other.

## Section 6.    Method of Division

All divisions into the trusts shares created above of common property shall be made by a fractional method wherein each trust shall be allocated an undivided fractional interest in each asset equal to that trust share's relationship to the total.

LAMITIE REVOCABLE TRUST
ARTICLE 7   PAGE 2

Doc: 992119414 OR /6312/0208    08/02/2001 15:20

# Article Eight
# Administration of The Surviving Grantor's Trust

### Section 1.    Purpose

The purpose of this Article is to define the rules and method by which the surviving Grantor will operate the portion of this trust which represents that person's share of our assets.

### Section 2.    The Surviving Grantor's Right to Amend, Alter, or Revoke

To the extent not provided for in this Article, the trust for the surviving Grantor shall continue to operated and administered according to the terms and conditions of this revocable trust instrument. The surviving Grantor specifically retains the right to alter, amend, or revoke, in whole or in part, the Surviving Grantor's Trust.

### Section 3.    The Surviving Grantor's Right to Income

Our Trustee shall pay to or apply for the benefit of the surviving Grantor, at least monthly during the lifetime of the surviving Grantor, all of the net income from the Surviving Grantor's Trust.

### Section 4.    The Surviving Grantor's Right to Withdraw Principal

Our Trustee shall pay to or apply for the benefit of the surviving Grantor such amounts from the principal of the Surviving Grantor's Trust as the surviving Grantor may at any time request in writing. No limitation shall be placed on the surviving Grantor as to either the amount of or reason for such invasion of principal.

### Section 5.    Principal Distributions in Our Trustee's Discretion

Our Trustee may also distribute to or for the benefit of the surviving Grantor as much of the principal of the Surviving Grantor's Trust as our Trustee, in its sole and absolute discretion, shall consider necessary or advisable for the education, health, maintenance, and support of the surviving Grantor.

### Section 6.    The Surviving Grantor's Power of Appointment

The surviving Grantor shall have the unlimited and unrestricted power to appoint, by a valid last will and testament or by a valid living trust agreement, the entire principal and any accrued and undistributed net income of the Surviving Grantor's Trust as it exists at the Grantor's death. In exercising this power of appointment, the surviving Grantor shall specifically refer to this power.

The surviving Grantor shall have the sole and exclusive right to exercise the power of appointment. This power of appointment specifically grants to the surviving Grantor the right to appoint property to the surviving Grantor's own estate. It also specifically reserves to the

Doc: 992119414 OR /6312/0209    08/02/2001 15:20

surviving Grantor the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as the surviving Grantor may elect.

### Section 7.    Administration of the Surviving Grantor's Trust at the Death of the Surviving Grantor

The Surviving Grantor's Trust shall terminate at the death of the surviving Grantor. Our Trustee shall administer the balance or remainder of the Surviving Grantor's Trust as provided in the Article that follows entitled, Distribution of Our Trust Property At the Death Of Both of Us.

Doc: 992119414 OR /6312/0210    08/02/2001 15:20

# Article Nine
## Administration of The Deceased Grantor's Trust

At the creation of the Deceased Grantor's Trust, it shall called the Family Trust and shall be administered as provided in the Article entitled Administration of the Family Trust. The Family Trust will be irrevocable except according to its terms.

Doc: 9921194149 OR /6312/0211    08/02/2001 15:20

# Article Ten
# Administration of The Family Trust

## Section 1.    Purpose

The purpose of this Article is to establish the rules and procedure for the Family Trust. We wish to give as much benefit, access, and control as possible to the surviving Grantor without having these assets included in the taxable estate of the surviving Grantor.

## Section 2.    The Surviving Grantor's Right to Income

Our Trustee shall pay to, or apply for the benefit of, the surviving Grantor, at least quarterly during the surviving Grantor's lifetime, all of the net income from the Family Trust. At the death of the surviving grantor, Trustee shall distribute to the surviving grantor's trust, or if none, to the estate of the surviving grantor, any accrued and undistributed net income of the Family Trust.

## Section 3.    Principal Distributions in Our Trustee's Discretion

Our Trustee may also distribute to or for the benefit of the surviving Grantor as much of the principal of the Family Trust as our Trustee, in its sole and absolute discretion, shall consider necessary or advisable for his or her education, health, maintenance, and support.

## Section 4.    The Surviving Grantor's Right to Withdraw Principal

On the last day of any calendar year, if the surviving Grantor is then living, the surviving Grantor shall have the non cumulative right to withdraw 5 percent of the then market value of the principal of the Family Trust. This right is non cumulative and if not exercised it shall lapse.

All requests for principal distributions pursuant to this Section shall be in writing delivered to our Trustee.

## Section 5.    Discretionary Guidelines for Our Trustee

Our Trustee shall be mindful that our primary concern and objective is to provide for the education, health, maintenance, and support of the surviving Grantor.

## Section 6.    Limited Power of Appointment

The surviving Grantor shall have the limited testamentary power to appoint to or for the benefit of our descendants, either by a valid last will and testament or by a valid living trust agreement executed by the surviving Grantor, all or any portion of the principal of the Family Trust as it exists at the surviving Grantor's death.

LAMITIE REVOCABLE TRUST
ARTICLE 10 - PAGE 1

Doc: 992119414 OR /6312/0212    08/02/2001 15:20

The surviving Grantor may make distributions among our descendants in equal or unequal amounts, and on such terms and conditions, either outright or in trust, as the surviving Grantor shall determine.

This power shall not be exercised in favor of the surviving Grantor, the surviving Grantor's creditors, the surviving Grantor's estate, the creditors of the surviving Grantor's estate, or in any manner which would result in any economic benefit to the surviving Grantor.

### Section 7.    Termination of the Family Trust

The Family Trust shall terminate at the death of the surviving Grantor. To the extent that the limited power of appointment is not exercised by the surviving Grantor, the remainder of the Family Trust, including any accrued and undistributed net income, shall be administered as provided in the Article that follows entitled *Distribution of Our Trust Property At the Death Of Both of Us.*

Doc: 9921194I4 OR /6312/0213    08/02/2001 15:20

# Article Eleven
# Distribution of Our Trust Property
# At the Death of Both of Us

## Section 1.    Joinder of Similar Trusts

Upon the death of both Grantors, any trusts that are created by either Grantor which have the same beneficiary, the same inclusion ratio and substantially the same terms, shall be combined into trusts with the same inclusion ratio.

Each trust thus created shall be administered according to the terms set forth below.

## Section 2.    Division into Separate Shares

a. **Division of Trust Estate:** Upon the death of the survivor, (the "division date"), combined Trusts shall each be divided into as many equal trust shares as will make one for each child of ours living at the division date and one for the issue, collectively, of each child of ours who shall have died before the division date leaving issue living at the division date.

b. **Creation of Separate Trusts for Children or for the Issue of Deceased Children:** Each trust share created in the Section above for a child of ours shall be held in a separate trust for such child.

Each trust share created in the Section above for the issue, collectively, of a deceased child of mine shall be further divided into equal separate trusts for each such issue per capita at each generation.

## Section 3    Distribution of Trusts

Subject to the power of the Trustee to retain in trust the share of a minor or disabled beneficiary, trustee shall distribute the trust share created above to the beneficiary. However, if our son Robert is living and has not attained the age of fifty-five (55) years, his share shall be held in trust and administered as provided below.

## Section 4.    Administration of The Separate Trusts

The trust created in the Section above for our son Robert, (a "beneficiary") shall be disposed of as subsequently provided.

LAMITIE REVOCABLE TRUST
ARTICLE 11 - PAGE 1

Doc: 992119414 OR /6312/0214    08/02/2001 15:20

**a. Distributions of Income and Principal**

Trustee may pay to or apply for the benefit of our son such amounts of the net income or principal as trustee in its sole and absolute discretion may determine to be necessary or advisable to provide for his support, maintenance, health and education.

**b. Termination of Trusts**

The trust for our son Robert shall terminate when he attains the age of fifty-five years.

**c. Distribution of Robert's Trust**

Upon termination of a trust when Robert attains the age of fifty-five years, such trust shall be distributed to him.

If Robert should die before termination of a trust, then upon Robert's death, trustee shall distribute the trust to our daughters, Carrie, Sarah and Hannah per capita at each generation.

## Section 5.    Trustee of Trust Shares for Our Children or Issue

Our daughter, Carrie Margaret Lamitie, shall serve as sole trustee of Robert's trust. She may appoint a co or successor trustee. If Carrie is unable or unwilling to serve or to continue to serve, and has not appointed a successor, our oldest living daughter shall serve.

## Section 6.    Ultimate Contingent Disposition

If at any time there is no person, corporation, or other entity entitled to receive all or any part of the trust property of one of us:

One-half of the trust property shall be distributed to those persons who would be the wife Grantor's heirs had she died intestate owning such property.

The balance of the property shall be distributed to those persons who would be the husband Grantor's heirs had he died intestate owning such property.

The distribution of trust property, for purposes of this Article, shall be determined by the laws of descent and distribution for intestate estates in the State of Colorado as such laws are in effect at the time of any distribution under this Article.

Doc: 992119414 OR /6312/0215    08/02/2001 15:20

# Article Twelve
# Minor and Disabled Beneficiaries

## Section 1. General Guidelines for Distribution

Whenever a distribution is authorized or required by a provision of this agreement to any beneficiary who is disabled or incapacitated, such distribution may be made by our Trustee:

Without continuing court supervision or the intervention of a guardian, conservator, or any other legal representative.

Without giving or requiring any bond or surety on bond.

Pursuant to any of the methods authorized under this Article.

In making distributions under this Article, disability or incapacity shall include adjudicated mental incapacity by a court of competent jurisdiction, or incapacity because of age, illness, or injury.

Before making any distributions to beneficiaries, other than a Grantor, under this Article, it is our desire that our Trustee, to the extent that it is both reasonable and possible:

Inquire into the ultimate disposition of the distributed funds.

Take into consideration the behavior of trust beneficiaries with regard to their disposition of prior distributions of trust property.

Our Trustee shall obtain a receipt from the person, corporation, or other entity receiving any distribution called for in this Article.

## Section 2. Methods of Payment

Our Trustee may make the distributions called for in this Article in any one or more of the following ways:

Directly to a beneficiary.

To persons, corporations, or other entities for the use and benefit of the beneficiary.

To an account in a commercial bank or savings institution in the name of the beneficiary, or in a form reserving the title, management, and custody of the account to a suitable person, corporation, or other entity for the use and benefit of the beneficiary.

In any prudent form of annuity purchased for the use and benefit of the beneficiary.

LAMITIE REVOCABLE TRUST

Doc: 9921191414 OR /6312/0216    08/02/2001 15:20

To any person or duly licensed financial institution, including our Trustee, as a custodian under the Uniform Transfers to Minors Act, or any similar act, of any state, or in any manner allowed by any state statute dealing with gifts or distributions to minors or other individuals under a legal disability.

To any guardian or other person deemed by our Trustee to be responsible, and who has assumed the responsibility of caring for the beneficiary.

## Section 3. Our Trustee's Discretion to Keep Property in Trust

If any trust property becomes distributable to a beneficiary when the beneficiary is under 21 years of age, or when the beneficiary is under any form of legal disability, as defined in Article Eighteen, our Trustee may retain that beneficiary's share in a separate trust until he or she attains 21 years of age, or until his or her legal disability has ceased, as follows:

### a.  Distributions of Trust Income and Principal

Our Trustee shall apply to or for the benefit of the beneficiary as much of the net income and principal of the trust as our Trustee, in its sole and absolute discretion, deems necessary or advisable for the beneficiary's education, health, maintenance, and support.

In making any distributions of income and principal under this Article, our Trustee shall be mindful of, and take into consideration to the extent it deems necessary, any additional sources of income and principal available to the beneficiary which arise outside of this agreement.

Any net income not distributed to a beneficiary shall be accumulated and added to principal.

### b.  Termination and Distribution

Our Trustee shall distribute the trust property to a beneficiary:

When he or she attains 21 years of age, or

When he or she ceases to be disabled.

### c.  Distribution on Death Of A Beneficiary

If a beneficiary should die before the complete distribution of his or her trust, all the property comprising the trust shall be distributed to the beneficiary's estate.

LAMITIE REVOCABLE TRUST