Doc: 9921194l4 OR /6312/0217   08/02/2001 15:20

# Article Thirteen
# Insurance Policies and Retirement Plans

## Section 1. During Our Lives

During our lives, we shall have the following rights, and our Trustee shall have the following duties, with respect to insurance policies or retirement plans owned by or made payable to our trust, to the extent of our community or sole and separate interest in those policies or plans.

### a. A Grantor's Rights

Each of us reserves, and may exercise without the approval of our Trustee or any beneficiary, all of the rights, powers, options, and privileges with respect to any insurance policy, retirement plan, annuity, or any other third-party beneficiary contract made payable to our trust or deposited with our Trustee.

### b. Our Trustee's Obligations

Our Trustee shall deliver to a Grantor or the Grantor's designee, upon the Grantor's written request, any and all insurance policies, retirement plan documents, annuity contracts, and all other third-party beneficiary contracts, as well as all related documents, which are owned by or deposited with our Trustee pursuant to our trust.

No provision of this agreement shall be construed to impose any obligation on either of us to maintain any insurance policy, retirement plan, annuity contract, or any other third-party beneficiary contract in force.

## Section 2. Upon a Grantor's Death

Upon the death of a Grantor, our Trustee shall make all appropriate elections with respect to insurance policies, retirement plans, and other death benefits which constitute the separate estate of the deceased Grantor. As to all insurance policies, retirement plans, and other death benefits which are a part of the estate, our Trustee and the surviving Grantor shall together make all appropriate elections consistent with the laws of the state having jurisdiction over such property.

### a. Collection of Insurance Proceeds and Other Nonretirement Death Proceeds

Our Trustee shall make every reasonable effort to collect all sums made payable to our trust or our Trustee under all life insurance policies, or other nonretirement death benefit plans, which provide for death proceeds made payable to or owned by the trust.

In collecting policy or death benefit proceeds, our Trustee may, in its sole and absolute discretion, exercise any of the settlement options that may be available under the terms of a policy or any other third-party beneficiary contract with regard to the interest of the deceased Grantor in those policy or death benefit proceeds.

Our Trustee shall not be liable to any beneficiary for the settlement option ultimately selected.

LAMITIE REVOCABLE TRUST

Doc: 992119414 OR /6312/0218   08/02/2001 15:20

**b.  Collection Proceedings**

Our Trustee may institute proceedings, whether in law or equity, administrative or otherwise, to enforce payment of such proceeds.

Our Trustee need not, except at its option, enter into or maintain any litigation or take action to enforce any payment until it has been indemnified to its satisfaction for all expenses and liabilities to which, in its sole judgment, it may be subjected.

Our Trustee is expressly authorized, in its sole and absolute discretion, to adjust, settle, and compromise any and all claims that may arise from the collection of any death proceeds. The decisions of our Trustee shall be binding and conclusive on all beneficiaries.

**c.  Liability of Payor**

No person or entity which pays insurance proceeds or other death proceeds to our Trustee as beneficiary shall be required to inquire into any of the provisions of this trust or to see to the application of any such proceeds by our Trustee.

The receipt of the proceeds by our Trustee shall relieve the payor of any further liability as a result of making such payment.

Doc: 992119414 OR /6312/0219    08/02/2001 15:20

# Article Fourteen
# Instructions With Regard to the Trusteeship

### Section 1. Use of "Trustee" Nomenclature

As used throughout this agreement, the word "Trustee" shall refer to our initial Trustee as well as any single, additional, or successor Trustees. It shall also refer to any individual, corporation, or other entity acting as a replacement, substitute, or added Trustee.

### Section 2. No Requirement to Furnish Bond

Our Trustee shall not be required to furnish any bond for the faithful performance of its duties.

If a bond is required by any law or court of competent jurisdiction, it is our desire that no surety be required on such bond.

### Section 3. Court Supervision Not Required

All trusts created under this agreement shall be administered free from the active supervision of any court.

Any proceedings to seek judicial instructions or a judicial determination shall be initiated by our Trustee in the appropriate state court having original jurisdiction of those matters relating to the construction and administration of trusts.

### Section 4. Our Trustee's Responsibility to Make Information Available to Beneficiaries

Our Trustee shall report, at least annually, to the beneficiaries then eligible to receive mandatory or discretionary distributions of the net income from the various trusts created in this agreement all of the receipts, disbursements, and distributions occurring during the reporting period along with a complete statement of the trust property.

The trust's books and records along with all trust documentation shall be available and open at all reasonable times to the inspection of the trust beneficiaries and their representatives.

Our Trustee shall not be required to furnish trust records or documentation to any individual, corporation, or other entity that is not a beneficiary, does not have the express written approval of a beneficiary, or is not requesting such pursuant to a court order.

Doc: 9921194l4 OR /6312/0220    08/02/2001 15:20

### Section 5. Delegation among Our Trustees

Any Trustee may delegate to any other Trustee the power to exercise any or all powers granted our Trustee in this agreement, including those which are discretionary, if allowed by law.

Our delegating Trustee may revoke any such delegation at will.

The delegation of any such power, as well as the revocation of any such delegation, shall be evidenced by an instrument in writing executed by the delegating Trustee.

As long as any such delegation is in effect, any of the delegated powers may be exercised by the Trustee receiving such delegation with the same force and effect as if the delegating Trustee had personally joined in the exercise of such power.

### Section 6. Trustee's Fee

Our Trustee shall be entitled to fair and reasonable compensation for the services it renders as a fiduciary. The amount of compensation shall be an amount equal to the customary and prevailing charges for services of a similar nature during the same period of time and in the same geographic locale.

Our Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with its fiduciary duties under this agreement.

### Section 7. A Majority of Trustees Required to Control

When more than two Trustees are acting, the concurrence and joinder of a majority of Trustees shall control in all matters pertaining to the administration of any trust created under this agreement.

If only two Trustees are acting, the concurrence and joinder of both shall be required.

When more than two Trustees are acting, any dissenting or abstaining Trustee may be absolved from personal liability by registering a written dissent or abstention with the records of the trust; the dissenting Trustee shall thereafter act with the other Trustees in any manner necessary or appropriate to effectuate the decision of the majority.

### Section 8. Discretionary Termination

If at any time the fair market value of any trust share is less than Fifty Thousand Dollars ($50,000), Trustee may, in Trustee's sole and absolute discretion, terminate such trust share by distributing the corpus thereof to the beneficiary, or ratably to the beneficiaries, then entitled to the income of such share.

Doc: 992119414 OR /6312/0221   08/02/2001 15:20

# Article Fifteen
# Trustee's Powers

**Section 1.**   **Introduction to Trustee's Powers**

Except as otherwise provided in this agreement, the Trustee shall have both the administrative and investment powers enumerated under this Article and any other powers granted by law with respect to the various trusts created by this agreement.

**Section 2.**   **Powers to Be Exercised in the Best Interests of the Beneficiaries**

The Trustee shall exercise the following administrative and investment powers without the order of any court, as the Trustee determines in its sole and absolute discretion to be in the best interests of the beneficiaries.

Notwithstanding anything to the contrary in this agreement, the Trustee shall not exercise any power in a manner inconsistent with the beneficiaries' right to the beneficial enjoyment of the trust property in accordance with the general principles of the law of trusts.

**Section 3.**   **Administrative and Investment Powers**

The Trustee is hereby granted the following administrative and investment powers:

**a. Distribution Powers**

Our Trustee is specifically authorized to make divisions and distributions of the trust property either in cash or in kind, or partly in cash and partly in kind, or in any proportion Our Trustee deems advisable.

Our Trustee shall be under no obligation or responsibility to make pro rata divisions and distributions in kind.

Our Trustee may allocate specific property to any beneficiary or share although the property may differ in kind from the property allocated to any other beneficiary or share.

The foregoing powers may be exercised regardless of the income tax basis of any of the property.

Doc: 992119414 OR /6312/0222   08/02/2001 15:20

**b.   Investment Powers in General**

Our Trustee may invest and reinvest in such classes of stocks, bonds, securities, or other property, real or personal, as Our Trustee shall determine.

Our Trustee may invest in investment trusts as well as in common trust funds.

Our Trustee may purchase life, annuity, accident, sickness, and medical insurance on the behalf of and for the benefit of any trust beneficiary.

**c.   Life Insurance Powers**

Our Trustee may purchase, accept, hold, and deal with as owner policies of insurance on our individual or joint lives, the life of any trust beneficiary, or on the life of any person in whom any trust beneficiary has an insurable interest.

Our Trustee shall have the power to execute or cancel any automatic premium loan agreement with respect to any policy, and shall have the power to elect or cancel any automatic premium loan provision in a life insurance policy.

Our Trustee may borrow money with which to pay premiums due on any policy either from the company issuing the policy or from any other source and may assign any such policy as security for the loan.

Our Trustee shall have the power to exercise any option contained in a policy with regard to any dividend or share of surplus apportioned to the policy, to reduce the amount of a policy or convert or exchange the policy, or to surrender a policy at any time for its cash value.

Our Trustee may elect any paid-up insurance or any extended-term insurance nonforfeiture option contained in a policy.

Our Trustee shall have the power to sell policies at their fair market value to the insured or to anyone having an insurable interest in the policies.

Our Trustee shall have the right to exercise any other right, option, or benefit contained in a policy or permitted by the insurance company issuing that policy.

Upon termination of any trust created under this agreement, Our Trustee shall have the power to transfer and assign the policies held by the trust as a distribution of trust property.

**d.   Loan, Borrowing, and Encumbrance Powers**

Our Trustee may loan money to any person, including a beneficiary, with interest, on any term or on demand, with or without collateral, as Our Trustee deems in the best interests of the trust beneficiaries.

Doc: 992119414 OR /6312/0223    08/02/2001 15:20

Our Trustee may borrow money upon such terms and conditions as Our Trustee shall deem advisable, including, in the case of a corporate fiduciary, the power to borrow from its own banking or commercial department.

Our Trustee shall have the power to obligate the trust property for the repayment of any sums borrowed where the best interests of the beneficiaries have been taken into consideration.

Our Trustee shall have the power to encumber the trust property, in whole or in part, by a mortgage or mortgages, deeds of trust, or by pledge, hypothecation or otherwise, even though such encumbrance may continue to be effective after the term of any trust or trusts created in this agreement.

e. **Brokerage, and Bank Account Powers**
Our Trustee is authorized to buy, sell, and trade in securities of any nature. Our Trustee is authorized to establish and maintain bank accounts of all types in one or more banking institutions that Our Trustee may choose.

f. **Mortgage Powers**
Our Trustee shall have the power to enter into any mortgage whether as a mortgagee or mortgagor, to purchase mortgages on the open market, and to otherwise buy, sell, or trade in first or subordinate mortgages.

Our Trustee may reduce the interest rate on any mortgage and consent to the modification or release of any guaranty of any mortgage.

Our Trustee may continue mortgages upon and after maturity with or without renewal or extension, and may foreclose any mortgage. Our Trustee may purchase the mortgaged property or acquire Our Trustee by deed from the mortgagor without foreclosure.

g. **Nominee Powers**
Our Trustee may hold any trust property in the name of Our Trustee, or in the name of a nominee, and may enter into agreements to facilitate holding such property. Our Trustee may accomplish such with or without disclosing its fiduciary capacity.

h. **Nonproductive Property**
Our Trustee may hold property which is non-income producing or is otherwise nonproductive if the holding of such property is, in the sole and absolute discretion of Our Trustee, in the best interests of the beneficiaries.

i. **Powers of Attorney**
Our Trustee may execute, deliver, and grant to any individual or corporation a revocable or irrevocable power of attorney to transact any and all business on behalf of the various trusts created in this agreement.

Doc: 9921119414 OR /6312/0224    08/02/2001 15:20

The power of attorney may grant to the attorney-in-fact all of the rights, powers, and discretion that Our Trustee could have exercised.

### j. Powers to Merge Similar Trusts

Our Trustee may merge and consolidate any trust created in this agreement with any other trust created by both or either of us, or any other person at any other time, if the other trust contains substantially the same terms for the same beneficiaries, and has at least one Trustee in common with the trust or trusts created in this agreement.

Our Trustee may administer such merged and consolidated trusts as a single trust or unit. If, however, such a merger or consolidation does not appear feasible, as determined in the sole and absolute discretion of Our Trustee, Our Trustee may consolidate the assets of such trusts for purposes of investment and trust administration while retaining separate records and accounts for the respective trusts.

### k. Powers of an Interested Trustee

An interested Trustee is any Trustee who has an interest as a beneficiary in this trust agreement or any trust created by Our Trustee. In all instances where an interested Trustee distributes, or participates in the distribution, of trust income or principal to or for the benefit of such Trustee, then the distribution shall be limited by the ascertainable standards of education, health, maintenance, and support.

No individual Trustee shall exercise or participate in the exercise of such discretionary power with respect to distributions to any person or persons such Trustee is legally obligated to support, as to that support obligation.

### l. Real Estate Powers

Our Trustee may purchase, sell, transfer, exchange or otherwise acquire or dispose of any real estate.

Our Trustee may make leases and grant options to lease for any term, even though the term may extend beyond the termination of any trust created under this agreement.

Our Trustee may grant or release easements and other interests with respect to real estate, enter into party wall agreements, execute estoppel certificates, and develop and subdivide any real estate.

Our Trustee may dedicate parks, streets, and alleys or vacate any street or alley, and may construct, repair, alter, remodel, demolish, or abandon improvements.

Our Trustee may elect to insure, as Our Trustee deems advisable, all actions contemplated by this subsection.

Our Trustee may take any other action reasonably necessary for the preservation of real estate and fixtures comprising a part of the trust property or the income therefrom.

Doc: 992119414 OR /6312/0225    08/02/2001 15:20

**m. Sale, Lease, and Other Dispositive Powers**

Our Trustee may sell, lease, transfer, exchange, grant options with respect to, or otherwise dispose of the trust property.

Our Trustee may deal with the trust property at such time or times, for such purposes, for such considerations and upon such terms, credits, and conditions, and for such periods of time, whether ending before or after the term of any trust created under this agreement, as Our Trustee deems advisable.

Our Trustee may make such contracts, deeds, leases, and any other instruments Our Trustee deems proper under the immediate circumstances, and may deal with the trust property in all other ways in which a natural person could deal with his or her property.

**n. Securities Powers**

In addition to those other securities powers granted throughout this Article, Our Trustee may retain, exercise, or sell rights of conversion or subscription with respect to any securities held as part of the trust property. Our Trustee may vote or refrain from voting at corporate meetings either in person or by proxy, whether general or limited, and with or without substitutions.

**o. Settlement Powers**

Our Trustee may compromise, adjust, arbitrate, alter the terms of, or abandon any claim in favor of or against any trust created under this agreement, and may take deeds in lieu of foreclosure.

**p. Trust Addition and Retention Powers**

Our Trustee is authorized to receive additional trust property, whether by gift, will, or otherwise, either from us, from either of us, or from any other person, corporation, or entity.

Upon receipt of any additional property, Our Trustee shall administer and distribute the same as part of the trust property.

Our Trustee may retain, without liability for depreciation or loss resulting from such retention, all property constituting the trust estate at the time of its creation or thereafter received from other sources.

The foregoing shall be acceptable even though such property may not be of the character prescribed by law for the investment of trust funds or may result in inadequate diversification of the trust property.

Doc: 992119414 OR /6312/0226    08/02/2001 15:20

### q. Income and Principal Powers

My Trustee shall determine in a fair, equitable, and practical manner how all Trustee's fees, disbursements, receipts, and wasting assets shall be credited, charged, or apportioned between principal and income.

My Trustee shall set aside from trust income reasonable reserves for taxes, assessments, insurance premiums, repairs, depreciation, obsolescence, depletion; it shall amortize bond premium payments; it may select any and all accounting periods with regard to the trust property.

All increases in the value of any life insurance policies prior to the death of the insured held by this trust shall be principal and not income.

### r. Trustees' or Fiduciaries' Powers Acts

In addition to all of the powers specifically granted Our Trustee in this Article, Our Trustee may exercise those powers set forth under Our Trustees' or Fiduciaries' Powers Acts, or their equivalent, of the State of Colorado, together with any amendment to such laws.

Our Trustee may perform every act reasonably necessary to administer each and every share or trust created under this agreement.

All of the powers granted to Our Trustee in this Article shall be in addition to those powers conferred upon Trustees under all applicable state and federal statutes.

Each power conferred upon Our Trustee under this Article, or upon Trustees in general, by applicable state or federal statutes, shall be subject to any express limitations or contrary directions contained in this agreement.

Doc: 9921194!4 OR /6312/0227    08/02/2001 15:20

# Article Sixteen
# Definitions and General Provisions

**Section 1.**     **Definitions**

For purposes of this agreement, the following words and phrases shall be defined as follows:

**a.  Adopted and Afterborn Persons**
Persons who are legally adopted while they are under 18 years of age shall be treated for all purposes under this agreement as though they were the naturally born children of their adopting parents.

A child in gestation who is later born alive shall be considered a child in being throughout the period of gestation.

**b.  Descendants**
A person's descendants shall include all of his or her lineal descendants through all generations. A descendant shall not include any child who is born to unmarried parents.

A descendant in gestation who is later born alive shall be considered a descendant in being throughout the period of gestation.

An adopted person, and all persons who are the descendants by blood or by legal adoption while under the age of 18 years of such adopted person, shall be considered descendants of the adopting parents as well as the adopting parents' ancestors.

**c.  Per Capita at Each Generation Distributions**
Whenever a distribution is to be made to a person's descendants per capita at each generation the distributable assets are to be divided into as many equal shares as there are, at the time such assets are distributable, issue in the nearest degree of kinship to the designated ancestor and then deceased issue in the same degree who left then living issue, each then living issue in the nearest degree receiving one share. The remaining shares, if any, are combined and then divided in the same manner among the then living issue of the deceased issue as if the then living issue who received a share, and their issue, had predeceased the date of distribution.

**d.  Personal Representative**
For the purposes of this agreement, the term "personal representative" shall include an executor, administrator, guardian, custodian, conservator, Trustee, or any other form of personal representative.

LAMITIE REVOCABLE TRUST

Doc: 992119414 OR /6312/0228    08/02/2001 15:20

e. **Disability**

Except as otherwise provided in this agreement, any individual may be treated as disabled, incompetent, or legally incapacitated if:

1. The individual has been declared or adjudicated as such by a court of competent jurisdiction; or
2. A guardian, conservator, or other personal representative of such individual's person or estate has been appointed by a court of competent jurisdiction; or
3. The individual has been certified as such in writing by at least two licensed physicians; or
4. The individual has disappeared or is absent for unexplained reasons, or the individual is being detained under duress where the individual is unable to effectively manage his or her property or financial affairs.

## Section 2.        The Rule Against Perpetuities

Unless sooner terminated by the express provisions of this agreement, each trust created in this agreement shall terminate twenty-one years after the death of the last survivor of the group composed of the both of us and those of our descendants living at the time the first one of us dies. At that time, the property held in trust shall be discharged of any further trust, and shall immediately vest in and be distributed to those persons entitled to receive or have the benefit of the income from the respective trust.

For purposes of distributions under this Section only, it shall be presumed that any person then entitled to receive any discretionary payments of the income of a separate trust is entitled to receive all of the income, and it shall be presumed that any class of persons entitled to receive discretionary payments of income is entitled to receive all of such income.

## Section 3.        Protective Clause

To the fullest extent permitted by law, the interests of all of the beneficiaries in the various trusts and trust property subject to this agreement, except for our interests in the various trusts or trust property subject to this agreement, shall not be alienated, pledged, anticipated, assigned, or encumbered unless specifically authorized by the terms of this agreement.

Such interests shall not be subject to legal process or to the claims of any creditors, other than our creditors to the extent of each of our respective interests in the trusts or trust property, while such interests remain trust property. Such interests shall not be deemed marital property subject to division in any dissolution of marriage proceeding other than our own, while such interests remain trust property.

Doc: 9921194l4 OR /6312/0229    08/02/2001 15:20

### Section 4.    Survivorship Presumptions

If the order of our deaths cannot be established by proof, each Grantor shall be deemed to have predeceased the other Grantor.

### Section 5.    Contest Clause

If any person, including a beneficiary, other than one of us, shall in any manner, directly or indirectly, attempt to contest or oppose the validity of this agreement, including any amendments thereto, or commences or prosecutes any legal proceedings to set this agreement aside, then in such event such person shall forfeit his or her share, cease to have any right or interest in the trust property, and shall be deemed to have predeceased both of us.

### Section 6.    General Matters

The following general matters of construction shall apply to the provisions of this agreement:

a. **Construction**
Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of the plural may be construed as denoting the singular. Words of one gender may be construed as denoting another gender as is appropriate within such context.

b. **Headings of Articles, Sections, and Paragraphs**
The headings of Articles, Sections, and Paragraphs used within this agreement are included solely for the convenience and reference of the reader. They shall have no significance in the interpretation or construction of this agreement.

c. **Notices**
All notices required to be given in this agreement shall be made in writing by either personally delivering notice to the party requiring it, and securing a written receipt, or mailing notice by certified United States mail, return receipt requested, to the last known address of the party requiring notice.

The effective date of the notice shall be the date of the written receipt or the date of the return receipt, if received, or if not, the date it would have normally been received via certified mail, provided there is evidence of mailing.

d. **Delivery**
For purposes of this agreement "delivery" shall mean personal delivery to any party, or delivery by certified United States mail, return receipt requested to the party making delivery.

LAMITIE REVOCABLE TRUST
ARTICLE 16    PAGE 2

Doc: 9921119414 OR /6312/0230   08/02/2001 15:20

The effective date of delivery shall be the date of personal delivery or the date of the return receipt, if received, or if not, the date it would have normally been received via certified mail, provided there is evidence of mailing.

### e. Applicable State Law

The validity of this trust shall be determined by reference to the laws of the State of Colorado.

Questions with regard to the construction and administration of the various trusts contained in this agreement shall be determined by reference to the laws of the state in which the trust is then currently being administered.

### f. Duplicate Originals

This agreement may be executed in several counterparts; each counterpart shall be considered a duplicate original agreement.

### g. Not Contractual

We are executing our wills at or about the same time, but even though our wills are similar, they are not intended to be, and shall not be construed to be, contractual or reciprocal.

### h. Severability

If any provision of this agreement is declared by a court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining provisions of this agreement. The remaining provisions shall be fully severable, and this agreement shall be construed and enforced as if the invalid provision had never been included in this agreement.

LAMITIE REVOCABLE TRUST
ARTICLE 16 - PAGE 4

Doc: 9921119414 OR /6312/0231    08/02/2001 15:20

# Execution of the
# Lamitie Revocable Trust

We, Robert E. Lamitie and Margaret C. Lamitie, hereby execute this agreement today, August 12, 1999.

We certify that we have read our foregoing revocable living trust agreement, or have had it explained to us to our satisfaction and that it correctly states the terms and conditions under which our trust property is to be held, managed, and disposed of by the Trustee. We approve this revocable living trust in all particulars, and request the Trustee to execute it.

_____    _____
Robert E. Lamitie, Grantor    Margaret C. Lamitie, Grantor

_____    _____
Robert E. Lamitie, Trustee    Margaret C. Lamitie, Trustee

STATE OF COLORADO   )
                    )ss.
COUNTY OF LAKE      )

The foregoing living trust agreement was acknowledged before me on August 12, 1999, by Robert E. Lamitie, and Margaret C. Lamitie as Grantors, and Robert E. Lamitie, and Margaret C. Lamitie as Trustees. Witness my hand and official seal.

_____
Notary Public

My Commission Expires 1-29-2002

ATTEST: HAMPSHIRE, _____, REGISTER
                    MARIANNE L. DONOHUE

LAMITIE REVOCABLE TRUST
Execution and Notarization