UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHESWELL, INC., | ) | Civil Action No. 04-30060-KPN |
| Plaintiff | ) |  |
|  | ) | PLAINTIFF'S OPPOSITION TO |
| vs. | ) | DEFENDANT MARY ANN |
|  | ) | MITCHELL'S MOTION TO |
| JAMES F. KENNEY, et al., | ) | DISSOLVE REAL ESTATE |
| Defendant | ) | ATTACHMENT |

I.   INTRODUCTION

The plaintiff Cheswell, Inc., pursuant to Fed. R. Civ. P. 64, and Local Rule 7.1(B), hereby opposes the Motion to Dissolve Real Estate Attachment filed on behalf of Mary Ann Mitchell. The grounds for this opposition is that the defendant has failed to present sufficient evidence that the attachment should not have been granted. In the absence of such proof, the attachment should not be dissolved.

In further opposition to the defendant's motion to dissolve the real estate attachment, the plaintiff relies on the Affidavit of Suzanne Harrington in Opposition to Motion to Dissolve Real Estate Attachment ("Harrington Aff.") and the Affidavit of Felicity Hardee filed herewith.

II.   ARGUMENT

Rule 64 of the Federal Rules of Civil Procedure provides that "all remedies providing for seizure of . . . property are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . ." Rule 4.1(f) of the Massachusetts Rules of Civil

Procedure provides for the entry of <u>ex parte</u> real estate attachments. Rule 4.1(g) provides for the dissolution of such attachments and Rule 4.1(h) sets forth the requirements for all affidavits under Rule 4.1. More specifically, Rule 4.1(h) provides that affidavits "shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that he believes this information to be true." The courts of this district have held that, on a motion to dissolve a real estate attachment, the defendant has the initial burden of proof "to introduce sufficient evidence by testimony or affidavit to challenge any finding upon which the issuance of the ex parte order rested. . . . The burden then shifts back to the plaintiff to justify the imposition of an attachment as if the plaintiff had sought a hearing on the motion . . . ." <u>Aetna Casualty and Surety Co. v. Rodco Autobody</u>, 138 F.R.D. 328, 332 (D. Mass. 1991).

In this case, the affidavit of Mrs. Mitchell is insufficient to challenge the finding upon which the issuance of the <u>ex parte</u> order rested. The claims against Mr. Kenney and J. F. Kenney Corporation are that they have engaged in a systematic effort to divest Mr. Kenney of assets that would be available to satisfy a judgment against Mr. Kenney in Civil Action No. 02-30115-KPN (hereinafter "Cheswell I"). The affidavits previously filed in the instant matter demonstrate that Mr. Kenney or those controlled by him have manipulated transactions in order to avoid creditors. Indeed, Mr. Kenney and his wife arranged for several transfers of property almost at the exact hour when this court heard counsel on a motion of real estate attachment in Cheswell I.

The defendant's motion and affidavit fail to address any of these facts that plaintiff established with supporting affidavits filed on March 24, 2004.[1] The only fact recited in Mrs. Mitchell's affidavit that is relevant to the issue of whether the real estate attachment was properly granted[2] is her assertion that she has "no obligation, agreement, or decision to compensate or pay Mr. Kenney or any corporation in which has an interest or involvement." It appears that Mrs. Kenney serves as the president, treasurer and director of J. F. Kenney Corporation; Mr. Kenney serves as the clerk. Harrington Aff. ¶5. The findings with respect to the entry of the real estate attachment would still be valid if Mrs. Mitchell has some financial arrangement with J. F. Kenney Corporation.

Moreover, the evidence demonstrates that J. F. Kenney Corporation has rendered services for the benefit of Mrs. Mitchell. The corporation has filed on behalf of Mrs. Mitchell an application for preliminary approval of the subdivision plan (see Affidavit of Felicity Hardee In Support of Motion for Real Estate Attachment, Exhibit 12). J. F. Kenney Corporation has obtained for Mrs. Mitchell an Order of Conditions from the Belchertown Conservation Commission (see Affidavit of Felicity Hardee In Support of Motion for Real Estate Attachment, Exhibit 13). Further discovery also might reveal additional services the corporation has rendered on behalf of Mrs. Mitchell. The law is well settled that J. F. Kenney Corporation has a claim under *quantum meruit* for the services

---

[1] The defendant alleges in her motion that the plaintiff's affidavits filed in this matter "fail to set forth any specific facts concerning the transfer of property by Mary Ann Mitchell." This is simply wrong. Paragraph 44 of the Verified Complaint states that title to the real estate is vested in Mrs. Mitchell. The issue is whether title remains in Mrs. Mitchell in order to defeat claims asserted against Mr. Kenney or J. F. Kenney Corporation or both.

[2] The defendant's motion and her affidavit elaborate in great detail the length of time Mrs. Mitchell and her family have owned the property. This is irrelevant to the question of whether the real estate attachment was properly granted or should now be dissolved.

rendered in connection with the development of the subdivision. Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436, 442 (1998). Therefore, even if there is no agreement of any kind between Mrs. Mitchell and Mr. Kenney or J. F. Kenney Corporation, she would still owe the corporation for the value of services it has rendered in the development of the subdivision. This debt that is owed is properly the subject of a reach and apply action under Mass. Gen. Laws c. 214, §3(6).

Moreover, the pleadings and other evidence strongly suggest that J. F. Kenney Corporation has some undisclosed relationship with Mrs. Mitchell. First, photographs of Mrs. Mitchell's property taken on September 12, 2003, and April 6, 2004, show that J. F. Kenney Corporation had large signs on Mrs. Mitchell's property (see Affidavit of Suzanne Harrington, Exhibit A and Affidavit of Felicity Hardee, Exhibit A). On April 15, 2004, the J. F. Kenney Corporation sign was removed and a placard was affixed to the remaining signpost indicating the property was sold (Affidavit of Cathy Terry, Exhibit A).

Second, in his answer, Mr. Kenney acknowledges that J. F. Kenney Corporation "is the project manager of this property to get a definitively approved plan for the owners." Mr. Kenney further concedes that Mrs. Mitchell is an elderly lady "unfamiliar with the development process." It is undisputed that Mr. Kenney and J. F. Kenney Corporation have certain real estate development expertise. These facts demonstrate that J. F. Kenney Corporation is undertaking the development of the Belchertown property for Mrs. Mitchell and that she has some obligation to compensate the corporation for that work. If so, the

attachment was rightly granted. The attachment should only be released if the plaintiff is secure that, if and when J. F. Kenney Corporation is paid, such sums will be available to satisfy a judgment against J.F. Kenney Corporation or Mr. Kenney or both.

### III.   CONCLUSION

For all the foregoing reasons, the Motion to Dissolve the Real Estate Attachment should be denied.

> The Plaintiff
> CHESWELL, INC.
> By Its Attorneys:
>
> *Felicity Hardee*
> Felicity Hardee
> BBO No. 221230
> Bulkley, Richardson and Gelinas, LLP
> 1500 Main Street, Suite 2700
> Springfield, MA  01115
> Tel: (413) 272-6283
> Fax: (413) 272-6805

Dated: April 22, 2004

5