UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30060

| | | |
|---|---|---|
| CHESWELL, INC., | ) | |
|     Plaintiff | ) | PLAINTIFF'S ANSWER TO |
| | ) | COUNTERCLAIMS OF |
| vs. | ) | DEFENDANT MARGARET C. |
| | ) | LAMITIE, TRUSTEE OF THE |
| JAMES F. KENNEY, et al., | ) | LAMITIE REVOCABLE TRUST |
|     Defendant | ) | |

Plaintiff and Defendant-in-Counterclaim, Cheswell, Inc. ("Cheswell"), responds to the allegations in Margaret C. Lamitie's, Trustee of the Lamitie Revocable Trust, Counterclaims as follows:

## FIRST DEFENSE

### Nature of Claim, Jurisdiction and Venue

1. No response to the allegations in Paragraph 1 of the Counterclaim is required as they consist of legal conclusions. To the extent a response is required, Cheswell denies the allegations contained in Paragraph 1 of the Counterclaim.

2. Cheswell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaim and therefore denies the same.

3. Cheswell admits the allegations contained in Paragraph 3 of the Counterclaim.

### Parties

4. Cheswell admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Cheswell admits the allegations contained in Paragraph 5 of the Counterclaim.

6. Cheswell admits the allegations contained in Paragraph 6 of the Counterclaim.

7. Cheswell admits the allegations contained in Paragraph 7 of the Counterclaim.

8. Cheswell admits the allegations contained in Paragraph 8 of the Counterclaim.

### Facts

9. Cheswell admits the allegations contained in Paragraph 9 of the Counterclaim.

10. Cheswell denies the allegations contained in Paragraph 10 of the Counterclaim.

11. Cheswell admits that a deed from Margaret Corriden McKillop Lamitie to Robert E. Lamitie and Margaret C. Lamitie, Trustees of the Lamitie Revocable Trust, for property on Summit Street, Belchertown, Massachusetts, is recorded in Book 6312, Page 232 of the Hampshire County, Massachusetts, Registry of Deeds, and denies the remaining allegations contained in Paragraph 11 of the Counterclaim.

12. Cheswell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaim and therefore denies the same.

13. Cheswell admits that this Honorable Court issued an *ex parte* real estate attachment on a parcel of land on State Street in Belchertown, Massachusetts, as being located on Assessors' Map 251, Parcel 70, and denies the remaining allegations of Paragraph 13 of the Counterclaim that do not pertain to said property.

14. Cheswell denies the allegations contained in Paragraph 14 of the Counterclaim.

15. Cheswell denies the allegations contained in Paragraph 15 of the Counterclaim.

16. Cheswell denies the allegations contained in Paragraph 16 of the Counterclaim.

## Count 1

17. Cheswell adopts by reference its answers contained in paragraphs 1 through 16 above.

18. Cheswell denies the allegations contained in Paragraph 18 of the Counterclaim.

19. Cheswell denies the allegations contained in Paragraph 19 of the Counterclaim.

## Count 2

20. Cheswell adopts by reference its answers contained in paragraphs 1 through 19 above.

21. Cheswell states that it received an *ex parte* real estate attachment against a parcel of land on State Street in Belchertown, Massachusetts, as being located on Assessors' Map 251, Parcel 70, and denies the remaining allegations of Paragraph 21 of the Counterclaim.

22. Cheswell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Counterclaim and therefore denies the same.

23. Cheswell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Counterclaim and therefore denies the same.

24. Cheswell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaim and therefore denies the same.

25. Cheswell denies the allegations contained in Paragraph 25 of the Counterclaim.

### Count 3

26. Cheswell adopts by reference its answers contained in paragraphs 1 through 25 above.

27. Cheswell denies the allegations contained in Paragraph 27 of the Counterclaim.

### Count 4

28. Cheswell adopts by reference its answers contained in paragraphs 1 through 27 above.

29. Cheswell denies the allegations contained in Paragraph 29 of the Counterclaim.

30. Cheswell denies the allegations contained in Paragraph 30 of the Counterclaim.

### SECOND DEFENSE

Defendant fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of laches.

### FIFTH DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE

Defendant's claims are barred in whole or in part by her own negligent acts or omissions or by negligent acts or omissions of third parties for whose conduct Cheswell is not responsible.

### SEVENTH DEFENSE

Defendant's claims are barred in whole or in part by insufficiency of process.

## EIGHTH DEFENSE

Cheswell's conduct was in accordance with the standard of reasonable care.

## NINTH DEFENSE

This Court lacks jurisdiction over Defendant's claims brought under M.G.L. c. 240.

WHEREFORE, Plaintiff and Defendant-in-Counterclaim Cheswell, Inc. respectfully requests that this Court:

A. Dismiss the Counterclaim with prejudice and enter final judgment in Cheswell's favor and against the Defendant;

B. Award Cheswell its attorneys' fees and costs incurred in defending this action; and

C. Award Cheswell such other relief as the Court deems just and proper.

The Plaintiff
CHESWELL, INC.
By Its Attorneys:

*Felicity Hardee*
Felicity Hardee, BBO #221230
Bulkley, Richardson and Gelinas, LLP
1500 Main Street
Springfield, MA 01115
(413) 272-6283

Dated: April 29 2004

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by first class mail to the attorneys of record for Margaret Lamitie, Trustee of the Lamitie Revocable Trust, Mary Ann Mitchell, and Mitchell Dzwonkoski; to Paul and Cheryl Cosman *pro se*; and to James and Susan Kenney individually and for J.F. Kenney Corporation *pro se*, on April 29, 2004.

_____
Felicity Hardee