UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30060-MAP

| | |
|---|---|
| CHESWELL, INC.,<br>               Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| JAMES F. KENNEY, SUSAN M. KENNEY,<br>MITCHELL R. DZWONKOWSKI, PAUL<br>COSMAN, JR., CHERYL COSMAN, MARY<br>ANN MITCHELL, MARGARET C. LAMITIE,<br>TRUSTEE OF THE LAMITIE REVOCABLE<br>TRUST, J.F. KENNEY CORPORATION,<br>               Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DZWONKOSKI'S MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT**

The Defendant, Mitchell R. Dzwonkoski, through his counsel, hereby moves this

Honorable Court to dismiss the case filed against him or in the alternative to enter summary

judgment against the Plaintiff. .

In support thereof, Defendant Dzwonkoski states that the Plaintiff has failed to state a

claim upon which relief may be granted due to the fact that the Plaintiff's argument lacks

evidentiary support.

Defendant Dzwonkoski further relies upon the Affidavits and Memorandum of Support

attached hereto.

RESPECTFULLY SUBMITTED,
DEFENDANT MITCHELL R. DZWONKOSKI
By His Attorney,

Date: _____

By: _____
Lawrence J. Farber
BB0#: 547966
30 Boltwood Walk
Amherst, MA 01002
(413) 256-8429

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30060-MAP

| | |
|---|---|
| CHESWELL, INC., | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES F. KENNEY, SUSAN M. KENNEY, | ) |
| MITCHELL R. DZWONKOWSKI, PAUL | ) |
| COSMAN, JR., CHERYL COSMAN, MARY | ) |
| ANN MITCHELL, MARGARET C. LAMITIE, | ) |
| TRUSTEE OF THE LAMITIE REVOCABLE | ) |
| TRUST, J.F. KENNEY CORPORATION, | ) |
| Defendants | ) |

**DEFENDANT DZWONKOSKI'S MEMORANDUM IN SUPPORT
OF A MOTION TO DISMISS OR SUMMARY JUDGMENT**

I.    INTRODUCTION AND RELEVANT FACTS

The Plaintiff has brought this action for injunctive and other equitable relief and to

recover damages and the costs of suit allegedly sustained by the Plaintiff because of purportedly

fraudulent transfers of property by Defendants James F. Kenney, Susan M. Kenney, and the J.F.

Kenney Corporation (hereinafter "Kenney"). The Plaintiff alleges that the sale of property

containing 8.4 acres located on the west side of Federal Street and the east side of Old Amherst

Road in Belchertown, Massachusetts (hereinafter "Federal Street property") to Mrs. Susan

Kenney by Defendant Mitchell Dzwonkoski was done to defraud, delay, or hinder the Plaintiff in

recovery of certain debts owed by Mr. Kenney to the Plaintiff. (See Plaintiff's Complaint

attached as Exhibit 1).

The land owned by Mitchell Dzwonkoski was sold to Susan Kenney for the fair market

price of $200,000 on December 5, 2002. (See Settlement Statement, Exhibit 2 and Warranty

Deed Exhibit 3, attached). Dzwonkoski was paid $20,000 in cash and then Susan Kenney

immediately granted a mortgage back to Dzwonkoski in the amount of $180,000. (See Mortgage, Exhibit 4, attached). There is no allegation that the price paid for the Federal Street property was not a fair market value. Mr. Dzwonkoski had no knowledge of the existence of the Plaintiff, Cheswell, Inc., nor of the alleged debts owed to the Plaintiff by James Kenney or the J.F. Kenney Corporation prior to the initiation of this litigation. Since the sale of the property in 2002, Mr. Dzwonkoski has only received the initial $20,000 deposit and one mortgage payment of $2,500 from Susan Kenney. (See Dzwonkoski Affidavit attached as Exhibit 5).

The Plaintiff has provided no evidence that Dzwonkoski knew, or should have known, of Kenney's debts to Cheswell. (See Farber Affidavit attached as Exhibit 6). The Plaintiff has failed to produce evidence that the sale of the Federal Street property was anything but a legitimate transaction, nor that Dzwonkoski was aware of any alleged attempts by the Kenney's to conceal assets from Cheswell. As such, the Plaintiff has failed to state a claim upon which relief can be granted and Defendant Dzwonkoski's Motion To Dismiss should be allowed.

II.    LEGAL ARGUMENT

In its Complaint (see Exhibit 1), the Plaintiff claims the transfer of the Federal Street property owned by Defendant Dzwonkoski to Susan Kenney served to delay, defraud, or hinder the Plaintiff with respect to debts James Kenney owed the Plaintiff. Despite contentions that Defendant Dzwonkoski has violated Mass. Gen. Laws c. 214 § 3(8) and c. 93A § 2, the Plaintiff fails to even allege, let alone provide, evidentiary support for these claims. Therefore, Mass. R. Civ. P. 12(b)(6) permits Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

In the alternative, a motion for Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56(c); Nashua Corp. v. First State

Ins. Co., 420 Mass 196, 202 (1995).  In addition, Summary Judgment is appropriate if the

opposing party has "no reasonable expectation of proving an essential element of that party's

case."  Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  Such is the case in

this matter.

 "In appraising the sufficiency of the complaint we follow, of course, the accepted rule

that a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him

to relief."  Nader v. Citron, 372 Mass. 96 (1977), quoting Conley v. Gibson, 355 U.S. 41 (1957).

The Plaintiff alleges in its Complaint that Defendant Dzwonkoski participated in transfers made

to defraud, delay, or hinder the Plaintiff in recovering debts owed by Mr. Kenney or corporations

controlled by him.  However, the facts clearly establish that Dzwonkoski sold to Mrs. Kenney as

a bonafide purchaser for value.  The price of $200,000 for the Federal Street land (see Exhibit 2)

was a reasonable price for the property, and in no way does this amount signify evidence that

Dzwonkoski consciously attempted to aid in Kenney's defrauding of the Plaintiff.  Moreover, the

sale of the property was to Susan, not James, Kenney.  Susan Kenney does not owe a debt to the

Plaintiff.

 Furthermore, nor is there is any evidence or suggestion that the money paid for the

Federal Street property was an attempt to conceal or "launder" the Kenney's money.  Instead, the

basic facts of the transaction establish that Dzwonkoski received a valid and reasonable

consideration for this 8.4 acre parcel of land in the town of Belchertown.  The Plaintiff's claim

becomes even more incredulous due to the fact that Defendant Dzwonkoski only received

$20,000 in cash.  Therefore, Dzwonkoski is still owed the remaining amount of approximately

$180,000 secured by the mortgage (see Exhibit 4).  This fact confirms that Defendant

Dzwonkoski is actually owed a larger debt by the Kenney's than the amount the Plaintiff is

attempting to collect.

Dzwonkoski originally negotiated an agreement to sell the property to James Kenney in October 2002 (see Purchase & Sales Amendment attached as Exhibit 7). This agreement expired and due to the property not having the capability to support septic systems due to wetland issues, Mr. Kenney was unable to secure financing for the purchase through a bank lender. (See Answer of James F. Kenney attached as Exhibit 8). The purchase of the property was then negotiated by Susan Kenney with a 80% owner financed mortgage (See Exhibit 8).

In addition, Dzwonkoski granted a second mortgage to Susan Kenney in January 2003 (see Mortgage, Exhibit 9 attached), in order to pay off a contractor who performed work on the property. This contractor had cleared part of the Federal Street property prior to its sale to Susan Kenney. Dzwonkoski lent Susan Kenney this money, adding to the existing debt owed to him by the Kenney's, so that Dzwonkoski would maintain the sole lien on the Federal Street land. The monies paid to the contractor secured by this second mortgage could have freed up monies for Susan Kenney to use for any purpose, including assisting her husband with the repayment of his debts owed to the Plaintiff. Unfortunately, Susan Kenney apparently did not do so. Despite not using the "freed" capital to pay Cheswell, payment by Dzwonkoski is further indication of his innocence in regards to Cheswell's baseless claims.

Moreover, the Plaintiff fails to demonstrate any "unfair or deceptive" acts or practices by Defendant Dzwonkoski that amounts to a violation of Mass. Gen. Laws c. 93A. First, Defendant Dzwonkoski has not engaged in any business transaction with the Plaintiff. Thus, the necessary element of conducting a business venture with the Plaintiff is missing. In order for a G.L.c. 93A claim to remain viable, a "commercial relationship" must exist between the parties, and the Plaintiff must demonstrate that Defendant Dzwonkoski's actions interfered with its "trade or commerce." Spencer v. Doyle, 50 Mass. App. Ct. 6 (2000), quoting First Enterprises, Ltd. V. Cooper, 425 Mass. 344 (1997). Defendant Dzwonkoski had no prior contact with the Plaintiff, and therefore, no "commercial relationship ever existed between the two parties; their only

contact occurred in the context of this litigation." <u>Saab v. Keenan</u>, 2003 Mass. App. Div. 100

(2003). Conclusively, besides the nonexistence of a relationship between the Plaintiff and

Defendant Dzwonkoski, the Plaintiff is incapable of illustrating how Dzwonkoski interfered with

its legitimate purpose of collecting Mr. Kenney's debt.

Whether or not an act is "unfair" within the meaning of G.L.c. 93A depends upon "the

nature of the challenged conduct and on the purpose and effect of that conduct as the crucial

factors in making a G.L.c. 93A fairness determination." <u>Massachusetts Employers Ins.</u>

<u>Exchange v. Propac-Mass, Inc.</u>, 420 Mass. 39 (1995). The challenged conduct in this case, the

alleged conspiracy between Defendant Dzwonkoski and Mr. and Mrs. Kenney, does not rise to

the level of the "unfair or deceptive" conduct described above. There was no purported purpose

to defraud the Plaintiff since Defendant Dzwonkoski had no prior knowledge of Mr. Kenney's

debts, and therefore no reason is presented that provides sufficient grounds for alleging a

conspiracy. Furthermore, even if Defendant Dzwonkoski was aware of Mr. Kenney's debts, it

would not prove relevant in the transaction of the Federal Street property because Dzwonkoski

sold the land to Mrs. Kenney, not Mr. Kenney. Also, as stated above, there is no allegation, let

alone evidence, that the transaction between Mrs. Kenney and Defendant Dzwonkoski was for

less than a reasonable, fair value.


III.    CONCLUSION

As the aforementioned reasons demonstrate, there is no reasonable evidence to support

the Plaintiff's claim and thus Defendant Dzwonkoski's motion for dismissal or summary

judgment regarding the charges brought against him should be granted. There is no evidentiary

support to substantiate Plaintiff's claim that Dzwonkoski engaged in "unfair and deceptive"

practices by entering into a transaction with Mr. and Mrs. Kenney. Therefore, Plaintiff's claim

of Dzwonkoski's intended hindrance of its debt collection must be dismissed.

## REQUEST FOR ORAL ARGUMENT

Defendant Dzwonkoski respectfully requests an oral argument before this Honorable

Court as to Defendant Dzwonkoski's Motion To Dismiss or In the Alternative For Summary

Judgment.

RESPECTFULLY SUBMITTED,
DEFENDANT MITCHELL R. DZWONKOSKI
By His Attorney,

Date: _____

By: _____
Lawrence J. Farber
BB0#: 547966
30 Boltwood Walk
Amherst, MA 01002
(413) 256-8429

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail to
the attorneys of record for Cheswell, Inc., Margaret Lamitie of the Lamitie Revocable Trust, and
Mary Ann Mitchell; to Paul and Cheryl Cosman *pro se*; and to James and Susan Kenney
individually and for J. F. Kenney Corporation *pro se*, on August _16_, 2004.

_____
Lawrence J. Farber

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.                              UNITED STATES DISTRICT COURT
                                           CIVIL ACTION NO.: 04-30060-MAP

CHESWELL, INC.,                            )
                    Plaintiff              )
                                           )
        v.                                 )
                                           )
JAMES F. KENNEY, SUSAN M. KENNEY,          )
MITCHELL R. DZWONKOWSKI, PAUL              )
COSMAN, JR., CHERYL COSMAN, MARY           )
ANN MITCHELL, MARGARET C. LAMITIE,         )
TRUSTEE OF THE LAMITIE REVOCABLE           )
TRUST, J.F. KENNEY CORPORATION             )
                    Defendants             )

## DEFENDANT DZWONKOSKI'S STATEMENT
## IN SUPPORT OF SUMMARY JUDGMENT

### Statement of Material Facts

1.    On December 5, 2002, Mitchell R. Dzwonkoski sold a 8.4 acre parcel of land located on
      the west side of Federal Street and the east side of Old Amherst Road in Belchertown,
      Massachusetts (hereafter "Federal Street property") to Susan Kenney for $200,000. (See
      Settlement Statement attached as Exhibit 2 and Warranty Deed attached as Exhibit 3).

2.    On December 5, 2002, Susan Kenney granted Mitchell R. Dzwonkoski a mortgage for
      $180,000. (See Mortgage attached as Exhibit 4).

3.    The Plaintiff contends this sale was done as an intentional act to fraudulently transfer the
      property from Dzwonkoski to Mrs. Kenney in an effort to conceal assets of James
      Kenney. (See Complaint attached as Exhibit 1).

4.    The Plaintiff has presented no evidence to support this claim. (See Farber Affidavit
      attached as Exhibit 6).

5.    Dzwonkoski originally signed a Purchase & Sales Amendment for the Federal Street
      property with Defendant James F. Kenney on October 23, 2002. (See Purchase & Sales
      Amendment attached as Exhibit 7).

6.    This Amendment expired and due to the property's wetland and septic system issues,
      James F. Kenney was unable to obtain bank financing to purchase the property. (See

Answer of James F. Kenney attached as Exhibit 8).

7.    Susan Kenney negotiated a 80% owner financed mortgage with Dzwonkoski.  (See Exhibit 8).

8.    The sale price of the Federal Street property, $200,000, was a fair market value for this property, given the wetland and septic issues.  (See Dzwonkoski Affidavit attached as Exhibit 5).        .

9.    Dzwonkoski was paid a $20,000 deposit on the sale of the property.  (See Exhibit 5).

10.   Since the sale of the property, Dzwonkoski has received only one mortgage payment in the amount of $2,500.  (See copy of check attached at Exhibit 10).

11.   Prior to the initiation of this litigation, Dzwonkoski had no knowledge of the existence of the Plaintiff, Cheswell, Inc.  (See Exhibit 5).

12.   Prior to the initiation of this litigation, Dzwonkoski had no knowledge of James F. Kenney's debts to the Plaintiff.  (See Exhibit 5).

13.   One January 31, 2003, a second mortgage was granted by Susan Kenney to Dzwonkoski for $12,600 to cover expenses related to a contractor who had cleared the Federal Street property prior to its sale to Susan Kenney. (See Mortgage attached as Exhibit 9).

Statement of Legal Elements

1.     Mass. R. Civ. P. 12(b)(6) permits Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Nader v. Citron, 372 Mass. 96 (1977), quoting Conley v. Gibson, 355 U.S. 41 (1957).

2.    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Mass. R. Civ. P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass 196, 202 (1995).

3.    Summary judgment is appropriate if the opposing party has "no reasonable expectation of proving an essential element of that party's case." Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

4.    In order to prove any "unfair or deceptive" acts or practices, the Plaintiff must establish that the Defendant engaged in a business transaction with the Plaintiff. G.L. c. 93A.

5.    In order for a G.L. c. 93A claim to remain viable, a "commercial relationship" must exist between the parties, and the Plaintiff must demonstrate that the Defendant interferred with its "trade or commerce." Spencer v. Doyle, 50 Mass. App. Ct. 6 (2000), quoting First Enterprises, Ltd. V. Cooper, 425 Mass. 344 (1997).

6.    If no prior contact between the parties existed, then, no "commercial relationship ever existed between the two parties; their only contact occurred in the context of this litigation." Saab v. Keenan, 2003 Mass. App. Div. 100 (2003).

7.    Whether or not an act is "unfair" within the meaning of G.L.c. 93A depends upon "the nature of the challenged conduct and on the purpose and effect of that conduct as the crucial factors in making a G.L.c. 93A fairness determination." Massachusetts Employers Ins. Exchange v. Propac-Mass, Inc., 420 Mass. 39 (1995).

RESPECTFULLY SUBMITTED,
DEFENDANT DZWONKOSKI
By His Attorney,

Date: _____

By: _____
Lawrence J. Farber
BBO#: 547966
30 Boltwood Walk
Amherst, MA 01002
(413) 256-8429

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail to the attorneys of record for Cheswell, Inc., Margaret Lamitie of the Lamitie Revocable Trust, and Mary Ann Mitchell; to Paul and Cheryl Cosman *pro se*; and to James and Susan Kenney individually and for J.F. Kenney Corporation *pro se*, on August ____, 2004.

Subscribed under the pains and penalties of perjury.

_____
Lawrence J. Farber

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| CHESWELL, INC.,<br>　　　　　　Plaintiff<br>v.<br>JAMES F. KENNEY, SUSAN M. KENNEY,<br>MITCHELL R. DZWONKOWSKI, PAUL<br>COSMAN, JR., CHERYL COSMAN,<br>MARY ANN MITCHELL,<br>MARGARET C. LAMITIE, TRUSTEE OF<br>THE LAMITIE REVOCABLE TRUST,<br>J. F. KENNEY CORPORATION,<br>　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)　　VERIFIED COMPLAINT<br>)　　(Jury Trial Demanded)<br>)<br>)<br>)<br>)<br>)<br>) |

## NATURE OF CLAIM,
## JURISDICTION, AND VENUE

1.  This is an action for injunctive and other equitable relief and to recover damages and the costs of suit, including reasonable attorneys' fees, sustained by Cheswell, Inc., because of the conduct of James F. Kenney, Susan M. Kenney, and J. F. Kenney Corporation consisting of fraud, fraudulent transfer and violation of Massachusetts General Laws Chapter 93A in connection with fraudulent transfers.  Mitchell Dzwonkowski, Paul Cosman, Jr., and Cheryl Cosman are transferees of Mr. and Mrs. Kenney in connection with transfers made to defraud, delay or hinder Cheswell in recovery of certain debts owed by Mr. Kenney or corporations controlled by him.  Susan M. Kenney, Mary Ann Mitchell and Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust hold title to certain real estate purchased directly or indirectly by Mr. Kenney.  Title is vested in Mrs. Kenney, Ms. Mitchell and Mrs. Lamitie to defeat, delay or defraud Cheswell, Inc. in the recovery of debts Mr. Kenney or his corporations owes it.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, and 15 U.S.C. § 1 et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Local Rule 40.1(D)(2).

## PARTIES

4. Cheswell is a corporation having its principal place of business at 283 Poocham Road, West Chesterfield, New Hampshire.

5. J. F. Kenney Corporation is a Massachusetts corporation with a principal place of business at 1269 Federal Street, Belchertown, Massachusetts.

6. James F. Kenney is a natural person who resides at 72 Oakridge Drive, Belchertown, Massachusetts.

7. On information and belief, Susan M. Kenney is a natural person who resides at 72 Oakridge Drive, Belchertown, Massachusetts and is the wife of James F. Kenney.

8. On information and belief, Mitchell R. Dzwonkowski is a natural person who resides at 825 East Pleasant Street, Amherst, Massachusetts.

9. On information and belief, Paul Cosman, Jr. is a natural person who resides at 30 Stoneybrook Road, North Grafton, Massachusetts.

10. On information and belief, Cheryl Cosman is a natural person who resides at 30 Stoneybrook Road, North Grafton, Massachusetts and is the wife of Paul Cosman, Jr.

11. On information and belief, Mary Ann Mitchell is a natural person who resides at 19 Andersen Road, Chicopee, Massachusetts.

12. On information and belief, Margaret C. Lamitie is the trustee of the Lamitie Revocable Trust and she resides at 1204 Mt. Elbert Drive, Leadville, Colorado.

2

## FACTS

### The Premier Action

13. Cheswell is a plaintiff in an action in this district known and styled as <u>Cheswell, Inc., et al. v. Premier Homes and Land Corporation, et al.</u>, Civil Action No. 02-30115-KPN (the "Premier Action"). The defendants in that matter include, among others, Mr. Kenney and Premier Homes and Land Corporation ("Premier").

14. Premier is a Massachusetts corporation that is owned and controlled by Mr. Kenney.

15. The claims in the Premier Action include the following claims:

    a. default under a promissory note that Premier gave Richard P. Harrington and James H. Loney that was subsequently assigned to Cheswell;

    b. breach of contract;

    c. fraud; and

    d. violation of Mass. Gen. Laws c. 93A.

16. The damages incurred by Cheswell as a result of the default by Premier under the promissory note are at least $71,000, exclusive of attorneys' fees.

17. The damages incurred by Cheswell as a result of the breach of contract by Premier are at least $25,000, exclusive of attorneys' fees.

18. In a companion case to the Premier Action, namely <u>Premier Homes and Land Corporation vs. Cheswell, Inc.</u>, Civil Action No. 02-30118-KPN, the court has entered judgment against Premier in the amount of $24,845.99 as a sanction for perpetrating a fraud on the court.

19. The court in the Premier Action has ordered Mr. Kenney to pay personally the sanction amount of $24,845.99.

3

20. Mr. Kenney has failed to pay the sanction amount as ordered by the court.

21. Since the commencement of the Premier Action, Mr. Kenney has been engaged in a systematic effort to transfer and conceal assets owned or controlled by himself or Premier or both so that they will be unavailable to satisfy the debt owed to Cheswell.

### The Federal Street Property

22. On October 29, 2002, in the Premier Action, Cheswell filed a motion for real estate attachment on all property owned by Premier in Hampshire County, Massachusetts. The matter was scheduled for a hearing on December 11, 2002, at 10:00 a.m.

23. Less than one hour before the hearing on the motion for real estate attachment in the Premier Action, Premier conveyed property it owned at 311 Warren Wright Road, Belchertown, Massachusetts to a third party.

24. Approximately forty five minutes later, at the same time that counsel for the parties were before the court on the abovementioned hearing, Mitchell R. Dzwonkowski conveyed property on the west side of Federal Street and the east side of Old Amherst Road, Belchertown, Massachusetts (the "Federal Street Property") to Susan M. Kenney. The stated purchase price was $200,000.

25. Mrs. Kenney immediately granted a mortgage back to Mr. Dzwonkowski in the amount of $180,000.

26. Prior to the transfer of the real estate to Mrs. Kenney, Mr. Kenney wrote to the Conservation Commission of the Town of Belchertown describing the Federal Street property as "[his] land."

4

27. On information and belief, the reason that title to the Federal Street Property was vested in Mrs. Kenney was to delay, defraud or hinder Cheswell with respect to the debts Premier and Mr. Kenney owe Cheswell.

### The Wilfin Road Property

28. On February 20, 2002, Margaret W. Kenney and Theresa A. Rousseau conveyed to Mr. and Mrs. Kenney as trustees of the J.W.K. Nominee Trust property located at 23 Wilfin Road, South Yarmouth, Massachusetts (the "Wilfin Road Property").

29. On April 26, 2002, Mr. and Mrs. Kenney, as trustees of the J.W.K. Nominee Trust conveyed the Wilfin Road Property to themselves as tenants by the entireties.

30. On January 17, 2003, Mr. and Mrs. Kenney jointly conveyed the Wilfin Road Property to Mrs. Kenney.

31. Two weeks later, on February 3, 2003, Mrs. Kenney conveyed the Wilfin Road Property to Paul Cosman, Jr. and Cheryl Cosman.

32. On information and belief, the reason that the Wilfin Road Property was conveyed first to Mrs. Kenney and then to Mr. and Mrs. Cosman was to delay, defraud or hinder Cheswell with respect to the debts Premier and Mr. Kenney owe Cheswell.

### The Filing of Bankruptcy

33. On March 6, 2003, Premier filed for protection under chapter 11 of the Bankruptcy Code. The automatic stay provided by the Bankruptcy Code prevents Cheswell from pursuing its claims against Premier in the Premier Action or bringing additional legal actions against Premier.

34. According to an affidavit filed with the United States Bankruptcy Court for the District of Massachusetts, Premier provided a retainer in the amount of $10,700 to bankruptcy counsel. The

affidavit also states that Mary Ann Mitchell loaned Mr. Kenney $8,200 for the retainer for bankruptcy counsel.

35. On information and belief, it does not appear that the assets of the Premier bankruptcy estate will be sufficient to compensate Cheswell for its damages.

### The State Street Property

36. On December 9, 2003, J. F. Kenney Corporation filed an Application for Approval of a Preliminary Plan of Subdivision for property located on State Street and Summit Street, Belchertown, Massachusetts (the "State Street Property").

37. On information and belief, J. F. Kenney Corporation is managed and controlled by Mr. Kenney. Mrs. Kenney is the president and treasurer of the corporation.

38. According to the records of the Town of Belchertown, the State Street Property consists of two parcels of land.

39. One parcel of the State Street Property, consisting of 33 acres of undeveloped land, is identified by the Belchertown assessors as being located on Assessors' Map 251, Parcel 70 and is owned by Mary Ann Mitchell (the "Mitchell Parcel").

40. The second parcel of the State Street Property, consisting of 47 acres of undeveloped land, is identified by the Belchertown assessors as being located on Assessors' Map 254, Parcel 59. The records of the Belchertown assessors identify the owner of the parcel as Robert E. Lamitie and Margaret C. Lamitie, Trustees of the Lamitie Revocable Trust (the "Lamitie Parcel").

41. On information and belief, Robert E. Lamitie died on January 26, 2003.

42. On information and belief, the Mitchell Parcel and the Lamitie Parcel are contiguous.

6

43. According to the Application for Approval of Subdivision Plan, J. F. Kenney Corporation proposes to develop 49 lots out of the State Street Property.

44. On information and belief, the reason that the title to the State Street Property remains vested in Mary Ann Mitchell and Margaret C. Lamitie as trustee of the Lamitie Revocable Trust is to delay, defraud or hinder Cheswell with respect to the debts Premier and Mr. Kenney owe Cheswell.

## COUNT ONE
### (Action to Reach and Apply Federal Street Property)

45. Plaintiffs hereby adopt by reference and incorporate herein the allegations in paragraphs 1 through 44 of this Verified Complaint, above.

46. Mr. Kenney owes a debt to Cheswell.

47. The Federal Street Property was fraudulently transferred to Mrs. Kenney by Mitchell Dzwonkowski with the intent to defeat, delay or defraud Cheswell.

48. Mrs. Kenney fraudulently granted mortgages to Mr. Dzwonkowski with the intent to defeat, delay or defraud Cheswell.

49. Cheswell is entitled to recover under Mass. Gen. Laws c. 214, § 3(8).

## COUNT TWO
### (Action for Fraudulent Transfer of Wilfin Road Property)

50. Plaintiffs hereby adopt by reference and incorporate herein the allegations contained in paragraphs 1 through 49 of this Verified Complaint, above.

51. Mr. Kenney fraudulently transferred to Mrs. Kenney his interest in the Wilfin Road Property with the intent to defeat, delay or defraud Cheswell.

7

52. Mrs. Kenney subsequently fraudulent transferred the Wilfin Road Property to Mr. and Mrs. Cosman with the intent to defeat, delay or defraud Cheswell.

53. The debt Mr. Kenney and Premier owed Cheswell was antecedent to Mr. Kenney's transfer of his interest to Mrs. Kenney and her subsequent transfer to Mr. and Mrs. Cosman.

54. Mr. Kenney did not receive reasonably equivalent value when he transferred his interest in the Wilfin Road Property to Mrs. Kenney.

55. On information and belief, Mrs. Kenney did not receive reasonably equivalent value when she transferred the Wilfin Road Property to Mr. and Mrs. Cosman.

56. The transfers of the Wilfin Road Property are voidable under the Uniform Fraudulent Transfer Act, Mass. Gen. Laws c. 109A.  Cheswell is entitled to injunctive and monetary relief and the Court should void the transfers or grant such other relief as is available under Mass. Gen. Laws c. 109A.

### COUNT THREE
(Action to Reach and Apply State Street Property)

57. Plaintiffs hereby adopt by reference and incorporate herein the allegations contained in paragraphs 1 through 56 of this Verified Complaint, above.

58. Mr. Kenney or J. F. Kenney Corporation has purchased, directly or indirectly, the State Street Property from Mary Ann Mitchell and Margaret Lamitie as Trustee of the Lamitie Revocable Trust.

59. Title to the State Street Property has been retained in Ms. Mitchell and Mrs. Lamitie with the intent to defeat, delay or defraud Cheswell.

60. Cheswell is entitled to recover under Mass. Gen. Laws c. 214, § 3(8).

8

## COUNT FOUR
### (Violation of Massachusetts General Laws Chapter 93A)

61. Plaintiffs hereby adopt by reference and incorporate herein the allegations contained in paragraphs 1 through 60 of this Verified Complaint, above.

62. Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation are engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

63. Cheswell is engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

64. The conduct of Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation described above constitutes unfair and deceptive acts or practices.

65. The conduct of Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation described above occurred in Massachusetts and was knowing and willful.

66. As a result of the unfair and deceptive acts and practices of Mr. Kenney, Mrs. Kenney and J. F. Kenney Corporation, Cheswell has suffered and will suffer damages.

WHEREFORE, the Plaintiff Cheswell demands that judgment enter against the defendants as follows:

      a.      Enter Judgment in favor of Cheswell and award monetary damages, including but not limited to actual, incidental and consequential damages, multiple damages, attorney's fees, interests and costs.

      b.      Enter Judgment in favor of Cheswell and order preliminary and permanent injunctive relief to prevent Mrs. Kenney, Paul Cosman, Jr. and Cheryl Cosman, and Mary Ann Mitchell and Margaret C. Lamitie, Trustee of the Lamitie Revocable Trust

9

from selling, transferring, assigning, encumbering or otherwise disposing of the Federal Street Property, the Wilfin Road Property and the State Street Property, pending further order of this Court;

    c.    Enter Judgment that permits Cheswell to reach and apply any sums due or to become due to Mr. Kenney, Mrs. Kenney or J. F. Kenney Corporation from Susan M. Kenney, Mitchell Dzwonkowski, Mary Ann Mitchell and Margaret C. Lamitie as trustee of the Lamitie Revocable Trust to any pending judgment and any judgment to be entered hereafter against Mr. Kenney, Premier or J. F. Kenney Corporation;

    d.    Award Cheswell such other relief as this Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as to all issues so triable.

            The Plaintiff
            CHESWELL, INC.
            By Its Attorneys:

            Felicity Hardee

            Felicity Hardee
            BBO No. 221230
            Bulkley, Richardson and Gelinas, LLP
            1500 Main Street, Suite 2700
            Springfield, MA 01115
            Tel: (413) 272-6283
            Fax: (413) 272-6805

Dated: March 24, 2004

10

## VERIFICATION

I, Suzanne Harrington, state that I am treasurer of Cheswell, Inc. Except where allegations are based upon information and belief, I have personal knowledge of the matters set forth in the foregoing Verified Complaint. The allegations contained in the Verified Complaint are true to the best of my knowledge, information, and belief. I certify under the penalties of perjury on behalf of Cheswell, Inc. that the foregoing is true and correct. Executed this _9th_ day of March, 2004.

Suzanne W. Harrington
Suzanne Harrington, Treasurer
Cheswell, Inc.

11