A. **Settlement Statement**

U.S. Department of Housing
And Urban Development

B. **Type of Loan**

HUD-1 (3/86)  OMB No. 2502-0265

| 1 ☐ FHA | 2 ☐ FmHA | 3 ☒ CONV. UNINS | 6. File Number: | 7. Loan Number: | 8. Mortgage Ins. Case No.: |
|---|---|---|---|---|---|
| 4 ☐ VA | 5 ☐ CONV. INS. | ☐ None | | | |

C. Note:  This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrowers: | F. Name and Address of Lender: |
|---|---|
| Susan M. Kenney<br><br>72 Oakridge Drive<br><br>Belchertown MA 01007 | Mitchell R. Dzwonkowski<br>825 East Pleasant Street<br><br>Amherst MA 01002 |

| E. Name and Address of Sellers: | H. Settlement Agent: |
|---|---|
| Mitchell R. Dzwonkowski<br><br>825 East Pleasant Street<br><br>Amherst MA 01002 | Robert L. Ward<br>37 Main Street<br>Belchertown, MA 01007 |

| G. Property Location: | I. Settlement Date: | Place of Settlement: 37 Main Street |
|---|---|---|
| Federal Street West Side<br>Old Amherst Road East Side<br>Belchertown MA 01007 | December 05, 2002 | Belchertown, MA 01007 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | $200,000.00 | 401. Contract sales price | $200,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $1,333.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes           to | | 406. City/town taxes          to | |
| 107. County taxes              to | | 407. County taxes             to | |
| 108. Assessments               to | | 408. Assessments              to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $201,333.00 | **420. Gross Amount Due To Seller** | $200,000.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | $10,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $180,000.00 | 502. Settlement charges to seller (line 1400) | $2,112.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Lender Credit to Borrower: | | 504. Payoff 1 | |
| 205. | | 505. Payoff 2 | |
| 206. | | 506. Loan to Susan M. Kenney | $180,000.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. Deposit held by Seller | $10,000.00 |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes           to | | 510. City/town taxes          to | |
| 211. County taxes              to | | 511. County taxes             to | |
| 212. Assessments               to | | 512. Assessments             to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $190,000.00 | **520. Total Reductions Amount Due Seller** | $192,112.00 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $201,333.00 | 601. Gross amount due to seller (line 420) | $200,000.00 |
| 302. Less amount paid by/for borrower (line 220) | ($190,000.00) | 602. Less reductions in amount due seller (line 520) | ($192,112.00) |
| **303. CASH  ☐ FROM  ☐ TO  BORROWER:** | $11,333.00 | **603. CASH  ☒ TO  ☐ FROM  SELLER:** | $7,888.00 |

Buyer's Initials  _SML_

Seller's Initials  _MRD_

Substitute Form 1099 Seller Statement:  The information contained in blocks E, G, H, and I and on line 401 (or, if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service.  If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported to the IRS and the IRS determines that is has not been reported.

Seller Instructions:  If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, 8252 or Schedule D.

TIN Certification.  You are required by law to provide  _Robert L. Ward_  with your correct taxpayer identification number.  If you do not provide  Robert L. Ward  with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.

| L. Settlement Charges | | Settlement Statement Page 2 |
|---|---|---|
| **700. Total Sales/Broker's Commission based on price** $200,000.00 @ % = | **Paid From Borrower's Funds at Settlement** | **Paid From Seller's Funds at Settlement** |
| Division of Commission (line 700) as follows: | | |
| 701. to | | |
| 702. to | | |
| 703. Commission paid at Settlement | | |
| 704. | | $0.00 |
| **800. Items Payable In Connection With Loan** | | |
| 801. Loan Origination Fee % | | |
| 802. Loan Discount % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Fee | | |
| 807. Assumption Fee | | |
| 808. Flood Certification | | |
| 809. | | |
| 810. | | |
| 811. | | |
| 812. | | |
| 813. | | |
| 814. | | |
| 815. | | |
| **900. Items Required By Lender To Be Paid In Advance** | | |
| 901. Interest from 12/5/02 to @ $ / day | | |
| 902. Mortgage Insurance Premium for mo. to | | |
| 903. Hazard Insurance Premium for yrs. to | | |
| 904. | | |
| **1000. Reserves Deposited With Lender** | | |
| 1001. Hazard Insurance months @ per month | | |
| 1002. Mortgage Insurance months @ per month | | |
| 1003. City property taxes months @ per month | | |
| 1004. months @ per month | | |
| 1005. months @ per month | | |
| 1006. months @ per month | | |
| 1007. months @ per month | | |
| 1008. Aggregate Adjustment | | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee to | | |
| 1102. Abstract or title search to | | |
| 1103. Title examination to | | |
| 1104. Title insurance binder to | | |
| 1105. Document preparation to | | |
| 1106. Notary fees to | | |
| 1107. Attorney's fees to Robert L. Ward Robert L. Ward (includes above item Numbers: | $1,200.00 | $1,200.00 |
| 1108. Title insurance to First American Title Insurance Company ) (includes above item Numbers: | | |
| 1109. Lender's coverage Loan Premium: ) | | |
| 1110. Owner's coverage Owner's Premium: | | |
| 1111. | | |
| 1112. | | |
| 1113. Title Insurance Commission to Title Agent 60 % | | |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Recording fees: Deed $45.00 ; Mortgage $49.00 ; Releases | $94.00 | $0.00 |
| 1202. City/county tax stamps: Deed ; Mortgage | | |
| 1203. State tax/stamps: Deed $912.00 ; Mortgage | $0.00 | $912.00 |
| 1204. Municipal Lien Certificate to Hampshire County Registry of Deeds | $14.00 | |
| **1300. Additional Settlement Charges** | | |
| 1301. Survey to | | |
| 1302. Pest inspection to | | |
| 1303. Municipal Lien Certificate to Town of Belchertown | | |
| 1304. | $25.00 | |
| 1305. | | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | $1,333.00 | $2,112.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement (pages 1 and 2).

Borrowers

_Susan M Kenney_
Susan M. Kenney

Sellers

_Mitchell R. Dzwonkowski_
Mitchell R. Dzwonkowski

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

3

Doc: 992238927 OR /6927/0051    12/11/2002 10:03

# WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS that I, MITCHELL R. DZWONKOWSKI, of 825 East Pleasant Street, Amherst, Hampshire County, Massachusetts 01002

for consideration paid, and in full consideration of TWO HUNDRED THOUSAND and NO/100 ($200,000.00) DOLLARS,

grant to Susan M. Kenney of 72 Oakridge Drive, Belchertown, Hampshire County, Massachusetts 01007

with Warranty covenants the following described premises:

The land in said Belchertown, with the buildings thereon, situated on the easterly side of Amherst Road, bounded and described as follows:

Beginning at an iron pipe set in the easterly line of Amherst Road, said iron pipe marking the southwesterly corner of the land herein described and the northwesterly corner of land of Charles A. Pratt et ux; thence

northerly, along the easterly side of Amherst Road, one thousand three hundred fifty-eight (1,358) feet to an iron pipe marking the southwesterly corner of land of the heirs of Edwin Rhodes; thence

N. 76° 15' E., along said Rhodes land, eighty-six (86) feet to an iron pipe; thence N. 2° 00' W., along said Rhodes land, one hundred seventy-eight (178) feet to an iron pipe at an apple tree; thence

S. 82° 15' E., partly along land of George Smith and partly along land of Ralph Trachy, one thousand twenty-six (1,026) feet to an iron pipe; thence

S. 2° 00' W., along land of Sarah C. Jones, one thousand six hundred forty-three (1,643) feet to an iron pipe; thence

N. 84° 45' W., along land of Arthur Mayo, six hundred sixty (660) feet to a Hickory stump; thence

N. 13° 00' W., along land of said Pratt, one hundred seventy five and seven-tenths (175.7) feet to an iron pipe; thence

N. 87° 45' W., along said Pratt land, two hundred ninety-seven (297) feet to the point of beginning; containing thirty-eight and three-tenths (38.3) acres.

*Property Address: West Side of Federal Street and East side of Old Amherst Road Belchertown, MA 01007*

Doc: 992238927 OR /6927/0032    12/11/2002 10:03

Excepted from the above described tract of land are those parcels as described in the following instruments:

Deed to Ralph M. Hummel dated January 16, 1958 and recorded with the Hampshire County Registry of Deeds in Book 1265, Page 109;

Taking by the Commonwealth of Massachusetts by instrument dated March 7, 1961 and recorded with the Hampshire County Registry of Deeds in Book 1347, Page 69;

Deed to Western Massachusetts Electric Company dated March 24, 1966 and recorded with the Hampshire County Registry of Deeds in Book 1482, Page 159;

Deed to Western Massachusetts Electric Company dated December 15, 1967 and recorded with the Hampshire County Registry of Deeds in Book 1522, Page 19;

Deed to ~~Trustees of Amherst College~~ *Irving Lloyd Gang (½int) and Steven M. & Edith S. Rostas (½int)* dated October 24, 1969 and recorded with the Hampshire County Registry of Deeds in Book 1561, Page 658;

Deed to College Self-Storage, Inc. dated October 23, 2001 and recorded with the Hampshire County Registry of Deeds in Book 6401, Page 249.

*This conveyance creates no new boundaries.*

Being a portion of the same premises conveyed to the grantor herein by deed of Rozalia Dzwonkowski, dated March 24, 1954 and recorded in Hampshire County Registry of Deeds in Book 1162, Page 476.

Signed and sealed in the presence of:

_____              _____
Teresa E. Stevens, Witness              Mitchell R. Dzwonkowski

### COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss.                                    December 5, 2002

Then personally appeared the above named Mitchell R. Dzwonkowski and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
                                              Notary Public

RE/6340ZWONKOWSKI-WEST

My commission expires:

ATTEST: HAMPSHIRE, _____ REGISTER
            MARIANNE L. DONOHUE

April 7, 2007

4

Doc: 992238928 OR /6927/0033     12/11/2002 10:04

# MORTGAGE

KNOW ALL PERSON BY THESE PRESENTS that Susan M. Kenney of 72 Oakridge Drive, Belchertown, Hampshire County, Belchertown, Massachusetts 01007, hereinafter referred to as Borrower,

for consideration paid

grant to , MITCHELL R. DZWONKOWSKI, of 825 East Pleasant Street, Amherst, Hampshire County, Massachusetts 01002, hereinafter referred to as Lender

with MORTGAGE COVENANTS to secure the payment of ONE HUNDRED EIGHTY THOUSAND and 00/100 ($180,000.00) DOLLARS, as provided in note of even date,

The land in Belchertown, Hampshire County, Massachusetts with the buildings thereon, bounded and described more particularly in EXHIBIT "A" attached hereto and incorporated herein.

Property Address: Old Amherst Road and Federal Street
Belchertown, Massachusetts

This Security Instrument secures to Lender: (a) the repayment of the debt and advances evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, to protect the security of this Security Instrument; and (c) the performance of Borrowers covenants and agreements under this Security Instrument and the Note. Advances means all sums, amounts or expenses advanced or paid for common area site costs, and any and all costs incurred by Lender, as provided in this mortgage.

This mortgage is upon the statutory condition for any breach of which the mortgagee shall have the statutory power of sale.

WITNESS my hand and seal this 5th day of December, 2002.

_Susan Kenney_
Susan M. Kenney (AKA Susan Kenney)

COMMONWEALTH OF MASSACHUSETTS

Hampshire ss.                                                                     December 5, 2002

Then personally appeared the above named Susan M. Kenney and acknowledged the foregoing instrument to be her free act and deed, before me,

_W. Benjamin McCloud_ , Notary Public
W. Benjamin McCloud
My Commission expires: May 1, 2009

RE#34/DZWONKOWSKI-WEST

Doc: 992238928 OR /6927/0034    12/11/2002 10:04

# EXHIBIT "A"

The land in said Belchertown, Hampshire County, Massachusetts, with the buildings thereon, situated on the easterly side of Amherst Road, bounded and described as follows:

Beginning at an iron pipe set in the easterly line of Amherst Road, said iron pipe marking the southwesterly corner of the land herein described and the northwesterly corner of land of Charles A. Pratt et ux; thence

northerly, along the easterly side of Amherst Road, one thousand three hundred fifty-eight (1,358) feet to an iron pipe marking the southwesterly corner of land of the heirs of Edwin Rhodes; thence

N. 76° 15' E., along said Rhodes land, eighty-six (86) feet to an iron pipe; thence N. 2° 00' W., along said Rhodes land, one hundred seventy-eight (178) feet to an iron pipe at an apple tree; thence

S. 82° 15' E., partly along land of George Smith and partly along land of Ralph Trachy, one thousand twenty-six (1,026) feet to an iron pipe; thence

S. 2° 00' W., along land of Sarah C. Jones, one thousand six hundred forty-three (1,643) feet to an iron pipe; thence

N. 84° 45' W., along land of Arthur Mayo, six hundred sixty (660) feet to a Hickory stump; thence

N. 13° 00' W., along land of said Pratt, one hundred seventy five and seven-tenths (175.7) feet to an iron pipe; thence

N. 87° 45' W., along said Pratt land, two hundred ninety-seven (297) feet to the point of beginning; containing thirty-eight and three-tenths (38.3) acres.

Excepted from the above described tract of land are those parcels as described in the following instruments:

Deed to Ralph M. Hummel dated January 16, 1958 and recorded with the Hampshire County Registry of Deeds in Book 1265, Page 109;

Taking by the Commonwealth of Massachusetts by instrument dated March 7, 1961 and recorded with the Hampshire County Registry of Deeds in Book 1347, Page 69;

Deed to Western Massachusetts Electric Company dated March 24, 1966 and recorded with the Hampshire County Registry of Deeds in Book 1482, Page 159;

Deed to Western Massachusetts Electric Company dated December 15, 1967 and recorded with the Hampshire County Registry of Deeds in Book 1522, Page 19;

Deed to ~~Trustees of Amherst College~~ *IRVING LLOYD GANG (⅓ Int.) and Steven M & Edith S RASTAS (⅔ Int.)* dated October 24, 1969 and recorded with the Hampshire County Registry of Deeds in Book 1561, Page 658;

Deed to College Self-Storage, Inc. dated October 23, 2001 and recorded with the Hampshire County Registry of Deeds in Book 6401, Page 249.

Being a portion of the same premises conveyed to the grantor herein by deed of Rozalia Dzwonkowski, dated March 24, 1954 and recorded in Hampshire County Registry of Deeds in Book 1162, Page 476.

ATTEST: HAMPSHIRE, *Marianne L. Donohue*, REGISTER
MARIANNE L. DONOHUE

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30060-KPN

CHESWELL, INC.,                               )
                    Plaintiff                 )
                                              )
v.                                            )
                                              )
JAMES F. KENNEY, SUSAN M. KENNEY,             )
MITCHELL R. DZWONKOWSKI, PAUL                 )
COSMAN, JR., CHERYL COSMAN, MARY              )
ANN MITCHELL, MARGARET C. LAMITIE,            )
TRUSTEE OF THE LAMITIE REVOCABLE              )
TRUST, J.F. KENNEY CORPORATION,               )
                    Defendants                )

## AFFIDAVIT OF MITCHELL R. DZWONKOSKI

I, Mitchell R. Dzwonkoski, being over the age of eighteen (18) and understanding the meaning of an oath, do hereby depose and state:

1.  I am one of the Defendants in the above-entitled action;

2.  All facts listed in the Motion to Dismiss and the Motion for Sanctions are true and accurate to the best of my knowledge and I verify those facts listed therein;

3.  I had no prior knowledge of the existence of the Plaintiff, Cheswell, Inc., prior to the initiation of this litigation;

4.  I had no knowledge of the debts owed to the Plaintiff by James Kenney or the J.F. Kenney Corporation prior to the initiation of this litigation;

5.  I was the owner of an 8.4 acre parcel of land located on the west side of Federal Street and the east side of Old Amherst Road in Belchertown, Massachusetts prior to selling it to Susan Kenney in 2002.

6. I had no intention or knowledge that the sale of the Federal Street property might later be considered fraudulent or as a hindrance to the Plaintiff's attempts to collect debts from Mr. Kenney or the J.F. Kenney Corporation;

7. I affirm my belief that $200,000 was a fair and reasonable price for the Federal Street property given the septic and wetland issues of this particular parcel of land;

8. Because of wetlands on the property, housing structures would be very difficult to build or receive appropriate permits. The best use of the property would be self-storage units, or a similar business, which do not need to meet the same stringent Title V regulations. The Kenney's have previously built and run a self-storage business;

9. To date, I have received only the $20,000 deposit and one mortgage payment of $2500.00 from Susan Kenney towards this property;

10. I entered into a mortgage agreement with Susan Kenney in order to secure the outstanding payment of $180,000;

11. The mortgage was part of the purchase agreement made on October 23, 2002;

12. I have been hindered by this lawsuit because I am unable to collect any further payments from the Kenney's on debts owed to me on the Federal Street property.

13. The family spelling of my last name is DZWONKOWSKI, however, I choose to spell it DZWONKOSKI. Some paperwork attached with this Motion have the family spelling.

Signed under the pains and penalties of perjury this 9 day of July 2004.

_Mitchell R. Dzwonkoski_
Mitchell R. Dzwonkoski

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30060-KPN

CHESWELL, INC.,                                )
                        Plaintiff               )
                                               )
v.                                             )
                                               )
JAMES F. KENNEY, SUSAN M. KENNEY,              )
MITCHELL R. DZWONKOWSKI, PAUL                  )
COSMAN, JR., CHERYL COSMAN, MARY               )
ANN MITCHELL, MARGARET C. LAMITIE,             )
TRUSTEE OF THE LAMITIE REVOCABLE               )
TRUST, J.F. KENNEY CORPORATION,                )
                        Defendants              )

## AFFIDAVIT OF LAWRENCE J. FARBER

I, Lawrence J. Farber, being over the age of eighteen (18) and understanding the meaning of an oath, do hereby depose and state:

1. I am an attorney duly authorized to practice law in the Commonwealth of Massachusetts and represent one of the Defendants, Mitchell R. Dzwonkoski, in the above-entitled action;

2. Attached are true and accurate copies of documents obtained from the Hampshire County Registry of Deeds;

3. The Plaintiff has presented no evidence that Defendant Dzwonkoski had any knowledge of the existence of Cheswell, Inc. prior to the initiation of this litigation;

4. The Plaintiff has presented no evidence that Defendant Dzwonkoski had any knowledge of debts owed by James F. Kenney, or the J.F. Kenney Corporation, to the Plaintiff prior to the initiation of this litigation.

Signed under the pains and penalties of perjury this 26 day of July 2004.

Lawrence J. Farber

7

# PURCHASE & SALES AMENDMENT

Between J. F. Kenney Corporation, A Massachusetts Corporation with a principal place of business at 37 Main Street, Belchertown, Hampshire County, Massachusetts 01007 (BUYER) and Mitchell and Helen Dzwonkowski (SELLER).

Due to the town of Amherst and the Town of Belchertown having not agreed to allow sewer extension at this time, and for the foreseeable future. The BUYER hereby requests the SELLER sell the subject land to BUYER under the following conditions:

1) Closing to take place on or before November 15, 2002.

2) BUYER will pay SELLER an additional payment of $10,000.00 on top of the $10,000.00 already paid to date for a total of $20,000.00 NON-REFUNDABLE.

3) SELLER take back a note of $180,000.00 as a first mortgage at 10% interests, due and payable in full on or before November 15, 2003.

4) BUYER agrees to make monthly payments of $2,000.00 to SELLER on outstanding principle until the maturity date of November 15, 2003, at which time the outstanding principle balance shall be paid in full.

5) If BUYER does not make full payment on the maturity date all payments will be retained by SELLER and the BUYER shall deed the property back to the SELLER forthwith.

6) These provisions shall survive the real estate closing of November 15, 2002.

Executed this 23rd day of October 2002.

SELLER

BUYER

REP&S AMENDMENT

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHESWELL, INC.,                                    Civil Action No,: 04-30060-KPN
                          Plaintiff
v.                                         )
                                           )
James F. Kenney, et al.,                   )
                          Defendant        )
                                           )

## ANSWER OF DEFENDANT JAMES F. KENNEY

Now comes James F. Kenney, individually, to response to plaintiff's attorney's serious and defamatory allegations.

## Response to statement of facts;
### A. The Parties:

It is agreed that James F. Kenney is the President of Premier Homes & Land Corp. which is a company that has been out of business since the Chapter 7 filing. The company is owned by Susan M. Kenney and was established in June 1, 2000, for the benefit of and for the wife and children of James F. Kenney. James F. Kenney is an unpaid advisor at this time and since it's inception. *(see attachment 1)*

Defendant has never met and does not know personally or otherwise Paul and Cheryl Cosman, except as purchasers of a property that James and Susan Kenney sold in an attempt to pay debt. The property was listed through a real estate agent and was sold through the same agent.

Mitchell Dzwonkowski sold a parcel to College Self Storage and subsequently another parcel to Susan Kenney. Due to the property having limited viability for development, seller agreed to take back a mortgage.

Mary Ann Mitchell and Margaret Lamitie are property owners that James Kenney has previously work for as a real estate agent. J.F. Kenney Corp. is not the developer of this property. J.F. Kenney Corp. is working for no compensation as the project's advisor and land use planner. This is being done out of friendship and past working relationships. In return, Mitchell/Lamitie had allowed J.F. Kenney to advertise it's services in the hope of generating new business clients.

### B. Procedural History:

No response other than what is documented in Mr. Loney's deposition, which clearly states he and Attorney Burgoyne drafted the lease. *( see attachment 2)*

1

## C. Transfer of the Federal Street Property:

The 311 Warren Wright Rd. property was sold to help pay off outstanding debts. This property was scheduled to close approximately five (5) months prior to the December 11, 2002 hearing. Due to the property failing a Title 5 inspection, a new septic system was required before the closing could take place.

The Federal Street property, across from the storage property, was originally under agreement by James F. Kenney. In order for James F. Kenney's wife Susan to agree to sell the family property at 23 Wilfin Road, Susan required a majority stake in KEEP SAFE- Self Storage, Inc. and 100% control of future investments. The Federal Street property agreement with James Kenney expired and due to the property not having the capability to support septic systems and town sewer no available, the property was unable to be financed through a bank lender. Susan M. Kenney negotiated an 80% owner financed mortgage.

## D. Transfer of the Wilfin Road Property:

This property had been in the Kenney family since 1974. For estate planning purposes it was transferred to the JWK Trust for the benefit of Jacob William Kenney. Due to Premier not receiving the expected $300,000 payment from Wesfield, a number of financial problems arose. Mr. James Kenney had expanded his RE/MAX company based on the expected payment from Wesfield. When that payment never came, legal action was taken. In an attempt to pay the bills of RE/MAX and Premier, Mr. Kenney borrowed against the equity in this property. Finally, after no other choice and to pay his attorney, at that time David Noonan, the property was put up for sale. As state previously, the property was under agreement to sell on or around June of 2002, however due to a failed septic system, a new one was required to be installed before the closing. *( see attachment 3)*

## E. The State Street Development:

It is my opinion that Attorney Hardee has confused the actions of James Loney with the alleged actions of James Kenney *(see attachment 4)*

The forced action of Bankruptcy was only after James Kenney attempted to pay debts by selling assets, due to Wesfield's ability to get James Kenney as President of Premier, to sign a fraudulent lease and not pay the promised monies for the old post office amounting to $300,000.

James Kenney et al., has never discussed nor offered to purchase the Mitchell/Lamitie properties with Mitchell/Lamitie. Any actions of James Kenney relating to this proposed development has been as an advisor to J.F. Kenney Corp which is the project manager of this property to get a definitively approved plan for the owners. These owners are elderly ladies of high ethics and integrity and are unfamiliar with the development process. James Kenney and or J.F. Kenney Corp. has never taken any actions without the permission and under the review of the property owners. When and if a definitive plan is approved by the town, the property will be put up for sale to the highest and best bidder.



**9**

BK 0 7 0 2 3 PG 1 9 0

# MORTGAGE



Bk: 7023 Pg: 190 Page: 1 of 2
Recorded: 02/04/2003 12:35 PM

KNOW ALL PERSON BY THESE PRESENTS that Susan M. Kenney of 72 Oakridge Drive, Belchertown, Hampshire County, Belchertown, Massachusetts 01007, hereinafter referred to as Borrower,

for consideration paid

grant to MITCHELL R. DZWONKOWSKI, of 825 East Pleasant Street, Amherst, Hampshire County, Massachusetts 01002, hereinafter referred to as Lender

with MORTGAGE COVENANTS to secure the payment of TWELVE THOUSAND SIX HUNDRED and 00/100 ($12,600.00) DOLLARS, as provided in note of even date,

The land in Belchertown, Hampshire County, Massachusetts with the buildings thereon, bounded and described more particularly in EXHIBIT "A" attached hereto and incorporated herein.

Property Address: Old Amherst Road and Federal Street
Belchertown, Massachusetts

This Security Instrument secures to Lender: (a) the repayment of the debt and advances evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, to protect the security of this Security Instrument; and (c) the performance of Borrowers covenants and agreements under this Security Instrument and the Note. Advances means all sums, amounts or expenses advanced or paid for common area site costs, and any and all costs incurred by Lender, as provided in this mortgage.

This mortgage is upon the statutory condition for any breach of which the mortgage shall have the statutory power of sale.

WITNESS my hand and seal this 31st day of January, 2003.

*Susan M. Kenney*

Susan M. Kenney

COMMONWEALTH OF MASSACHUSETTS

Hampshire ss.

January 31, 2003

Then personally appeared the above named Susan M. Kenney and acknowledged the foregoing instrument to be her free act and deed, before me,

Robert L. Ward, Notary Public

My Commission expires: November 27, 2009

RE#34/DZWONKOWSKI-WEST 2

Return to:
Robert L. Ward
7 Main Street
Belchertown MA 01007
P.O. Box 1100

# EXHIBIT "A"

The land in said Belchertown, Hampshire County, Massachusetts, with the buildings thereon, situated on the easterly side of Amherst Road, bounded and described as follows:

Beginning at an iron pipe set in the easterly line of Amherst Road, said iron pipe marking the southwesterly corner of the land herein described and the northwesterly corner of land of Charles A. Pratt et ux; thence

northerly, along the easterly side of Amherst Road, one thousand three hundred fifty-eight (1,358) feet to an iron pipe marking the southwesterly corner of land of the heirs of Edwin Rhodes; thence

N. 76° 15' E., along said Rhodes land, eighty-six (86) feet to an iron pipe; thence N. 2° 00' W., along said Rhodes land, one hundred seventy-eight (178) feet to an iron pipe at an apple tree; thence

S. 82° 15' E., partly along land of George Smith and partly along land of Ralph Trachy, one thousand twenty-six (1,026) feet to an iron pipe; thence

S. 2° 00' W., along land of Sarah C. Jones, one thousand six hundred forty-three (1,643) feet to an iron pipe; thence

N. 84° 45' W., along land of Arthur Mayo, six hundred sixty (660) feet to a Hickory stump; thence

N. 13° 00' W., along land of said Pratt, one hundred seventy five and seven-tenths (175.7) feet to an iron pipe; thence

N. 87° 45' W., along said Pratt land, two hundred ninety-seven (297) feet to the point of beginning; containing thirty-eight and three-tenths (38.3) acres.

Excepted from the above described tract of land are those parcels as described in the following instruments:

Deed to Ralph M. Hummel dated January 16, 1958 and recorded with the Hampshire County Registry of Deeds in Book 1265, Page 109;

Taking by the Commonwealth of Massachusetts by instrument dated March 7, 1961 and recorded with the Hampshire County Registry of Deeds in Book 1347, Page 69;

Deed to Western Massachusetts Electric Company dated March 24, 1966 and recorded with the Hampshire County Registry of Deeds in Book 1482, Page 159;

Deed to Western Massachusetts Electric Company dated December 15, 1967 and recorded with the Hampshire County Registry of Deeds in Book 1522, Page 19;

Deed to Irving Lloyd Gang ( 2/3 Interest ) and Steven M. and Edith /S. Rostas ( 1/3 Interest ) dated October 24 1969 and recorded with the Hampshire County Registry of Deeds in Book 1561, Page 658; and

Deed to College Self-Storage, Inc. dated October 23, 2001 and recorded with the Hampshire County Registry of Deeds in Book 6401, Page 249.

Being a portion of the same premises conveyed to the grantor herein by deed of Rozalia Dzwonkowski, dated March 24, 1954 and recorded in Hampshire County Registry of Deeds in Book 1162, Page 476.

REF34/DZWONKOWSKI-WEST

ATTEST: HAMPSHIRE, *Marianne L. Donohue*, REGISTER
MARIANNE L. DONOHUE