FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHESWELL, INC., | ) | Civil Action No. 04-30060-MAP |
| Plaintiff | ) | PLAINTIFF'S MOTION TO |
| | ) | STRIKE MATERIALS |
| vs. | ) | SUBMITTED IN SUPPORT |
| | ) | OF DEFENDANT'S MOTION |
| JAMES F. KENNEY, et al., | ) | TO DISMISS OR FOR |
| Defendants | ) | SUMMARY JUDGMENT |

I. Introduction

The plaintiff Cheswell, Inc. ("Cheswell"), pursuant to Local Rule 56.1, hereby moves to strike the following items submitted in support of the Defendant Dzwonkoski's Motion to Dismiss or in the Alternative for Summary Judgment:

- Paragraphs 3 and 4 of the Affidavit of Lawrence J. Farber (the "Farber Affidavit");

- Paragraphs 7 and 8 of the Affidavit of Mitchell R. Dzwonkoski (the "Dzwonkoski Affidavit"); and

- Paragraph 3, 4, and 8 of the Statement of Material Facts and all of the "Statement of Legal Elements" contained in Defendant Dzwonkoski's Statement in Support of Summary Judgment (the "Defendant's Statement").

II. Affidavit of Lawrence J. Farber

Paragraphs 3 and 4 of the Farber Affidavit should be struck because they constitute argument and conclusions rather than statements of fact as to which Mr. Farber has personal knowledge. Paragraphs 3 and 4 of the Farber Affidavit state that "The Plaintiff has presented no evidence" that the defendant knew of Cheswell or any debt owed by the defendant James F. Kenney to Cheswell. Since

these statements merely characterize Attorney Farber's view of the record,[1] they should be stricken. *See John Beaudette, Inc. v. Sentry Insurance A Mutual Company*, 94 F. Supp. 2d 77, 86-87, n. 4 (affidavit containing attorney's characterization of deposition testimony and contents of documents is improper and must be stricken).

### III. Affidavit of Mitchell Dzwonkoski

Paragraph 7 of the Dzwonkoski Affidavit states: "I affirm my belief that $200,000 was a fair and reasonable price for the Federal Street property given the septic and wetland issues of this particular parcel of land." A statement of belief or personal opinion does not constitute a statement of fact as to which the affiant has personal knowledge and therefore must be stricken from the record. *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 84-85 (D. Mass. 1997).

Paragraph 8 of the Dzwonkoski Affidavit avers that "[b]ecause of wetlands on the property, housing structures would be very difficult to build or receive appropriate permits. The best use of the property would be self-storage units, or a similar business, which do not need to meet the same stringent Title V regulations. The Kenney's [*sic*] have previously built and run a self-storage business." Mr. Dzwonkoski has not established that he has any experience or professional expertise as a real estate appraiser or developer. To the contrary, testimony at his deposition demonstrates that he has no qualifications whatsoever

---

[1] The meaning of Mr. Farber's statement that "the Plaintiff has presented no evidence that Defendant Dzwonkoski had any knowledge of the existence of Cheswell, Inc. prior to the initiation of this litigation" (Farber Affidavit, ¶3) is unclear. Until the filing of the defendant's motion for summary judgment, the record in this matter pertaining to allegations against Mr. Dzwonkoski consisted of primarily of the allegations in the Verified Complaint and there was no "evidence" developed in the matter.

to testify about what the "best use of the property" would be or the effect, if any, of the presence of wetlands on the development of the property.[2] (Dzwonkoski Depo. at 9, 33). Rule 56(e) requires that affidavits "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Since Mr. Dzwonkoski has not made the required showing, paragraph 8 should be stricken. See *Murphy v. Ford Motor Co.*, 170 F.R.D. at 85.

## IV. Defendant's Statement In Support of Summary Judgment

Local Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts requires that "[m]otions for Summary Judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried . . . ." Paragraphs 3 and 4 of the Defendant's Statement are not statements of material fact and therefore should be stricken. As noted above, the defendant has presented no competent testimony that would be admissible at trial regarding the fair market value of the property and therefore, paragraph 8 of the Defendant's Statement should disregarded by the Court. Furthermore, neither the Local Rule nor Rule 56 of the Federal Rules of Civil Procedure contemplate the submission of a "Statement of Legal Elements" as is contained in the Defendant's Statement.[3] Therefore, this section should be stricken or disregarded.

---

[2] The defendant has not even introduced any competent evidence that there are wetlands on the property. The Dzwonkoski Affidavit assumes that there are wetlands on the property but does not establish the foundation for that assumption.

[3] Counsel for the defendant appears to have confused the requirements of filing a motion for summary judgment in the Superior Court of the Commonwealth of Massachusetts (see Superior Court Rule 9A(b)(5) requiring a "statement of legal elements") with those of the United States District Court for the District of Massachusetts.

3

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Materials Submitted in Support of Defendant Dzwonkoski's Motion for Summary Judgment should be allowed.

<div style="margin-left:50%">

Respectfully submitted,
The Plaintiff
CHESWELL, INC.
By Its Attorneys:

_____
Felicity Hardee
BBO No. 221230
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 272-6283
Fax: (413) 272-6805

</div>

Dated: Sept. 13, 2004

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record and upon James F. Kenney and Susan M. Kenney *pro se* by mail on September 13, 2004.

_____
Felicity Hardee