UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30060-MAP

CHESWELL, INC., )
    Plaintiff ) PLAINTIFF'S SUPPLEMENT
) TO OPPOSITION TO
vs. ) DEFENDANT'S MOTION TO
) DISMISS
JAMES F. KENNEY, et al., )
    Defendants )

## I.  INTRODUCTION

The plaintiff Cheswell, Inc., pursuant to Fed. R. Civ. P. 56, and Local Rule 56.1, hereby requests leave to supplement Plaintiff's Opposition to Defendant Dzwonkoski's Motion to Dismiss and Request for Further Relief.  The grounds for this motion are that the plaintiff has uncovered additional case law with respect to the nature of the conveyance from defendant Mitchell Dzwonskoski to defendant Susan Kenney that it believes will be of assistance to the court in the disposition of the defendant Mitchell Dzwonkoski's motion to dismiss.

## II.  ARGUMENT

The defendant Mitchell Dzwonkoski appears to argue that the transfer of his land to Mrs. Kenney (as opposed to Mr. Kenney or one of his corporations) somehow insulates the transfer from scrutiny.  In fact, the law in this and other jurisdictions is that if a conveyance is made to the spouse of a debtor with actual intent to defraud creditors, a constructive trust should be imposed on the asset for the benefit of the creditors.  W. Allen, Right of Creditors to Attack As Fraudulent A Conveyance By Third Person to Debtor's Spouse, 35 A.L.R.2d 8.  The court

has wide equitable powers, including the power to impose a constructive trust on assets, with respect to property fraudulently conveyed. The purpose of such a constructive trust is to avoid unjust enrichment of a party that obtains legal title by means of fraud. *See Mass. Cash Register, Inc. v. Comtrex Systems, Corp.,* 901 F. Supp. 404, 422-23 (D. Mass. 1995); *Fletcher Village Condominium Association v. FDIC*, 864 F. Supp. 259 (D. Mass. 1994), *citing Nessralla v. Peck,* 403 Mass. 757, 762, 532 N.E.2d 685 (1989). *See also Joseph P. Manning Co. v. Shinopoulos,* 317 Mass. 97, 99, 56 N.E.2d 869, 870 (1944).

In this matter, the facts demonstrate that the conveyance to Mrs. Kenney was in no way legitimate. Mr. Dzwonkoski originally agreed to sell the Federal Street property to Premier Homes and Land Corporation (Affidavit of Felicity Hardee, Ex. 1). At the last minute, immediately before the hearing by this court on plaintiff's motion for real estate attachment in *Cheswell I,* the property was conveyed to Mrs. Kenney. However, Mrs. Kenney did not have responsibility for Premier and was not an officer or director of Premier (see excerpts of deposition of James Kenney filed herewith as Ex. A).[1] It does not appear that Mrs. Kenney had an ownership or other interest in Premier.[2] There is no evidence that Premier owed Mrs. Kenney any debts that would justify her taking title to the property that, according to the purchase agreement, was to be sold to Premier. Mrs. Kenney was, however, a co-defendant of Mr. Dzwonkoski in litigation

---

[1] Mrs. Kenney is a teacher in the Belchertown school system where she has worked continuously except for maternity leave (Ex. A).

[2] Mr. Kenney has asserted that his wife became more involved in his business dealings when the couple was required to sell property on the Cape because of Mr. Kenney's financial problems (Ex. A). However, the sale of the Cape property occurred *after* the conveyances that are the subject of this litigation.

commenced by Rocky Mountain Wood Products alleging that Mr. Dzwonkoski fraudulently transferred the Belchertown property to Mrs. Kenney (Affidavit of Felicity Hardee, Ex. 13). Most problematic for the defendants, the transfer of Mr. Dzwonkoski's land and Mrs. Kenney's subsequent grant of a mortgage to him occurred simultaneously with this court's hearing of the plaintiff's request for a real estate attachment. Under these circumstances, the transfers between Mr. Dzwonkoski and Mrs. Kenney cannot be considered anything but a fraud on the plaintiff.

### III. CONCLUSION

For all the foregoing reasons, the Defendant Dzwonkoski's Motion to Dismiss or in the Alternative for Summary Judgment should be denied and the court should enter further equitable relief by setting aside or subordinating the mortgages granted by Mrs. Kenney to Mr. Dzwonkoski to the attachment of Cheswell.

The Plaintiff
CHESWELL, INC.
By Its Attorneys:

/s/ Felicity Hardee
―――――――――――――――――――
Felicity Hardee, BBO #221230
Bulkley, Richardson and Gelinas, LLP
1500 Main Street
Springfield, MA  01115
(413) 272-6283

Dated: Nov. 18, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2004, a true copy of the above document was served upon the attorney of record for each party by

electronic service or first-class mail and upon James F. Kenney and Susan M. Kenney, pro se, by first-class mail.

/s/ Felicity Hardee
_____

Felicity Hardee

4