EXHIBIT D

# MEMORANDUM
## OF
## TERMS AND CONDITIONS OF SALE

1.    The undersigned Purchaser (jointly and severally if more than one) hereby acknowledges having purchased at a Mortgagee's Foreclosure Sale, at public auction of Aaron Posnik & Co., Inc., Auctioneer, for the sum of $_____, the parcel of property in Belchertown, Hampshire County, Massachusetts, located at 1270 Federal Street, as more particularly described in the Mortgage from College Self-Storage, Inc., (the "Mortgagor") to Peoples Savings Bank dated November 26, 2002, and recorded in the Hampshire County Registry of Deeds in Book 6906, Page 5, of which Mortgage, J.J.B.P., LLC, a Massachusetts Limited Liability Company, is the present holder, by instrument dated May 12, 2003, and recorded as aforesaid in Book 7192, Page 62 (hereinafter the "Seller"). The premises shall be conveyed to the undersigned (the "Purchaser"), or to the nominee designated by the Purchaser, within thirty (30) days following the date of sale, (or if on that day said Registry of Deeds is not open, or on the first day thereafter that the Registry of Deeds is open) or earlier if the parties so agree, by good and sufficient Foreclosure Deed under the statutory power of sale conveying the premises as described in the Notice entitled "Mortgagee's Sale of Real Estate," (the "Notice of Sale") a copy of which is attached hereto as Exhibit "A", subject to all restrictions, easements, improvements, outstanding tax titled, municipal or other public tax titles, assessments, liens, claims, or existing encumbrances of record created prior to the Mortgage, all set forth or referred to in the Notice of Sale.

2.    The undersigned Purchaser acknowledges and agrees to comply with all of the terms of the sale as stated by the Auctioneer, and the Additional Terms of Sale which is attached hereto and made a part hereof as well as with any other terms set forth in this Memorandum.

3.    The purchase price of $_____ is to be paid in cash or by certified check or bank check, drawn on funds payable directly (and not by way of endorsement) to the order of the Seller as hereinafter described. The delivery of a deposit of $50,000.00, which has been made to bind the bargain, the receipt of which, subject to collection, which is hereby

Memorandum of Terms and Conditions of Sale
Page 2

acknowledged, shall be applied against the purchase price, or otherwise accounted for at the time and place of delivery of the Deed, and shall be forfeited to the use of the Seller in the even that the Purchaser shall fail to comply with the terms of this agreement, but such a forfeiture shall not relieve the Purchaser from the purchase or obligations hereunder.

4.     The balance is to be paid as aforesaid within thirty (30) days of the date of sale, thereafter to be deposited in escrow with the law firm of Weiner Law Firm, P.C., 95 State Street, Suite 918, Springfield, Massachusetts 01103, pending recording of the Deed which is to be delivered, accepted and recorded within ten (10) days thereafter. The Purchaser shall be responsible for all reasonable closing costs, state documentary stamps and recording fees.

5.     The Deed shall be delivered and the consideration paid at the offices of Weiner Law Firm, P.C., 95 State Street, Suite 918, Springfield, Massachusetts 01103, on a date fixed for conveyance, or at such other place or hour as the parties hereto shall in writing agree, it being agreed that time is of the essence of this agreement.

6.     The Property shall be conveyed by the usual Mortgagee's Deed (Massachusetts General Laws Chapter 183, Appendix From 11) under the statutory power of sale.

7.     The property and fixtures shall be conveyed "as is" and "where is" and with all faults subject to the present manner of use and occupancy of the Property, and the Seller makes no representation or warranty as to the condition of the same.

8.     Buyer acknowledges and agrees with the Seller that with respect to the Property, Seller has not, does not, and will not make any warranties or representations, express or implied, or arising by operation of law, including, but in no way limited to, any warranty of condition, merchantability, habitability or fitness for a particular use, or with respect to the value, profitability or marketability of the Property.

9.     Buyer acknowledges that Seller does not and will not make any representation or warranty with regard to compliance with any environmental protection, pollution and land use laws,

Memorandum of Terms and Conditions of Sale
Page 3

rules, regulations, orders or requirements, including but not limited to those pertaining to the handling, generating, treating, storing, or disposing of any hazardous waste or substance.

10.    Notwithstanding the foregoing, the Seller shall not be required to take any action or to comply with any law or municipal ordinance, orders or requirements noted in or issued by any department of building, fire, labor, health, or other federal, state, county, municipal or other governmental agencies having jurisdiction over or affecting the Property on the date hereof. Specifically, but not in limitation of the foregoing, Seller shall not be responsible pursuant to G.L. c. 148, § 26F for the provision of smoke detectors. Any and all costs incurred pursuant to the foregoing shall be borne by the Buyer and not by the Seller.

11.    The Buyer acknowledges that the Buyer has been informed of the existence and the provision of the so-called Massachusetts Lead Paint Statute, Massachusetts General Laws, Chapter 111, Section 197 et seq., and has been provided with a so-called "lead paint modification package" with respect to the removal of lead paint from residential premises occupied by a child or children under six years of age. The Buyer acknowledges that the Seller has made no representation or warranty with respect to the presence or absence of lead paint in the property and the Buyer agrees that the responsibility and cost, if any, of complying with said statute shall be borne solely by the Buyer.

12.    The Property shall be conveyed and transferred subject to any outstanding tenancies and/or leases, the rights of parties in possession, and to tax title, municipal taxes and assessments, any outstanding water or sewer bills or liens, the provisions of applicable state and local law, including building codes, zoning ordinances and G.L. c. 21E.

13.    If the Seller shall be able to give title or make conveyance as above stipulated, or, if for any reason, including, without limiting the generality of the foregoing, the existence of a bankruptcy proceeding of any kind, whether voluntary or involuntary, or any order or

Memorandum of Terms and Conditions of Sale
Page 4

requirement in connection therewith, or any requirement a court competent jurisdiction, impairs the authority of the Seller to give title or make conveyance hereunder, said deposit shall be refunded and thereupon all obligations of either party hereunder shall cease, and this agreement shall be void and without recourse to either party, provided, however:

A.     If, on the date fixed above for conveyance, a period of thirty (30) days shall not have expired after written notice from the Purchaser of a defect in title, the time for performance shall, if the Seller so elects, be extended until the expiration of such period to enable the Seller to make reasonable efforts to cure such defect; and

B.     If the Purchase so elects, at either the original or extended time for performance, to pay said purchase price without deductions for defects in title, the Seller shall convey such title as the Seller has to the premises.

14.     Until the delivery of the Deed, Seller shall continue to maintain insurance on the premises against fire and other hazards are presently insured. If the parties shall have been damaged by fire or casualty insured against, the Seller shall, unless the Seller has previously restored the premises to their former condition, pay over or assign to Purchaser, on delivery of the Deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the Seller for partial restoration.

15.     In the event the premises contains an on-site sewage system, the Seller shall not be responsible for complying with the Commonwealth of Massachusetts regulations pertaining thereto at its own cost by obtaining an inspection of the system, and if necessary, repairing and/or replacing the seqage system components in order to bring the system into compliance with the Code of Massachusetts Regulations Ch. 310 CMR 15.00.

16.     The property shall be conveyed in "as is" condition, subject to the present manner of use and occupancy of the Property. The Buyer acknowledges that Buyer has not been influenced to enter this transaction by, nor has it relied upon, any warranties or representations of the Seller or the Auctioneer not set forth or incorporated in this Memorandum.

Memorandum of Terms and Conditions of Sale
Page 5

17.    If the Buyer shall fail to fulfill the Buyer's agreements herein, all deposits made hereunder by the Buyer shall be retained by the Seller and the Buyer shall reimburse the Seller for all costs and expenses incurred by the Seller, in excess of the amount of the deposit, due to the Buyer's default, including the costs and expenses of subsequent sales of the Property or any portion thereof and attorneys' and auctioneers' fees in connection with therewith. The Seller shall also be free to sell the Property to the second highest bidder at the public auction in accordance with the terms announced at the public auction.

18.    The acceptance of the Foreclosure Deed by Purchaser shall be deemed to be a full performance and discharge of every agreement and obligation of Seller.

Executed under seal this      day of March, 2005.

Purchaser

_____

Seller, J.J.B.P., LLC,

_____
By:
Its:

ANNOUNCEMENT OF OTHER TERMS AND CONDITIONS OF FORECLOSURE SALE
AT PUBLIC AUCTION OF THE PREMISES DESCRIBED IN A MORTGAGE GIVEN BY
COLLEGE SELF-STORAGE INC. TO PEOPLES SAVINGS BANK OF THE PREMISES
DESCRIBED IN SAID MORTGAGE AND KNOWN AS 1270 FEDERAL STREET,
BELCHERTOWN, MASSACHUSETTS

You have heard the reading of the Mortgagee's Sale of Real Estate.

This real estate is being sold at public auction for the purpose of foreclosing the mortgage given
by College Self Storage to Peoples Savings Bank dated November 26, 2002 and recorded in the
Hampshire County Registry of Deeds, of which mortgage, JJBP, LLC is the present holder, as
specified in the Mortgagee's Sale of Real Estate, and will be sold to the highest bidder who
complies with the terms of that notice and of this Announcement, and makes the required deposit
of $50,000.00 Dollars, and signs the Memorandum of Mortgagee's Sale of Real Estate. This
Announcement, the Mortgagee's Sale of Real Estate, and the Memorandum of Mortgagee's Sale
of Real Estate are referred to throughout this announcement as the "Sale Documents".

The premises described in the mortgage are being sold:

1.    Subject to any facts that would be disclosed by an accurate survey of the premises.
2.    Subject to any facts disclosed by an environmental survey of the premises pursuant to
      Massachusetts General Laws Chapter 21E, and to all laws, rules and regulations relating
      to environmental matters and hazardous waste material.
3.    Subject to all pertinent state or municipal rules, regulations, codes and bylaws applicable
      to the premises.
4.    Subject to and with the benefit of all restrictions, rights of way, easements, riparian rights
      and rights of flowage of record to the extent the same are in force and applicable,
      improvements, outstanding tax titles, municipal or other public taxes, assessments, liens or
      claims in the nature of liens, and existing encumbrances of record created prior to the
      mortgage and having preference over the mortgage, if any.
5.    34,600.00 additional square footage of space has been approved by the Belchertown
      Planning Board for additional storage units.

We have obtained a Municipal Lien Certificate from Town of Belchertown dated March 7, 2005
which reveals the following tax information:

                Total outstanding taxes $15,443.27 plus per diem of $4.49

There may be additional interest and charges due on this amount as of the day of closing. Neither
the Mortgagee or the Auctioneer make any warranty or representation as to the accuracy or
completeness of this tax information, and the payment of the amount recited will be the sole
responsibility of the high bidder. The lien certificate is available for inspection at this time.

The high bidder will be responsible for all recording costs, for the cost of Massachusetts revenue
documentary tax stamp, and for all of its closing costs. Title to the property will be conveyed by

Foreclosure Deed under statutory power of sale, subject to all matters of record and matters specified in the Sale Documents.

The property is being sold in "As Is" condition and as presently occupied, and the high bidder has made such inspection of the property as desired, and the property is acceptable in its "As Is" condition. The Mortgagee makes no representations or warranties as to the following matters: the condition of the property; compliance of the property with applicable state or local building and housing codes, regulations or ordinances; zoning or planning board regulations or ordinances; state of title; outstanding charges for water and sewer or other utilities; compliance with federal, state or local environmental laws and regulations; and the amount owed to the holder of a senior mortgage, if any.

The Mortgagee may bid at the sale through its authorized agent, who will not be required to pay the deposit specified in the Mortgagee's Sale of Real Estate. The sale shall not be complete until the high bidder has paid the required deposit and signed the Sale Documents where necessary.

The high bidder shall forfeit its deposit if it defaults in its purchase of the property according to the terms of the Sale Documents. The Mortgagee may then, at its option, sell the property to the second high bidder, provided that the second high bidder pays the required deposit to the Mortgagee's attorney within three (3) business days of being notified in writing of the default of the high bidder. The second high bidder shall then be required to complete its purchase of the property within thirty (30) days of the date of the notice, and in accordance with the terms of the Sale Documents.

All bidders should take into consideration that this sale is subject to all of the foregoing, and that time is of the essence of this Announcement and of each and every term of the Sale Documents.

Executed as a sealed instrument on March ___, 2005.

BUYER/HIGH BIDDER

_____
Signature

_____
Name (print)

_____
Address

_____
Telephone No.

AUCTIONEER

JJBP, LLC
By its Attorney

Gary M. Weiner, Esq.
95 State Street, Suite 918
Springfield, MA 01103
Tel. No. 413-732-6840
Fax. No. 413-785-5666

EXHIBIT E

2004 00028283
Bk: 7989Pg: 170 Page: 1 of 5
Recorded: 09/16/2004 02:33 PM

### MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, THAT COLLEGE SELF-STORAGE, INC., with a principal place of business located at 1270 Federal Street, Belchertown, Massachusetts (herein the "Mortgagor") for consideration paid, hereby grants unto HENDEL & COLLINS, P.C., a professional corporation duly established under the laws of the Commonwealth of Massachusetts with a principal business address of 101 State Street, Springfield, Massachusetts (herein the "Mortgagee"), with mortgage covenants, to secure the payment of all attorneys fees and expenses due to the Mortgagee by Mortgagor and Keep Safe Self-Storage, Inc. ("Keep Safe") as of the date of this Mortgage (hereinafter "Existing Balance"), to secure the payment of attorneys fees and expenses that may be incurred by the Mortgagor and Keep Safe to the Mortgagee in the future, and to secure the performance of all agreements herein contained, the following described land with the structures thereon situated in Belchertown, Hampshire County, Massachusetts (herein the "mortgaged premises"):

Bounded and described as follows:

A certain parcel of land situated on the easterly side of Federal Street, Belchertown, Hampshire County, Massachusetts and shown on a plan entitled "Plan of Land in Belchertown, MA prepared for College Storage, Inc." recorded in Hampshire County Registry of Deeds in Plan Book 189, Page 124, to which Plan reference may be had for a more particular description.

Containing 523,756 square feet or 12.023 acres, according to said Plan.

SUBJECT to all liens and encumbrances of record.

BEING the same premises conveyed to Grantor herein by deed of Keep Safe Self-Storage, Inc., dated May 12, 2003, and recorded in the Hampshire County Registry of Deeds Book 7190, Page 34.

Also, insofar as the same are, or can by agreement of the parties be made, a part of the realty, all of the following articles now or hereafter on the above-described premises or used therewith:

Portable or sectional buildings; bathroom, plumbing, heating, lighting, refrigerating, ice making, ventilating and air conditioning apparatus and equipment; garbage incinerators and receptacles; elevators and elevator machinery; boilers; stoves; tanks; motors; sprinkler, smoke and heat detector and fire extinguishing systems; gas and

electric systems; door bell and alarm systems; window
shades; screens; awnings; screen doors; storm and other
detachable windows and doors; mantels; built-in cases,
counters, closets, chests of drawers and mirrors; tree,
hardy shrubs and perennial flowers; and other fixtures
whether or not included in the foregoing enumeration.

The Mortgagor hereby guarantees the full payment to
Mortgagee of all sums due to Mortgagee from Keep Safe, including
costs of collection and reasonable attorney's fees.  The
Mortgagor also covenants: to pay when due all taxes, charges,
assessments and ground rents, if any, and water rates to
whomsoever laid or assessed, whether on the mortgage premises or
on any interest or on the debt or obligation secured hereby; to
keep the buildings now or hereafter on the mortgaged premises
insured against fire and such other casualties and contingencies
as the holder may from time to time require; to keep the
mortgaged premises in such repair, order and condition as the
same now are or may hereafter be put, reasonable wear and tear
and damage by fire only excepted; and not to permit or suffer any
strip or waste of the mortgaged premises, nor any violation of
any law or ordinance affecting the same or the use thereof.

Mortgagor covenants that the mortgaged premises shall always
conform to any applicable state, federal and other law and to the
ordinances and other laws of the city or town in which the
mortgaged premises are located.

The Mortgagor further covenants as follows: in case any
default in any condition of this mortgage shall exist, the entire
mortgage debt shall become due at the option of the holder; no
sale of the premises hereby mortgaged, no forbearance on the part
of the holder, and no extension whether oral or in writing of the
time for the payment of the whole or any part of the debt hereby
secured or any other indulgence given by the holder to any
persons other than the Mortgagor, shall operate to release or in
any manner affect the original liability of the Mortgagor, notice
of any such extensions or indulgences being waived; and in case
redemption is had by the Mortgagor after foreclosure proceedings
have been begun the holder shall be entitled to collect all
costs, charges and expenses incurred up to the time of
redemption; and in case of foreclosure sale the holder shall be
entitled to the costs, charges and expenses allowed under the
Statutory Power of Sale.

The Mortgagor hereby authorizes the holder to pay all taxes,
assessments and ground rents, if any, and water rates, with
interest, costs and charges accrued thereon which may at any time
be a lien upon the mortgaged premises or any part thereof; to pay

2

the premiums for any insurance required hereunder; to incur
reasonable expenses at all times in protecting its security; to
pay any balance due under any conditional agreement or sale on
any articles and fixtures included as a part of the mortgaged
premises, and to add all sums so paid to the principal sum
secured hereby; and the holder may apply to any of these purposes
any sums paid hereunder by the Mortgagor as interest or
otherwise.

For purposes of this agreement, the term "Liabilities" as
used herein, shall include without limitation (unless as
specifically excepted below) any and all liabilities, debts and
obligations of the Mortgagor and Keep Safe to the Mortgagee,
including those referenced above and all liabilities, debts and
obligations of each and every endorser or guarantor of the
obligations of the Mortgagor to the Mortgagee of every kind and
description, of any kind, nature or description now existing or
arising in the future, and whether secured or unsecured, direct
or indirect, absolute or contingent, or by reasons of any cause
of action which the Mortgagee may have against the Mortgagor.
The term "Liabilities" shall also include all interest and other
charges chargeable to the Mortgagor or due from the Mortgagor to
the Mortgagee from time to time, and all costs or expenses
incurred or paid by the Mortgagee to enforce this or any other
agreement between the Mortgagor and the Mortgagee, including
without limitation (unless as specifically excepted below), all
the Mortgagee's executive, administrative and staff costs and
expenses above and beyond those which would normally be incurred
in a transaction similar to that between the Mortgagor and the
Mortgagee.  As used herein, the term "indirect" includes without
limitation (unless as specifically excepted below), all
obligations and liabilities which the Mortgagee may incur or
become liable for on account of or as a result of any financial
transactions between the Mortgagor and the Mortgagee.  As used
herein, the term "Indebtedness" includes without limitation
(unless as specifically excepted below), any and all loans,
advances and other credits may at any time by the Mortgagee to or
on account of the Mortgagor and includes all liabilities and
obligations of a financial nature and all costs, costs of
collection, attorney's fees and any other amounts paid by the
Mortgagee on behalf of the Mortgagor or on account of the
Mortgagor's transactions with the Mortgagee.

Notwithstanding anything to the contrary herein or elsewhere,
the terms "Liabilities" and "Indebtedness" shall not include
indebtedness (except indebtedness under any promissory note(s)
specifically described or referred to in this mortgage as secured
thereby) arising out of transactions subject to regulation under
M.G.L. Chapter 140D and Title I of the Federal Consumer

3

Protection Act. Nothing contained in this paragraph shall, however, affect or impair any right of the holder in the event of default by any maker, co-maker, endorser or guarantor in any obligation to the holder whatsoever to institute legal proceedings, at law or in equity, in which an attachment of, or levy on, the real and personal property of the Mortgagor may be made to the extent and in the manner otherwise permitted by law.

The unpaid balance of the obligations due may be declared immediately due and payable at the option of the Mortgagee (a) if the property or any part thereof or any interest therein is sold, transferred, encumbered, or conveyed without the prior written consent-of the Mortgagee in any manner whatsoever, whether voluntary or involuntary, (b) if any ownership interest of Mortgagor is assigned, conveyed, hypothecated, or transferred in any manner whatsoever. Furthermore, interest shall accrue on the Existing Balance and all other sums due at the rate of eight percent (8%) per annum until paid.

The Mortgagee (or its authorized agent(s)) may make or cause to be made reasonable entries upon and inspections of the mortgaged premises, provided that the Mortgagee shall give the Mortgagor notice (written or oral) prior to any such inspection specifying reasonable cause therefor related to Mortgagee's interest in the mortgaged premises.

All remedies provided in this mortgage are distinct and cumulative to any other right or remedy under this mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively.

The rights and obligations hereunder shall be governed by the laws of the Commonwealth of Massachusetts. In the event that any provision of clause of this mortgage or the Agreement and/or Guaranty(s) secured hereby conflicts with applicable law, such conflict shall not affect other provisions of this mortgage or said note(s) which can be given effect without the conflicting provision, and to this end the provision of this mortgage are declared to be severable.

The word "holder" as used herein shall be construed as descriptive of the Mortgagee named herein and of any subsequent holder or holders hereof; and the word "Mortgagor" as used herein shall be construed as descriptive of the Mortgagor or Mortgagors named herein and of any subsequent owner or owners of the equity of redemption of the mortgaged premises.

All of the within covenants and agreement so of the Mortgagor are made by the Mortgagor or Mortgagors named herein

4

for themselves, their heirs, executors, administrators, successors and assigns.

   **This mortgage is upon the STATUTORY CONDITION and upon further condition that all covenants on the part of the Mortgagor herein contained shall be kept fully performed for any breach of which conditions the holder shall have the STATUTORY POWER OF SALE.**

     IN WITNESS WHEREOF, the said COLLEGE SELF-STORAGE, INC. has hereunto set the hand and seal, this _16_ day of September, 2004.

Signed and sealed
in presence of:

                                              COLLEGE SELF-STORAGE, INC.


WITNESS                                       By: _____
                                                 JAMES F. KENNEY, Its President


WITNESS                                       By _____
                                                 JAMES F. KENNEY, Its Treasurer



                    COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                  September _16_, 2004

     Then personally appeared before me the above-named JAMES F. KENNEY, known to me and whose identity I confirmed by reviewing his Massachusetts Drivers' License, and acknowledged the foregoing to be his free act and deed on behalf of College Self-Storage, Inc., before me


                              _____
                              Lina A. Hogan    Notary Public

                    My Commission Expires: 10/3/08

ATTEST: HAMPSHIRE, _____, REGISTER
                    MARIANNE L. DONOHUE

# EXHIBIT F

Case 3:04-cv-30060-MAP    Document 70-4    Filed 04/04/2005    Page 17 of 18



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

---

### *COLLEGE SELF - STORAGE, INC.* Summary Screen

Help with this form

| Request a Certificate |
| --- |

**The exact name of the Domestic Profit Corporation:** COLLEGE SELF - STORAGE, INC.

**Entity Type:** Domestic Profit Corporation

**Identification Number:** 000752963

**Old Federal Employer Identification Number (Old FEIN):** 000000000

**Date of Organization in Massachusetts:** 05/10/2001

**Current Fiscal Month / Day:** 12 / 31          **Previous Fiscal Month / Day:** 00 / 00

**The location of its principal office in Massachusetts:**
No. and Street: 37 MAIN ST.
City or Town: BELCHERTOWN          State: MA          Zip: 01007          Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:          State:          Zip:          Country:

**The name and address of the Registered Agent:**
Name:
No. and Street:
City or Town:          State:          Zip:          Country:

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
| --- | --- | --- | --- |
| PRESIDENT | JAMES F. KENNEY | 72 OAKRIDGE DR.,<br>BELCHERTOWN, MA 01007 USA<br>72 OAKRIDGE DR.,<br>BELCHERTOWN, MA 01007 USA | |
| TREASURER | JAMES F. KENNEY | 72 OAKRIDGE DR.,<br>BELCHERTOWN, MA 01007 USA<br>72 OAKRIDGE DR.,<br>BELCHERTOWN, MA 01007 USA | |

| | SECRETARY | JAMES F. KENNEY | 72 OAKRIDGE DR., BELCHERTOWN, MA 01007 USA 72 OAKRIDGE DR., BELCHERTOWN, MA 01007 USA | |

**business entity stock is publicly traded:** __

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share Enter **0** if no Par | Total Authorized by Articles of Organization or Amendments *Num of Shares    Total Par Value* | Total Issued and Outstanding *Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

__ Consent    __ Manufacturer    __ Confidential Data    __ Does Not Require Annual Report

**X** Partnership    __ Resident Agent    **X** For Profit    __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Administrative Dissolution
Annual Report
Application for Reinstatement
Application For Revival

View Filings        New Search

**Comments**

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

Help