April 7, 2005

Judge Michael A. Ponser
Judge Kenneth P. Neiman
U.S. District Court
1550 Main St.
Springfield, Ma. 01115

Re: Civil Action No. 04-30060 MAP, Civil Action No. 04-30060-KPN

Dear Judge Neiman:

    I have enclosed my response to Attorney Felicity Hardee's submission of April 4, 2005. I will present for your review addendum A as my response.

    I also wish to state for the record that both my husband and myself find her paperwork to be once again as so many times in the past, to be an outright skew of the truth and facts.

    I have, as of this date, completely funded the bankruptcy court approved plan (see addendum A, attached hereto) for reorganization of my companies, Keep Safe- Self Storage, Inc. and College Self-Storage, Inc. The final monies needed would have been provided sooner if it were not for the continued actions, in our opinion, of Attorney Hardee creating an environment locally to scare away renters from my business.

    It is our understanding that Attorney Hardee's firm represents or has represented various local town governing boards and has employees of her firm that live in Belchertown. Thus, Attorney Hardee has a broad base of contacts to which she can utilize to create such an environment. These items along with other issues has allowed her, in our opinion, to successfully cause my husband to lose various construction opportunities and create an environment that prevent people from renting my storage units and thus a loss of revenue.

    Finally, the fact that I allow my husband to be an officer in my companies has no bearing on a control or ownership issues. I would strongly suggest that Ms. Hardee be better educated in corporate law before she again starts making her representations that, as in the past on so many occasions are incorrect.

    I have respectfully submitted for your review and information, Attorney George Roumeliotis motion Addendum A, that is presented in a much more eloquent fashion than my husband or I can do.

Respectfully;

Susan M. Kenney

# ADDENDUM A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re<br><br>KEEP SAFE SELF-STORAGE, INC.<br>COLLEGE SELF-STORAGE, INC.<br><br>                Debtors | Chapter 11, No. 03-42756-HJB<br>(Confirmed Jointly Administered) |

### MOTION FOR ORDER ENFORCING TERMS OF CONFIRMED PLAN OF REORGANIZATION AND DETERMINING THAT CHESWELL, INC. HAS NO INTEREST IN REAL ESTATE CLOSING PROCESS OR USE OF FUNDS

To the HONORABLE HENRY J. BOROFF, Bankruptcy Judge:

Now come the confirmed Debtors, KEEP SAFE SELF-STORAGE, INC. ("Keep Safe") and COLLEGE SELF-STORAGE, INC. ("College"), and, respectfully request the entry of an Order enforcing the terms of their confirmed First Amended Joint Plan of Reorganization. In support thereof, the Debtor represents as follows:

1. On May 12, 2003 ("Petition Date"), Keep Safe and College (hereinafter jointly referred to as "Debtors") filed Voluntary Petitions seeking relief under the provisions of Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of Massachusetts.

2. On May 23, 2003, this Court entered an Order providing for the joint administration of the Debtors' cases.

3. On March 3, 2004 ("Confirmation Date"), the Court entered an Order ("Confirmation Order") confirming the Debtors' First Amended Joint Plan of Reorganization ("Plan").

4. The Plan called for one of the Debtors' shareholders, Susan M. Kenney, to make a deposit in the amount of $45,000.00, to be held by Hendel & Collins, P.C., from which the payment of administrative expenses, including professional fees, the Chapter 11 Trustee's fees, and priority creditors would be made. In exchange for that infusion, Susan M. Kenney would become the 100% owner of all the equity interests in the corporations. An initial payment of $35,000.00 was deposited soon after the entry of the Confirmation Order, and from this amount, all initial disbursements required by the Plan from said fund were made. Also from said amount, however, one payment of $6,379.80 was made to the Debtors' principal secured creditor, JJBP, LLC, on account of the first payment due to said creditor after the effective date of the Plan. That payment was originally to be paid from post-confirmation cash flow, but cash flow at that time did not permit it. The fact that the full $45,000.00 was not deposited harmed no creditor with an allowed claim except for Debtor's counsel, Hendel & Collins, P.C., which is still owed the sum of $17,077.65 on account of allowed fees and expenses for services rendered up to the Confirmation Date. Accordingly, the net amount of $28,620.20 of the $45,000.00 payment called for by the Plan has been paid.

5. Additional legal fees and expenses have accrued since the Confirmation Date, and Hendel & Collins, P.C., has received a mortgage from the Debtor College Self-Storage, Inc. ("College") on its real estate to secure all unpaid amounts, which mortgage is junior to all other liens referred to in the Plan. As the payment of the outstanding balances owed to Hendel & Collins, P.C., have been resolved as aforementioned, and all other parties that would have been paid from the Plan Confirmation Account have been paid or have waived their claims against the Debtors, the Debtors did not believe that it was necessary for the Plan Confirmation Account to be paid to the full amount called for under the Plan.

2

6. However, as it is arguable that Susan M. Kenney may not be considered to be the sole equity interest holder in the Debtors as the full amount called for under the Plan was not initially made, she has now deposited with Hendel & Collins, P.C. the balance called for by the Plan.

7. Accordingly, by operation of the Confirmation Order, Susan M. Kenney is the owner of 100% of the shareholder interests in College Self-Storage, Inc. and Keep Safe Self-Storage, Inc.

8. Business at the Debtors' self-storage business subsequent to the Confirmation Date did not prove to be as profitable as projected. Rentals deteriorated, resulting in dampened cash flow. The business became unable to maintain the payments required by the Plan to the allowed claim holders, including JJBP, LLC.

9. Ultimately, on March 24, 2005, JJBP, LLC conducted a foreclosure sale of the real estate owned by College, at which the high bid was $1,250,000.00, more than enough to pay all the secured debt on the property. As mentioned earlier, this secured debt includes the mortgages given to the holders of allowed claims that were not paid in cash upon confirmation, with the required interest. Accordingly, all of the allowed claims will be satisfied from the proceeds of the sale.

10. Since the Confirmation Date, the confirmed Debtors have incurred new obligations, some of which are still outstanding. Among said obligations are the quarterly fees due to the U.S. Trustee's Office, which are believed to be the minimum amounts due per quarter.

11. The president, treasurer and clerk of College is James F. Kenney. These corporate positions were held by Mr. Kenney

both before and after the Confirmation Date, completely consistent with the Disclosure Statement approved by this Court (Page 29 of the Disclosure Statement). Mr. Kenney has been involved in ongoing litigation pursued by Cheswell, Inc. ("Cheswell"), an affiliate of Wesfield Construction, Inc. ("Wesfield"). Wesfield is the holder of one of the allowed claims in the College and Keep Safe bankruptcy cases, and will be paid in full from the proceeds of the sale of the College real estate. Cheswell has never held a claim against either of the confirmed Debtor corporations.

12. Both Wesfield and Cheswell are represented by Felicity Hardee of Bulkley, Richardson & Gelinas, LLP, of Springfield, Massachusetts. A few days ago, Ms. Hardee (on behalf of Cheswell) filed a Motion for Deposit in Court and Request for Expedited Hearing ("Deposit Motion") with the U.S. District Court in Springfield (in which Court the ongoing Cheswell litigation is pending), supported by an Affidavit signed by Ms. Hardee. A copy of the Deposit Motion and Affidavit are attached hereto as Exhibit "A".

13. The Deposit Motion seeks to have the excess proceeds from the foreclosure sale (after payment of the secured debt) deposited with the U.S. District Court. The rationale stated in the Deposit Motion and the Affidavit is the suggestion that James Kenney, as a potential judgment debtor of Cheswell, will receive the excess proceeds at the closing and dissipate said proceeds. The Motion states that "Mr. or Mrs. Kenney will shortly receive the proceeds of the sale of real estate owned College Self-Storage, Inc. [sic], a corporation completely controlled by Mr. Kenney", and offers as proof of such control the affidavit of Ms. Hardee, where she states simply that Mr. Kenney has been acting as president, treasurer and clerk of College, and has signed documents consistent with those positions.

4

14. It is true that Mr. Kenney is president, treasurer, and clerk of College Self-Storage, Inc., a fact that was disclosed in the Disclosure Statement. He served in those capacities both prior to and subsequent to the Confirmation Date, facts that were plainly disclosed in the plan confirmation process. The Disclosure Statement even stated that Mr. Kenney would continue operating the self-storage business. What the Affidavit significantly leaves out, however, is that Susan Kenney is the president and clerk of Keep Safe Self-Storage, Inc., and that Ms. Kenney signed the Plan and Disclosure Statement in that capacity.

15. Ms. Hardee's affidavit attempts to blur clearly defined corporate law concepts of equity ownership and officer capacity. The fact that Susan M. Kenney was 49% owner of College prior to the Confirmation Date was disclosed in the Disclosure Statement. Ms. Hardee (then on behalf of her client Wesfield Construction, Inc.) actively participated in the disclosure process and never suggested that the description of equity ownerships was inaccurate. Any suggestion made to the contrary now because Mr. Kenney is serves in officer capacities of College is fallacious. It is hornbook law that a corporation can have shareholder investors that do not take part in the day-to-day operations of a business. The entire foundation of the world's equity markets depends on that concept.

16. Furthermore, Susan M. Kenney has now fully funded the Plan Confirmation Account, which therefore results in her owning 100% of the equity interests in both corporations. The confirmed Debtors certainly hope that Cheswell will not suggest that Ms. Kenney lacks the ability to own property and make investment decisions independent of her husband.

17. In the Confirmation Order, this Court retained the jurisdiction to deal with all matters pertaining to the Plan and

its interpretation. In seeking the relief requested in the Deposit Motion before the U.S. District Court, where Mr. Kenney's reputation has been called into question under circumstances familiar to this Court, Cheswell is attempting to circumvent this Court's authority.

18. The integrity of the bankruptcy process will be harmed if the spirit of a Plan of Reorganization, which called for the payment of creditor claims in full and which relies on the cash infusion of an individual to make that happen, is not enforced. Investors and lenders in the bankruptcy process need to know that when they invest into a troubled situation, they will get what was promised to them.

19. Therefore, since Susan M. Kenney is the owner of 100% of the equity interests in both College Self-Storage, Inc. and Keep Safe Self-Storage, Inc., and since the companies have incurred debts subsequent to the Confirmation Date that would have to be paid prior to any shareholder dividend being paid to Ms. Kenney, this Court should enforce the terms of the Confirmation Order and Plan and determine that Cheswell has no interest in the sale of the College real estate or the proceeds derived therefrom. It is also significant to note that College, an existing corporation, does not have to declare a dividend, and may decide to invest in another business.

20. The confirmed Debtors acknowledge that they have not sought the entry of a final decree. As stated earlier, the result of the sale of the property will be to pay all allowed claims in full, and the confirmed Debtors will be filing a Motion for Final Decree in the next few weeks once the closing takes place.

WHEREFORE, the Debtors respectfully request that the Court enter an Order enforcing the terms of the Confirmation Order and

the Plan and to determine that Cheswell and its affiliates have no interest in the process of the closing on the sale of the College real estate and the ultimate use of the funds which will represent the proceeds from such sale, except as otherwise provided in the Plan with respect to the payment of the Wesfield claim.

```
                                    KEEP SAFE SELF-STORAGE, INC.
                                    COLLEGE SELF-STORAGE, INC.

Dated:   April 7, 2005

                              By:    /s/ George I. Roumeliotis
                                    GEORGE I ROUMELIOTIS, ESQ.
                                    (BBO No. 564943)
                                    For HENDEL & COLLINS, P.C.
                                    101 State Street
                                    Springfield, MA  01103
                                    Tel. (413) 734-6411
                                    groumeliotis@hendelcollins.com
```

Z:\uRERS\cLIENT\keep Safe\Motion for Order enforcing terms of plan.doc

7

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>KEEP SAFE SELF-STORAGE, INC.<br>COLLEGE SELF-STORAGE, INC.<br><br>                   Debtors | Chapter 11, No. 03-42756-HJB<br>(Confirmed Jointly Administered) |

### CERTIFICATE OF SERVICE

    I, GEORGE I. ROUMELIOTIS, ESQ., of the law firm of HENDEL & COLLINS, P.C., 101 State Street, Springfield, Massachusetts, do hereby certify that I have served a copy of the Debtors' Motion for Order Enforcing Terms of Confirmed Plan of Reorganization and Determining that Cheswell, Inc. has no Interest in Real Estate Closing Process or Use of Funds ("Motion") and Motion for Emergency Hearing on the Motion upon those parties listed below who did not otherwise receive service thereof through the Court's ECF system, by serving in the fashion indicated below, this 7th day of April, 2005:

Stephen Meunier, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street
Worcester, MA 01608
(via email)

Felicity Hardee, Esq.
BULKLEY, RICHARDSON & GELINAS, LLP
1500 Main Street
Springfield, MA 01115
(via email)

Gary M. Weiner, Esq.
WEINER LAW FIRM, P.C.
95 State Street
Springfield, MA 01103
(via email)

MS. SUSAN M. KENNEY
72 Oakridge Drive
Belchertown, MA 01007
(via fax (without exhibits) and mail)

MR. JAMES F. KENNEY
72 Oakridge Drive
Belchertown, MA 01007
(via fax (without exhibits) and mail)

By: /s/ George I. Roumeliotis
GEORGE I ROUMELIOTIS, ESQ.
(BBO No. 564943)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
groumeliotis@hendelcollins.com

Z:\USERS\cIJFN\Keep Safe\Motion for Order enforcing terms of plan.doc

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) Chapter 11, No. 03-42756-HJB |
| | ) (Confirmed Jointly Administered) |
| KEEP SAFE SELF-STORAGE, INC. | ) |
| COLLEGE SELF-STORAGE, INC. | ) |
| | ) |
| Debtors | ) |

## MOTION FOR EMERGENCY HEARING ON MOTION FOR ORDER ENFORCING TERMS OF CONFIRMED PLAN OF REORGANIZATION AND DETERMINING THAT CHESWELL, INC. HAS NO INTEREST IN REAL ESTATE CLOSING PROCESS OR USE OF FUNDS

To the HONORABLE HENRY J. BOROFF, Bankruptcy Judge:

Now come the confirmed Debtors, KEEP SAFE SELF-STORAGE, INC. and COLLEGE SELF-STORAGE, INC., and respectfully request an emergency hearing of their Motion for Order Enforcing Terms of Confirmed Plan of Reorganization and Determining that Cheswell, Inc. has no Interest in Real Estate Closing Process or Use of Funds ("Motion"), filed contemporaneously herewith. In support thereof, the confirmed Debtors represents as follows:

1.  In the Motion, the confirmed Debtors seek an Order enforcing the terms of the confirmed Plan of Reorganization in this case, along with a determination that Cheswell, Inc., an entity that was never a creditor in this case, has no interest in the sale of real estate owned by College Self-Storage, Inc. ("College", one of the confirmed Debtors) or the proceeds from said sale.

2.  Cheswell has filed a Motion in the United States District Court for the District of Massachusetts ("District Court"), seeking an expedited hearing in that forum, for an Order directing the deposit of excess proceeds expected to be derived

from the sale of College's real estate. As explained in the Motion, Cheswell has no right to do that for a number of reasons, including the fact that this Court has reserved jurisdiction to deal with all matters connected to the Plan. However, in the absence of an Order from this Court on the Motion, College believes that the District Court will act on Cheswell's Motion when it has no jurisdiction to do so. College plans on filing responsive pleadings in the District Court based upon this Court's anticipated Order on the Motion.

3. Accordingly, the confirmed Debtors respectfully request that this Court schedule a hearing on the Motion on an emergency basis.

WHEREFORE, the confirmed Debtors respectfully request that this Court schedule a hearing on the Motion for Friday, April 8, 2005, in Springfield, or as soon thereafter as they may be heard.

Dated: April 7, 2005

KEEP SAFE SELF-STORAGE, INC.
COLLEGE SELF-STORAGE, INC.

By: /s/ George I. Roumeliotis
GEORGE I ROUMELIOTIS, ESQ.
(BBO No. 564943)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
groumeliotis@hendelcollins.com

Z:\USERS\CLIENT\Keep Safe\Motion for Order enforcing terms of plan.doc

2